# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CHRISTIE ANDREWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:21-cv-00526 |
| v. | ) |
| | ) |
| TRI STAR SPORTS AND | ) JURY DEMAND |
| ENTERTAINMENT GROUP, INC. | ) |
| | ) |
| Defendant. | ) |

## ANSWER TO COMPLAINT

Defendant Tri Star Sports and Entertainment Group, Inc. ("Tri Star" or "Defendant") hereby responds to the Complaint filed against it by Plaintiff Christie Andrews ("Andrews" or "Plaintiff"). Tri Star expressly denies all allegations of discrimination, failure to provide reasonable accommodations, and other unlawful conduct asserted in Plaintiff's Complaint.

### PARTIES

1. Upon information and belief, the allegations in paragraph 1 are admitted.

2. Admitted.

### JURISDICTION AND VENUE

3. Tri Star admits that venue is proper in this Court but denies all allegations of discrimination, harassment, retaliation or other unlawful conduct asserted in Plaintiff's Complaint, and denies that it is liable to Plaintiff for any reason. All remaining allegations are denied.

4. Tri Star is without sufficient information to admit or deny the allegations in paragraph 4 of the Complaint; thus, they are denied.

5. The Charge of Discrimination speaks for itself. Tri Star denies all allegations of discrimination, harassment, retaliation or other unlawful conduct asserted in Plaintiff's Complaint and denies that it is liable to Plaintiff for any reason. All remaining allegations are denied.

6. The Dismissal and Notice of Rights speaks for itself. Tri Star denies all allegations of discrimination, harassment, retaliation or other unlawful conduct asserted in Plaintiff's Complaint and denies that it is liable to Plaintiff for any reason. All remaining allegations are denied.

7. Admitted that this lawsuit was filed within the 90-day right to sue period. The remaining allegations are legal conclusions that do not require a response; thus, they are denied.

8. Admitted that Defendant is an employer as defined by the ADA and that Defendant operated its business within this jurisdiction during the relevant time period. The remaining allegations are legal conclusions that do not require a response; thus, they are denied.

9. Admitted.

10. Tri Star is without sufficient information to admit or deny the allegations in paragraph 10; thus, they are denied.

11. Tri Star admits that jurisdiction is appropriate in this Court but denies all allegations of discrimination, harassment, retaliation or other unlawful conduct asserted in Plaintiff's Complaint and denies that it is liable to Plaintiff for any reason. All remaining allegations are denied.

12. Tri Star admits that, through this lawsuit, Plaintiff claims she was discriminated against because of her disability and that Plaintiff is a "person". Tri Star denies that Plaintiff falls within a protected category, denies all allegations of discrimination, harassment, retaliation or

other unlawful conduct asserted in Plaintiff's Complaint, and denies that it is liable to Plaintiff for any reason. All remaining allegations are denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Tri Star admits that Plaintiff's employment was ended on March 20, 2020 as part of a company-wide layoff but denies all allegations of discrimination, harassment, retaliation or other unlawful conduct asserted in Plaintiff's Complaint and denies that it is liable to Plaintiff for any reason. All remaining allegations are denied.

**FACTUAL ALLEGATIONS**

21. Denied.

22. Admitted that Plaintiff's job title was changed to Team Coordinator after she was hired. Plaintiff was initially hired as a Client Services Specialist.

23. Tri Star admits that it took steps to limit the risk of exposure to COVID-19 in its facilities but denies that this had any negative effect on Plaintiff's health.

24. Tri Star is without sufficient information to admit or deny the allegations in paragraph 24; thus, they are denied.

25. Tri Star is without sufficient information to admit or deny the allegations in paragraph 25; thus, they are denied.

26. Denied. The referenced email speaks for itself.

3

27. Denied. The referenced email speaks for itself.

28. The referenced email speaks for itself.

29. The referenced email speaks for itself.

30. Denied.

31. Denied.

32. The referenced letter speaks for itself.

33. Denied.

34. Denied.

35. Tri Star admits that a staff meeting was held on that date. All other allegations in paragraph 35 are denied.

36. Denied.

37. Tri Star admits the allegations in paragraph 37 but denies that Yolanda Simpson and Plaintiff were the only participants on the call.

38. Tri Star admits the allegations in paragraph 38; however, the separation notice was amended to reflect that Plaintiff did not quit.

39. Admitted.

40. Tri Star admits that Plaintiff's employment was ended as part of a company-wide layoff due to lack of work. Tri Star denies that this is a pretextual reason, denies all allegations of discrimination, harassment, retaliation or other unlawful conduct asserted in Plaintiff's Complaint, and denies that it is liable to Plaintiff for any reason. All remaining allegations are denied.

41. Denied.

42. Tri Star admits that Plaintiff's employment was ended as part of a company-wide layoff but denies that this was a pretextual reason. All other allegations in paragraph 42 are denied.

4

43. Denied.

44. Denied.

45. Denied.

46. Tri Star admits the allegations in paragraph 46; however, all employees were not essential to Tri Star's business.

47. Tri Star admits that it had listed the position "team coordinator" on indeed.com at some point prior to Plaintiff's termination but denies that this was the same position held by Plaintiff.

48. Tri Star admits that the position "team coordinator" was active on indeed.com during this timeframe, but denies that the job was posted during this timeframe as it was posted prior to this timeframe and denies that this was the same position held by Plaintiff.

49. Tri Star admits that a limited number of essential employees were permitted to work from home but denies that employees who were similarly situated to Plaintiff were permitted to work from home.

## CAUSE OF ACTION

### COUNT 1 – VIOLATION OF THE ADA

50. Denied.

    a. Denied.

    b. Denied.

    c. Denied.

    d. Denied.

51. Denied.

52. Denied.

5

Case 3:21-cv-00526   Document 8   Filed 08/06/21   Page 5 of 9 PageID #: 37

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

   a. Denied.

   b. Denied.

   c. Denied.

   d. Denied.

   e. Denied.

   f. Denied.

   g. Denied.

   h. Denied.

64. Denied.

Tri Star denies that Plaintiff is entitled to the relief sought in her prayer for relief and in her Complaint. Tri Star denies any allegations not specifically admitted or denied.

# AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations or repose to the extent they concern matters occurring prior to the 300th day before Plaintiff filed her charge.

3. To the extent Plaintiff has failed to take reasonable steps to mitigate her alleged damages, any claim for monetary relief must be reduced by an amount equal to the amount of damages that could have been avoided.

4. The Complaint fails to state facts sufficient to permit the awarding of damages to Plaintiff.

5. Plaintiff's claims for damages and relief requested herein are limited in whole or part by statute.

6. To the extent that any special damages are sought, including punitive damages, Plaintiff failed to plead entitlement to special damages with the requisite specificity.

7. Plaintiff has not alleged any basis for the imposition of punitive damages.

8. Plaintiff's claims for punitive damages are barred under *Kolstad v. American Dental Association* and its progeny.

9. Each and every employment action taken by Tri Star with respect to Plaintiff was within the legitimate exercise of management discretion and business necessity, was done for legitimate, nondiscriminatory business reasons, and was done without regard to Plaintiff's disability, if any. The "but for" cause of the end of Plaintiff's employment was a lay-off, which was done in good faith.

7

Case 3:21-cv-00526   Document 8   Filed 08/06/21   Page 7 of 9 PageID #: 39

10. All personnel actions taken with respect to Plaintiff, including those challenged as discriminatory or retaliatory, were taken in good faith and were based on a reasonable belief that the actions were in compliance with all applicable employment laws.

11. Plaintiff was an at-will employee of Tri Star whose employment could be terminated at any time, for any reason or for no reason.

12. Plaintiff failed to adhere to Tri Star's policies.

13. Plaintiff does not have a disability as defined by the ADA.

14. Without admitting Plaintiff suffered damages, any damages alleged by Plaintiff must be reduced by an amount of income earned by Plaintiff subsequent to her separation of employment.

15. Plaintiff's claims may be barred by the doctrine of laches, unclean hands, waiver, estoppel and/or lack of standing.

16. Plaintiff has not timely exhausted her administrative remedies.

17. In the event that Defendant discovers or otherwise learns of evidence to which the "after-acquired" evidence doctrine applies, Plaintiff shall be then and thereafter barred or limited from recovery or remedy pursuant to said doctrine.

Tri Star reserves the right to assert any additional affirmative defenses allowed by law depending upon any evidence discovered in pursuit of this litigation. Tri Star further reserves the right to amend its answer or affirmative defenses as information becomes known to it through its investigatory and discovery proceedings in this matter.

WHEREFORE, having fully answered, Tri Star respectfully requests that this action be dismissed in its entirety and that it be awarded all costs, including attorneys' fees, incurred in the defense of this matter.

Respectfully submitted,

/s/ Tara L. Swafford
Tara L. Swafford, BPR # 17577
Thomas Anthony Swafford, BPR # 17578
Elizabeth G. Hart, BPR # 030070
The Swafford Law Firm, PLLC
207 Third Avenue North
Franklin, Tennessee 37064
Tel: (615) 599-8406
Fax: (615) 807-2355
Tara@swaffordlawfirm.com
Tony@swaffordlawfirm.com
Betsy@swaffordlawfirm.com

*Attorneys for Tri Star Sports and Entertainment Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of August 2021, a true and correct copy of the foregoing was served via the Court's electronic filing system on:

Roland Mumford
Law Offices of Roland Mumford & Assoc.
242 West Main Street, No. 223
Hendersonville, TN 37075
roland@mumfordlaw.net

/s/ Elizabeth G. Hart
Elizabeth G. Hart