UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **CHRISTIE ANDREWS,** | ) | |
| Plaintiff, | ) | Civil Action No. 3:21-cv-00526 |
| | ) | Judge Richardson/Frensley |
| v. | ) | Jury Demand |
| | ) | |
| **TRI STAR SPORTS AND** | ) | |
| **ENTERTAINMENT GROUP, INC.** | ) | |
| Defendant. | ) | |

## INITIAL CASE MANAGEMENT ORDER

A. JURISDICTION: The parties agree that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and1343. The parties agree that this Court has Federal Question jurisdiction over each of Plaintiff's claims under the Americans with Disabilities Act of 1990 and Americans with Disabilities Act Amendments Act of 2008.

B. BRIEF THEORIES OF THE PARTIES:

For Plaintiff:

The discriminatory conduct alleged herein occurred in connection with Plaintiff's employment with Defendant as a team coordinator. Plaintiff asserts she was discriminated against on the basis of her disability. Defendant failed to provide a reasonable accommodation or engage in any interactive process as required by law. Defendant failed to modify its workplace or leave policies as a form of accommodation. There was no undue hardship as Plaintiff could have worked from home. Plaintiff was terminated.

For Defendant:

Plaintiff's employment with Defendant ended as part of a company-wide reduction in force due to lack of work during the COVID-19 pandemic. Plaintiff's purported disability or request for

accommodations played no role in Defendant's decision to lay off Plaintiff. Defendant acted in good faith at all times regarding Plaintiff's employment.

      C.      ISSUES RESOLVED: Jurisdiction and venue.

      D.      ISSUES STILL IN DISPUTE: Liability and damages.

      E.      INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before Friday, October 29, 2021.

      F.      CASE RESOLUTION PLAN AND JOINT STATUS/ADR REPORTS: The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rules 16.02 through 16.05. By **June 24, 2022**, the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

      G.      DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before **June 10, 2022**. Written discovery should proceed promptly (unless otherwise provided for herein) and initial discovery shall be served by no later than November 22, 2021, with final written discovery served in time to be answered by **May 11, 2022**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the

2

Case 3:21-cv-00526  Document 12  Filed 09/20/21  Page 2 of 6 PageID #: 55

dispute. Discovery disputes that cannot be resolved after the required discussion(s) should be brought promptly to the attention of the Magistrate Judge via a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery-related motions. All discovery motions shall be filed by no later than **June 17, 2022**. In connection with any discovery conference or discovery motion, the applicable parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. The joint discovery dispute statement shall certify that lead counsel for every applicable party held the aforementioned telephonic or in-person discussion(s) and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or (a)(3) but must clearly state in the filing (made in accordance with any timing requirements set forth in Local Rule 7.01(a)(3)) that the joint statement is adopted as the party's memorandum of law or response, as the case may be.

      H.     MOTIONS TO AMEND OR TO ADD PARTIES: Any motions to amend or to add parties shall be filed by no later than **November 1, 2021** and must comply with Local Rules 7.01 and 15.01. Failure to comply with local rules may result in summary denial of the motion.

      I.     DISCLOSURE AND DEPOSITION OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before June 30, 2022. The defendant shall identify and disclose all expert witnesses and reports on or before **August 31, 2022.** Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to,

any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. See Local Rule 39.01(c)(5)(C). All experts shall be deposed by no later than September 30, 2022.

J. SUBSEQUENT CASE MANAGEMENT CONFERENCE: A subsequent case management conference shall be held on **May 9, 2022 at 9:00 a.m.**, to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and any other appropriate matters. The Parties shall call 1-877-336-1831 at the appointed time, and when prompted for the access code, enter 7039387# to participate in the Conference. If a party has difficulty connecting to the call or has been on hold for more than five (5) minutes, please contact chambers at 615-736-7344.

K. DISPOSITIVE MOTIONS: As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than November 3, 2022. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court. In all other respects, the provisions of Local Rule 56.01 shall govern.

All attorneys are required to read Judge Richardson's opinion in *McLemore v. Gumucio*, #3:19-cv-00530, 2021 WL 2400411 (M. D. Tenn. June 11, 2021), regarding what should (or

should not) be included in the Summary judgment movant's statement of undisputed material facts," and any party moving for summary judgment is expected to follow Judge Richardson's guidance as detailed in the *McLemore* opinion.

L. ELECTRONIC DISCOVERY. If the parties have reached an agreement on how to conduct electronic discovery, Administrative Order No.174-1 need not apply to this case. Any agreement between the parties to address the topics provided by Administrative Order No. 174-1 must be reduced to writing, signed by counsel, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as a proposed agreed order with an accompanying motion for approval. In the absence of an agreement, the default standards of Administrative Order No. 174-1 will apply.

M. MODIFICATION OF CASE MANAGEMENT ORDER. Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

N. **REQUESTS TO SEAL DOCUMENTS OR PORTIONS OF DOCUMENTS.** Any party requesting that documents or portions of documents be sealed, including without limitation for use as exhibits at trial, must file a motion to seal in accordance with Section 5.07 of Administrative Order No. 167 (Administrative Practices and Procedures for Electronic Case Filing) and Local Rule 7.01, which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, even if unopposed, must specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations. Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access. Failure to comply with these procedures or to provide sufficiently compelling reasons may result in denial of the request to seal documents or portions of documents. Protective orders should not provide that documents produced in discovery and designated as "confidential" will be automatically sealed upon filing or if used at trial. Any such language in proposed protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.

O. **ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:** The jury trial of this action is expected to last approximately 4 to 5 days. A trial date no earlier than **April 11, 2023**, is respectfully requested. An order setting dates for trial and a pretrial conference, and detailing the parties' pretrial obligations, will be entered separately by Judge Eli J. Richardson.

**IT IS SO ORDERED.**

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**

6
Case 3:21-cv-00526   Document 12   Filed 09/20/21   Page 6 of 6 PageID #: 59