IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| **CHRISTIE ANDREWS,** | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 3:21-cv-00526 |
| | ) | |
| v. | ) | Judge Eli J. Richardson |
| | ) | Magistrate Judge Jefferey S. Frensley |
| **TRI STAR SPORTS AND** | ) | |
| **ENTERTAINMENT GROUP, INC.,** | ) | |
| | ) | **JURY DEMAND** |
| Defendant. | ) | |

### TRI STAR SPORTS AND ENTERTAINMENT GROUP, INC.'S
### MOTION FOR ENTRY OF PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), Defendant Tri Star Sports and Entertainment Group, Inc. ("Tri Star" or "Defendant") respectfully moves this Court for entry of the proposed Protective Order attached as Exhibit A, for good cause shown.

Fed. R. Civ. P. 26(c) allows "any person from whom discovery is sought" to "move for a protective order" to limit disclosure of certain information in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). Pursuant to this Rule, the Court may forbid or specify terms for the disclosure of certain information, "designat[e] the persons who may be present while the discovery is conducted", or "requir[e] a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]" Fed. R. Civ. P. 26(c)(1).

This Court has taken "judicial notice that blanket protective orders are commonly entered in litigation in this district . . . to allow the parties to designate certain information as confidential without a requirement that the court review each piece of information before that designation." *Gunn v. BRP, Inc.*, *slip op.*, 2020 WL 11191822, *1 (M.D. Tenn. Aug. 20, 2020). Such orders are

1

important and practical as they "allow discovery to move forward without unnecessary delay." *Id.* (quoting *Ruiz-Bueno v. Scott*, 2013 WL 6122399, *2 (S.D. Ohio Nov. 21, 2013)). Blanket protective orders "empower parties", allowing them to determine whether documents should be designated as confidential and, thus, maintain secrecy at the discovery stage. *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016); *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x 202, 207 (6th Cir. 2016).

This Court has identified the following factors as important in a protective order: "mutuality, procedures for objections and the ability of the receiving party to utilize information designated confidential under the protective order for the purposes necessary in the litigation." *Gunn*, 2020 WL 11191822 at *1. The Sixth Circuit has specifically recognized a party's "valid interest in the privacy of nonparty personnel files[.]" *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 365 (6th Cir. 1999). In this Circuit, "protective orders are commonly granted . . . as a means of protecting the privacy interests of nonparties while yet serving the needs of litigation . . . and to protect nonparties from the harm and embarrassment potentially caused by nonconfidential disclosure of" otherwise confidential information. *Id.* (citing 8 Wright & Miller, § 2041, 538; *Donald v. Rast*, 927 F.2d 379 (8th Cir. 1991); *Petz v. Ethan Allen, Inc.,* 113 F.R.D. 494, 497 (D. Conn. 1985)).

This litigation involves confidential commercial information, including internal policies and communications, the disclosure of which could be extremely harmful to Tri Star. It also involves nonparty personal and personnel information, the disclosure of which could cause harm or embarrassment to nonparties. For example, Plaintiff seeks personnel files, home addresses, personal email addresses, personal cell phone numbers, and health information for many Tri Star employees. Plaintiff has also indicated that she will seek information that may be governed by an

2

Case 3:21-cv-00526   Document 18   Filed 02/17/22   Page 2 of 5 PageID #: 75

existing confidentiality or non-disclosure agreement. This category of information has been specifically recognized as worthy of a protective order. *See Gunn*, 2020 WL 11191822 at *2.

All of this information should be treated as confidential at this stage. Moreover, a New York Times reporter attended the Case Management Conference in this matter, which further supports the need for a protective order to safeguard confidential information that may be exchanged in discovery. Without a protective order in place, Tri Star will be forced to bring confidential documents or information to the Court's attention one by one, which would be inefficient and expensive for both parties.

The proposed Protective Order allows both parties to designate information as "confidential", contains clear procedures to challenge confidential designations, and allows the parties to use confidential information in this litigation. Tri Star is not requesting to withhold production of documents or information, only to designate limited information as confidential in order to protect it from unnecessary disclosure. Further, the protective order does not call for information to be automatically filed under seal, which would require a much more stringent analysis. *See Beauchamp*, 658 F. App'x at 207. Rather, to file a document under seal, the parties must follow the specific procedure outlined in the Initial Case Management Order, dated September 20, 2021. (Doc. 12.)

Counsel for Defendant conferred with counsel for Plaintiff by phone and email regarding the proposed order. Plaintiff's counsel would not agree to several of the provisions in the proposed protective order and, after trying to compromise, the parties reached an impasse. Entry of the proposed Order will allow the parties to exchange confidential documents freely and to address individual concerns about sealing documents if and as they arise. The Order will allow discovery

to move forward efficiently without the need for intervention from this Court. For these reasons, Tri Star respectfully requests that the attached proposed Protective Order be entered in this matter.

Respectfully Submitted,

/s/ Elizabeth G. Hart
THE SWAFFORD LAW FIRM, PLLC
Tara L. Swafford BPR # 17577
Thomas Anthony Swafford, BPR # 17578
Elizabeth G. Hart, BPR # 30070
321 Billingsly Court, Suite 19
Franklin, Tennessee 37067
Telephone: (615) 599-8406
Facsimile: (615) 807-2355
tara@swaffordlawfirm.com
tony@swaffordlawfirm.com
betsy@swaffordlawfirm.com

*Attorneys for Tri Star Sports & Entertainment Group, Inc.*

**CERTIFICATE OF CONFERENCE**

I hereby certify that I conferred with counsel for Plaintiff by email and phone in an effort to resolve this dispute without court action, but those efforts were unsuccessful.

/s/ Elizabeth G. Hart
Elizabeth G. Hart

4

**CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing document has been served via the Court's Electronic Filing System on:

Roland Mumford
Law Offices of Roland Mumford & Assoc.
242 West Main Street, No. 223
Hendersonville, TN 37075
roland@mumfordlaw.net

Daniel Eduardo Arciniegas
Arciniegas Law
1242 Old Hillsboro Road
The Atrium Building
Franklin Tennessee 37069
Daniel@attorneydaniel.com

on this 17th day of February 2022.

           /s/  Elizabeth G. Hart
              Elizabeth G. Hart