# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | | |
|---|---|---|
| **CHRISTIE ANDREWS,** | ) | |
| | ) | |
| Plaintiff, | ) | **CASE NO. 3:21-cv-00526** |
| | ) | |
| v. | ) | Judge Eli J. Richardson |
| | ) | Magistrate Judge Jefferey S. Frensley |
| **TRI STAR SPORTS AND** | ) | |
| **ENTERTAINMENT GROUP, INC.,** | ) | |
| | ) | **JURY DEMAND** |
| Defendant. | ) | |

## PROPOSED PROTECTIVE ORDER

This matter is before the Court pursuant to the Motion for Entry of a Protective Order filed by Defendant Tri Star Sports and Entertainment Group, Inc. ("Tri Star" or "Defendant"). To provide for the efficient and orderly production of documents and to preserve and maintain the confidentiality of certain documents and information to be produced in this litigation by the parties and/or by any non-party, the Court finds good cause to enter this Order, and, therefore, pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c), it is hereby ORDERED:

1. **Definitions.**

    (a) "Confidential Information" means information that constitutes a trade secret or reveals confidential research, proprietary, development, business, financial, or commercial information or personal information that implicates individual privacy interests such as personal financial, tax, health, or employment information, or personal identifying information such as home addresses and telephone numbers of any person. Confidential Information does not include information that has been disclosed in the public domain and in a manner not in conflict with this Order.

(b) "Confidential Material" means any document(s) or testimony designated as "Confidential" pursuant to Paragraph 2 of this Order and any Confidential Information contained therein.

**2. Designation.**

(a) A document (or portion of a document) that a party or a third party determines in good faith to contain Confidential Information may be designated as Confidential Material by (1) stamping "CONFIDENTIAL" on the document, (2) otherwise indicating the portion that is confidential, (3) employing other means provided for in this Order, or (4) using any other reasonable method agreed to by the parties. The party or third party producing documents designated as Confidential Material may also produce a copy of each document with the Confidential Information redacted, which redacted copy shall not be considered Confidential Material.

(b) A party or a third party may, on the record of a deposition or by written notice to opposing counsel not later than thirty (30) days after receipt of the deposition transcript, designate any portion(s) of the deposition as Confidential Material based on a good-faith determination that any portions so designated constitute Confidential Information. To the extent possible, any portions so designated shall be transcribed separately and marked by the court reporter as "CONFIDENTIAL".

(c) By designating a document or testimony as Confidential Material pursuant to Paragraph 2, a party or a third party represents that it has made a bona fide, good-faith effort to determine that the document or testimony does, in fact, contain Confidential Information.

(d) No party concedes that any documents or testimony designated by any other party as confidential are in fact Confidential Information.

(e) Any inadvertent failure to assert confidentiality shall not preclude a party from designating any documents or testimony as Confidential Material, in which event the items subject to such designation shall thereafter be treated as Confidential Material. The producing party shall notify the other party of such designation in writing.

3. **Challenge to Designation.**

(a) Any party may challenge a designation made under Paragraph 2 by written notice of its objection to counsel for the designating party or non-party. Challenge to a designation made under Paragraph 2(b) may be made either upon the record of the deposition or as provided in the preceding sentence.

(b) In the event a designation is challenged, the challenging and designating party shall attempt to resolve any challenges in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved within ten (10) days, the designating party may move for an appropriate ruling from the Court. The material shall continue to be treated as Confidential Material unless the parties agree in writing or the Court rules to the contrary.

(c) A party shall not be obligated to challenge the propriety of the designation of documents as Confidential Material at the time of designation, and failure to do so shall not preclude a subsequent challenge to the designation.

4. **Use of Confidential Material Limited.**

Confidential Material and the portion of all writings, including the portion of pre-trial court papers, that quote from, summarize, or comment upon such materials shall be treated as confidential and used by counsel solely for this litigation. Confidential Material may not be

disclosed to anyone except as provided in this Order. Notwithstanding the foregoing, each party shall be permitted to use its own Confidential Material in any way it chooses.

5. **Not Applicable to Trial.**

This Order does not apply to the offer of or admission into evidence of Confidential Information or Confidential Material or their contents at trial or in any evidentiary hearing, nor does it apply for any other purpose under the Federal Rules of Evidence. Such evidentiary issues may be raised as a separate matter upon the motion of any party at the time of trial or evidentiary hearing.

6. **Filing under Seal.**

It may be warranted to file Confidential Material or documents containing Confidential Information under seal. Any party wishing to file a document or provide information to the Court that has been designated as Confidential must first confer with the designating party and must give that party reasonable time to request leave to seal the document(s) or other information if that other party determines sealing is warranted and justified. Any party so moving must do so promptly so as not to unreasonably delay these proceedings. Pursuant to the Case Management Order entered on September 20, 2021, any party requesting that documents or portions of documents be sealed must demonstrate compelling reasons to seal the documents and must demonstrate that the sealing is narrowly tailored to those reasons. Any motion to seal, even if unopposed, must provide, for each document, a detailed analysis of the reasons justifying sealing, including factual support and legal citations.

7. **Disclosure of Confidential Material.**

Confidential Material may be shown, disseminated, or disclosed only to the following persons:

(a) The parties, including such officers or employees of the parties who are actively involved in the prosecution or defense of this case;

(b) All attorneys of record for the parties;

(c) All regular and temporary employees of such attorneys to whom it is necessary that the information or material be shown for the purposes of this litigation;

(d) Experts and consultants engaged by the parties in connection with this litigation, including their administrative or clerical staff. This shall not include the current employees, officers, members, friends, mentors or agents of parties or affiliates of parties;

(e) All authors and intended or authorized recipients of the information designated as "Confidential";

(f) The court, court personnel, court reporters, litigation vendors, and the jury;

(g) Witnesses (other than persons described in Paragraph 7(e)); and

(h) Photocopy vendors retained by the parties for discovery and preparation for trial.

**8.  [Intentionally Left Blank]**

**9.  Unintentional Disclosures.**

Documents unintentionally produced without designation as Confidential Information later may be designated and shall be treated as Confidential Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of Confidential Information, the party shall immediately inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

**10. Agreement by Disclosees.**

Before disclosure of any Confidential Material, a person described in Paragraphs 7(d), (g), and (h) shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing to be bound by its terms and to submit to the jurisdiction of this Court. Each such person shall execute an acknowledgement in the form attached hereto. Any person described in Paragraph 7(g) who will not sign the acknowledgement form may be shown Confidential Material only in a deposition at which the party who produced the Confidential Material is represented. At the request of any party or non-party, the portion of the deposition transcript involving the information designated as "Confidential" shall be designated "Confidential" pursuant to Paragraph 2 above. Persons described in Paragraph 7(g) who are shown information designated as "Confidential" shall not be allowed to retain copies of said information.

**11. Retention of Jurisdiction by Court.**

This Court shall retain jurisdiction to make amendments, modifications, and additions to this Order as the Court may, from time to time, deem appropriate, as well as to resolve any disputes about the disposition of Confidential Material.

**12. Inadvertent Production Not a Waiver of Privilege.**

The production and/or copying of any document or documents by any party will not constitute a waiver by that party of any claim of confidentiality, trade secret, attorney-client privilege, attorney work-product doctrine, joint-defense privilege, or other privilege or immunity (collectively, "Privileges"). The production and/or copying of any document or documents that concern a particular subject matter by any party shall not constitute a waiver with respect to any Privileges potentially applicable to any other documents or other information pertaining or

6

relating to the same or similar subject matter. Any such waiver must be express and intentional. Any party that receives a document that reasonably appears to be subject to Privileges and was produced inadvertently shall immediately seal the document from disclosure and notify the producing party. If the producing party requests that the document be returned, the receiving party shall comply but may petition the Court for a ruling on whether the document should be produced.

13. **Third-Party Discovery.**

The production of any discovery material by any non-party shall be subject to and governed by the terms of this Protective Order. Any party issuing a subpoena to a non-party shall enclose a copy of this Protective Order and notify the non-party that the protections of the Protective Order are available to such person.

14. **Violations of Protective Order.**

In the event any person or party subject to this Protective Order violates or threatens to violate any term of this Protective Order, the aggrieved party or non-party may immediately apply to the Court to obtain injunctive relief against any such person violating or threatening to violate any provision of this Protective Order. In any such proceeding, no person subject to the provisions of this Protective Order shall assert as a defense that the aggrieved party or non-party possesses an adequate remedy at law.

15. **Return or Destruction of Confidential.**

All provisions of this Order restricting the communication or use of Confidential Material shall continue to be binding after the conclusion of this action, unless otherwise agreed in writing by the parties hereto or ordered. At the conclusion of the litigation, upon request of the party or non-party who provided the Confidential Material, a party in possession of Confidential

Material, other than that contained in pleadings and hearing or deposition transcripts that have been filed in Court, shall either (a) return such documents no later than thirty (30) days after the request of the party or non-party who provided such information; or (b) destroy such documents within such time period and certify in writing within the thirty (30) day period that the documents have been destroyed. Counsel for either party may retain copies of any case-related documents, including those that contain Confidential Information, for one year after all appeal deadlines have passed. At the conclusion of that one year period, upon request of the party or non-party who provided the Confidential Material, counsel in possession of Confidential Material, other than that contained in pleadings and hearing or deposition transcripts that have been filed in Court, shall either (a) return such documents no later than thirty (30) days after the request of the party or non-party who provided such information; or (b) destroy such documents within such time period and certify in writing within the thirty (30) day period that the documents have been destroyed.

16. **Court-Order Exception.**

Production of any Confidential Material in response to an apparently lawful subpoena, motion or order of or in any court or other governmental agency in another action by a party who has possession of such information through discovery in this matter shall not be deemed a violation of any of the terms of this Order. The party receiving such subpoena, motion or order, however, shall first promptly notify the producing party and prior to production, if it can be done without placing the non-producing party in violation of the subpoena, motion or order, and shall give the producing party the opportunity to secure confidential treatment, whether by protective order or otherwise, for such materials upon terms comparable to those applicable to such materials under the terms of this Order and/or seek to block the production.

It is so ORDERED.

_____
JUDGE

DATE: _____

Respectfully Submitted:

/s/ Elizabeth G. Hart
THE SWAFFORD LAW FIRM, PLLC
Tara L. Swafford, BPR # 17577
Thomas Anthony Swafford, BPR # 17577
Elizabeth G. Hart, BPR # 30070
321 Billingsly Court, Suite 19
Franklin, Tennessee 37067
Telephone: (615) 599-8406
Facsimile: (615) 807-2355
tara@swaffordlawfirm.com
tony@swaffordlawfirm.com
betsy@swaffordlawfirm.com

*Attorneys for Tri Star Sports
and Entertainment Group, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been served via the Court's Electronic Filing System on:

Roland Mumford
Law Offices of Roland Mumford & Assoc.
242 West Main Street, No. 223
Hendersonville, TN 37075
roland@mumfordlaw.net

Daniel Eduardo Arciniegas
Arciniegas Law
1242 Old Hillsboro Road
The Atrium Building
Franklin Tennessee 37069
Daniel@attorneydaniel.com

on this the 17th day of February 2022.

                                                    /s/     Elizabeth G. Hart
                                                            Elizabeth G. Hart

# EXHIBIT A

1. I, _____, have read the foregoing Protective Order entered in an action entitled Christie Andrews v. Tri Star Sports and Entertainment Group, Inc., U.S. District Court for the Middle District of Tennessee, Case No. 3:21-cv-00526 (the "Action"), and agree to be bound by its terms with respect to any documents, tangible things, information or materials that are furnished to me as set forth in the Protective Order;

2. I will not directly or indirectly disclose to anyone who is not otherwise permitted to receive them under the Protective Order any documents, tangible things, information or materials that have been designated "CONFIDENTIAL"; and

3. I hereby agree that any documents, tangible things, information or materials furnished to me will be used by me only for the purposes of this Action and for no other purpose, and will be returned to the person who furnished such documents, tangible things, information or materials to me or destroyed.

Signature: _____

*Please Print or Type the Following*

Name: _____

Position/Title: _____

Company: _____

Address: _____

Telephone: _____

Date: _____