IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTIE ANDREWS,<br><br>　　Plaintiff,<br><br>v.<br><br>TRI STAR SPORTS AND<br>ENTERTAINMENT GROUP, INC.<br><br>　　Defendant. | Civil No. 3:21-cv-00526<br>Judge Eli J. Richardson<br>Magistrate Judge Jefferey S. Frensley |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR ENTRY OF A PROTECTIVE ORDER**

Defendant's motion for entry of a protective order [Doc. No. 18-1] is due to be DENIED.

## I. PRELIMINARY STATEMENT

This Court should DENY Defendant's request for a protective order because blanket orders are prone to abuse[1] and because Defendant fails to meet the standard under Rule 26(c) of the Federal Rule of Civil Procedure ("FRCP").

As set out below Plaintiff engaged in good faith efforts to enter a stipulated protective order. However, Defendant's flip-flopping on definitions and refusing to address Plaintiff's other concerns in a timely manner made it clear the Court's intervention was necessary.[2]

---

[1] While protective orders can be useful, blanket protective orders are prone to abuse in the federal system. *Maxchief Invs., Ltd. v. Plastic Dev. Grp., L.L.C.*, No. 3:16-cv-63, 2017 U.S. Dist. LEXIS 24307, at *11 (E.D. Tenn. Feb. 22, 2017); *see also In re Violation of* Fed. R. Civ. P. 28(D), 635 F.3d 1352, 1358 (Fed. Cir. 2011) (observing that "[p]arties frequently abuse Rule 26(c) by seeking protective orders for material not covered by the rule").

[2] Defendant agreed to definitions Plaintiff proposed [**Exhibit 1**] and reneged on this agreement after it was supposed to be responding to Plaintiff's other objections.

Defendant is withholding responsive information pending the entry of protective order, while demanding Plaintiff produce her protected health information or face a motion to compel. Plaintiff has produced information so to avoid discovery disputes, and with the understanding Defendant will respect the confidential designations. Instead of using a protective order to move discovery forward, Defendant is using it as reason to delay production.

The Court should enter a protective order includes Plaintiff's proposed modifications so that discovery may move forward without further delay:

(a) "Confidential Information" means information Social Security or taxpayer identification numbers; dates of birth; names of minor children; financial account numbers; home addresses; sensitive information involving personal financial, medical, matrimonial or family matters. It also means information that constitutes a trade secret and other confidential research, development, or commercial information that would significantly undercut a legitimate competitive advantage of the Designating Party if disclosed. Confidential Information does not include information that has been disclosed in the public domain.

(b) "Witness" includes potential fact and expert witnesses.

(c) Replace Defendant's designation challenge procedure with the following language: "if the challenge cannot be expeditiously and informally resolved within ten (10) calendar days, the designating party **shall** move for an appropriate ruling within fourteen calendar days."[3]

(d) Eliminate the requirement that an acknowledgment be signed by a witness, while only requiring the witnesses be shown a copy of the protective order before discussing confidential information.

## II. BACKGROUND

On October 29, 2021, Plaintiff served her first set of discovery requests [**Exhibit 2**]. Five months later, on February 17, 2022, Defendant filed for a protective order [Docs. 18 and 18-1].

---

[3] Defendant's provision states "if the challenge cannot be expeditiously and informally resolved within ten (10) days, the designating party may move for an appropriate ruling. The material shall continue to be treated as Confidential Material unless the parties agree in writing or the Court rules to the contrary." [Doc. 18-1 PageID#:82].

On December 28, 2021, Defendant stated "Tri Star needs to have a protective order in place before it can produce documents in discovery." [**Exhibit 3:** 2021.12.28 e-mail including attachment]. On January 6, 2022, Defendant stated "[a]fter review of our client's document production, we have determined that we will need the protective order to include a highly confidential/attorney's eyes only designation." [**Exhibit 4**: 2022.01.06 D's e-mail – including attachment]. Defendant proposed protective order included the following:

> (a) "Confidential Information" means information that constitutes a trade secret or reveals confidential research, proprietary, development, business, financial, or commercial information or personal information that implicates individual privacy interests such as personal financial, tax, health, or employment information, or personal identifying information such as home addresses and telephone numbers of any person. Confidential Information does not include information that has been disclosed in the public domain and in a manner not in conflict with this Agreement.
>
> (b) "Highly Confidential Information" means information of a proprietary business or technical nature that might reasonably be of value to a competitor or potential customer of the party or nonparty holding the proprietary rights thereto, or might reasonably pose a commercial disadvantage to the producing party, and that must be protected from disclosure. Highly Confidential Information does not include information that has been disclosed in the public domain.

On January 7, 2022, Defendant served its objections and responses to Plaintiff's requests for production. [**Exhibit 5:** 2022.01.07 D's e-mail - including attachment].

On January 10, 2022, Plaintiff's counsel explained his general practice is to refuse protective orders containing attorney-eyes only designation[4], but in the spirit of compromise proposed tailored definitions:

---

[4] Courts have also routinely found such blanket applications of the more-burdensome attorneys-eyes-only designation to document production "absurd." *See Procaps S.A. v. Patheon Inc.,* No. 12-24356-CIV, 2015 U.S. Dist. LEXIS 94010, 2015 WL 4430955, at *6 (S.D. Fla. July 20, 2015) (terming "absurd" designations of 79% and 90% of production as attorneys-eyes-only); *Healthtrio, LLC v. Aetna, Inc.*, No. 12-cv-03229, 2014 U.S. Dist. LEXIS

> (a) "Confidential Information" means information Social Security or taxpayer identification numbers; dates of birth; names of minor children; financial account numbers; home addresses; sensitive information involving personal financial, medical, matrimonial or family matters. Confidential Information does not include information that has been disclosed in the public domain and in a manner not in conflict with this Agreement.
>
> (b) "Highly Confidential Information" means information that constitutes a trade secret and other confidential research, development, or commercial information that would significantly undercut a legitimate competitive advantage of the Designating Party if disclosed. Highly Confidential Information does not include information that has been disclosed in the public domain.

[**Exhibit 6:** 2020.01.10 P's e-mail]. Plaintiff also stated that that designation challenge process should require the designating party to file a motion to maintain a challenged designation, and provide the good cause contemplated under 26(c) of the Federal Rules of Civil Procedure. *Id.* Plaintiff further outlined other objections and stated, "if you think we need to discuss then propose a time Wednesday for a phone conference."

On January 12, 2022, Defendant stated "[**w**]**e will agree to the revised definitions that you have proposed**, but need to leave paragraph 8 (disclosure of highly confidential information) as is . . . We can't agree to that highly confidential information can be shown to your client or lay witnesses, as this is really the whole reason for having the two tiered protective order." (bolding added) [**Exhibit 1**: 2022.01.12 D's e-mail].

On January 28, 2022, Plaintiff responded, "I cannot agree to [a] protective order that precludes me from showing documents to my client or potential witnesses. You can file your motion explaining the basis for including such a prohibition. This dispute should not delay production of other documents please produce those that will be marked as confidential." [**Exhibit 7**: 2022.01.28 P's e-mail].

---

169321, 2014 WL 6886923, at *4 (D. Col. Dec. 5, 2014)) (invalidating designation of 99% of produced documents as attorneys-eyes-only).

On February 8, 2022, Defendant provided a revised protective order that did not include the highly confidential designation, stating "since at this time, we do not plan to produce any documents that will fall into that category." [**Exhibit 8**: 2022.02.08 D's e-mail]. Defendant's revised protective order provided:

> (a) "Confidential Information" means information that constitutes a trade secret or reveals confidential research, proprietary, development, business, financial, or commercial information or personal information that implicates individual privacy interests such as personal financial, tax, health, or employment information, or personal identifying information such as home addresses and telephone numbers of any person. Confidential Information does not include information that has been disclosed in the public domain and in a manner not in conflict with this Agreement.

On February 8, 2022, Plaintiff asked if Defendant would be available for a call the following day. On February 9, 2022, Plaintiff wrote:

> If there are any other non-confidential documents Defendant intends on producing please provide those. Seems like there should be more that falls outside the scope of your proposed protective order. The absence of documents I expected to [be] produce[d] by Defendant gives me concern of over-designation.
>
> If you are asserting privilege for any documents related to RFI of non-essential WFH employees people, or another category of information called for in our discovery requests, please provide that as well.

[**Exhibit 9:** 2022.02.08 P's e-mail]. In a follow-up e-mail Plaintiff stated:

> Cannot agree Defendant's proposed protective order as drafted. The definition for confidential is overbroad and vague. Based on what we have not received I think this [is] our fundamental stumbling block. While there is a mechanism to challenge designations, I think that process unnecessarily increases the expense when there is over-designation.
>
> In addition,
>
> Section 7 – definition of "Witness" is vague – may be unduly restrictive – it needs to allow me to talk to potential witnesses – fact and expert.
>
> Section 10 is problematic – can't compel someone to sign anything, and I shouldn't have to incur the expense of a deposition if they refuse to sign.

> There may be some [other] aspects of the proposed protective order that are objectionable, but these are the major ones.
>
> Go ahead and file your motion for it. **We will treat the material as if it is in effect until the Court makes its determination. Production should no longer be delayed.** Production will also to have more informed discussions, and hopefully also to lessen the gap in our respective positions.
>
> Also, like our client many current and former employees signed NDAs, or severance agreements that we may need to go ahead and talk about having the Court address these, but that will likely be a separate motion. I wanted to put that out there so if Defendant has any creative, less burdensome thoughts on how to cure the "chilling effect" those may have on potential witnesses.

(bolding added)[**Exhibit 10:** 2020.02.09 P's 2nd e-mail].

On February 10, 2022, Plaintiff asked Defendant to file the protective order if Defendant was unwilling to address Plaintiff's concerns. On February 17, 2022, Defendant filed the motion for protective order.

## III.   LEGAL STANDARD

### A.   Good Cause

The party moving for entry of a protective order must demonstrate that good cause exists justifying the entry of a protective order. *Hobley v. Burge*, 225 F.R.D. 221, 224 (N.D. Ill. 2004)("The party moving for a protective order must establish that good cause exists to enter the protective order.") Establishing good cause starts with identifying the categories of information and explaining why that information deserves protection. *NBA Props. v. Entertainment Records*, 1999 WL 642822, at *1 (S.D.N.Y. Aug. 24, 1999).

### B.   Purpose of Protection

Rule 26(c) allows a district court to issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Other purposes of a

6

Case 3:21-cv-00526   Document 19   Filed 03/03/22   Page 6 of 14 PageID #: 96

protective order includes protecting trade secrets or other confidential research, development, or commercial information by controlling how the information will be revealed.

### C. Balancing Need Versus Harm

In determining whether a party has shown good cause, the district court must balance the parties' interests. This means balancing between:

(a) Importance of disclosure to the non-movant;

**with**

(b) The potential harm to the party seeking the protective order.

### D. Balancing Factors

Balancing the parties' positions involves weighing the protective order on: (1) mutuality; (2) challenge procedure; (2) non-designating party's ability to use protected information.[5]

## IV. ARGUMENT

The purpose of Defendant's protective order is to interfere with Plaintiff's pursuit and prosecution of her case by having the Court pre-approving a blanket protective that gives *carte blanche* to Defendant sweep as much as possible under a rug of secrecy and requiring the Plaintiff apply to the Court before she can use the information during the discovery stage of litigation.

### A. Defendant Fails To Identify Categories Of Information With Specificity

It is difficult to imagine any information that would fall outside Defendant's broad definition of "confidential information." This is reason enough to DENY Defendant's motion.

---

[5] "To determine whether a party has shown good cause, the district court must balance the parties' interests, taking into account the importance of disclosure to the nonmovant and the potential harm to the party seeking the protective order." *Calhoun v. City of Chi.*, 273 F.R.D. 421, 422 (N.D. Ill. 2011).

7
Case 3:21-cv-00526 Document 19 Filed 03/03/22 Page 7 of 14 PageID #: 97

Defendant's use of the generic term "confidential" before listing the categories "research, proprietary, development, business, financial, or commercial information" fails to provide any narrowing or demarcation of the boundaries of "confidential information." Defendant's inclusion of the word "business" in the listing of categories is not based on the FRCP. The word "business" is particularly vague and overbroad, meaning it is ripe for abuse.

### B. Use Of The Generic Qualifier "Confidential" Fails To Provide An Ascertainable Standard

Courts routinely find that inserting a <u>generic</u> qualifier, such as "confidential," before a list of broad categories fails to have any narrowing effect.[6] In those Courts instruct the parties to include language that provides an objective and ascertainable standard as to what information is and is not governed by the protective order.

Plaintiff proposed a definition for "confidential information" that incorporates the categories from FRCP 26(c)(1)(G) and eliminates the fatally vague word "business." Plaintiff's proposal addresses Defendant's concerns because lists "information that constitutes a trade secret and other confidential research, development, or commercial information." Plaintiff adds after the list "significantly undercut a legitimate competitive advantage of the Designating Party if disclosed." This provides a line of demarcation.

Defendant previously accepted Plaintiff's language. (**Exhibit 1**). There is no reasonable basis for Defendant rejecting Plaintiff's proposal now.

### C. Defendant Claims "Extreme Harm" But Fails To Provide Examples or Support

---

[6] Generic terms such as "confidential," "protected," "commercial" or "other information that may cause harm" are not narrow, demarcated categories. *See Filter Specialists, Inc. v. Hendi*, CAUSE NO. 3:08-CV-365 PPS, 2008 U.S. Dist. LEXIS 71855, 2008 WL 4367594, at *2 (N.D. Ind. Sept. 17, 2008) (rejecting the parties' proposed categories of "proprietary, confidential, or of a commercially sensitive nature," explaining that "[f]or the proposed document to comport with circuit precedent and the Federal Rules, the parties need to limit this language of the order to a more ascertainable standard to prevent a blanket protective order"); *Cook Inc. v. Bos. Sci. Corp.*, 206 F.R.D. 244, 248 (S.D. Ind. 2001).

Defendant does not provide the good cause for designating all "business" information as confidential information so as to justify this Court entering a protective order.[7] Defendant claims "confidential information, including internal policies and communications, the disclosure of which could be extremely harmful to Tristar." (Doc. 18 PageID#75). However, Defendant's conclusory statements fall short of Defendant's burden under id. R. 26(c). Under the rule, the party seeking a protective order must show specific prejudice and harm will result if no order is granted.[8] Defendant claims the disclosure of internal policies and communications will cause "extreme" harm. However, Defendant makes this bald assertion without showing prejudice how policies and communications will cause harm.[9]

---

[7] Defendant makes generalized statements of confidentiality about personnel files. Plaintiff is not disputing that non-parties have a privacy interest in their personnel files. Defendant only makes generalized statements why documents [other than personnel files[7]] deserve additional protection. *See Dahdal v. Thorn Ams.*, No. CIVIL ACTION No: 97-2119-GTV, 1997 U.S. Dist. LEXIS 14792, 1997 WL 599614 (D. Kan. Sept. 15, 1997) (accepting a generalized statement of confidentiality relating to personnel files but not for allegedly confidential business information). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not satisfy the Rule 26(c) test." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003). In other words, "'the party seeking a protective order has the burden to demonstrate good cause, and must make a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements' supporting the need for a protective order.'" *Harrington v. Roundpoint Mortg. Servicing Corp.*, No. 215CV322FTM38MRM, 2016 U.S. Dist. LEXIS 181112, 2016 WL 7473426, at *2 (M.D. Fla. Dec. 28, 2016) (quoting *Auto—Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429-30 (M.D. Fla. 2005) (brackets and quotation marks omitted). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652, 659 (C.D. Cal. 2005) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). For material to be protected, it "must give the holder an economic advantage and threaten a competitive injury—business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." Id. at 248. Accordingly, "merely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke, IP 01-1103-C-H/K*, 2003 U.S. Dist. LEXIS 5280, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l, Inc.*, 297 F.3d at 547)

[8] Under Fed. R. Civ. P. 26(c), the designating party bears the burden of showing specific prejudice or harm will result if no protective order is granted. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)."Where a business is the party seeking protection, it will have to show that disclosure would cause significant harm to its competitive and financial position. That showing requires specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of harm." *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 307 (N.D. Cal. 2005) (citation omitted); *see also Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

[9] Defendant does not submit any affidavits or declarations which demonstrating any specific harm. *See , e.g., Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (affirming grant of protective order as moving party "submitted an

9

Plaintiff infers Defendant is concerned that certain information may be embarrassing.[10] Numerous decisions have established that "'mere embarrassment'" is not enough. If embarrassment is involved, then the embarrassment must "'be particularly serious or substantial'" in order to demonstrate good cause for a judge to enter a protective order. *Edwards Vacuum, L.L.C. v. Hoffman Instrumentation Supply, Inc*., No. 3:20-cv-1681-AC, 2021 WL 186932, at *2 (D. Or. Jan. 19, 2021). Again, Defendant provides no concrete examples, no explanation, and no affidavits.

### A. Defendant Claims Undue Expense

Defendant claims because of media interest "[w]ithout a protective order in place, Tri Star will be forced to bring confidential documents or information to the Court's attention one by one, which would be inefficient and expensive for both parties." [Doc. 18 PageID#756]. This is a red herring.

Defendant's assertion ignores the fact that Plaintiff is willing to enter into a protective order, that incorporates Plaintiff's proposed changes. Plaintiff is fine with a protective order limits the disclosure of information to "witnesses" [including potential witnesses] and limits the use of confidential information to the "purpose of this litigation." There are adequate safeguards making these concerns inapplicable at the discovery stage. Defendant will have to make these

---

affidavit stating that it would be difficult for him to schedule a deposition[] because of his legislative duties," among other specific reasons); *Maxchief Invs., Ltd. v. Plastic Dev. Grp., L.L.C*., No. 3:16-cv-63, 2017 U.S. Dist. LEXIS 24307, 2017 WL 710956, at *3 (E.D. Tenn. Feb. 22, 2017) (denying protective order, in part, because the parties' joint motion was "unaccompanied by affidavits or declarations"); *Sweet v. Lockheed Martin Energy Sys., Inc*., No. 3:97-cv-603, 1998 U.S. Dist. LEXIS 23806, 1998 WL 479448, at *4 (E.D. Tenn. June 23, 1998) (internal quotations omitted) (noting moving party "did not support its motion for protective order with any affidavits or other evidence that might provide support for" some harm).

[10] Defendant backtracked on Plaintiff's definition which included information "that would significantly undercut a legitimate competitive advantage." A reasonable inference is that the concern is information may not have economic consequence but an optics issue.

arguments and incur these expenses if it insists that documents it designates as confidential must be filed under seal.

The expense and litigation would be much worse if the Court enters Defendant's proposed protective order because everything under the sun could be designated as "confidential information." Concerns over expenses and inefficiencies supports this Court not entering any protective order because over-designation is likely to increase disputes. Similarly, permitting a party to over designate will also cause increase expenses and inefficiencies.

### B. Lack of Mutuality

The FRCP requires that a party review the document in good faith before designating them as confidential. By seeking a "blanket" protective order, Defendant clearly wants to avoid making this good faith review.

Even when the court enters a "blanket" order the designating party bears the burden of maintaining the designation.[11] The party must show specific and harm will result if designation is not maintained.[12] Here, Defendant seeks a protective order with all the benefits without any of the burden.

To encourage careful and considered designation the proposed protective order should keep the burden on the designating party to maintain the desired designation. Courts have rejected Defendant's proposed designation challenge process that imposes the burden on the non-designating party to take steps to bring designation challenges to the court's attention if the

---

[11] *Brown v. Tellermate Holdings Ltd.*, No. 2:11-cv-1122, 2014 U.S. Dist. LEXIS 90123, at *61 (S.D. Ohio July 1, 2014) ("As the producing party, Tellermate had the burden of demonstrating entitlement to the designation.").

[12] When a party to a blanket protective order disputes the level protection designated by the producing party" — following the procedures outlined in the order — "*the burden is on the producing party* to justify its designation." *MSC Software Corp. v. Altair Eng'g, Inc*., No. CASE NUMBER: 07-12807, 2012 U.S. Dist. LEXIS 69107, at *10-11 (E.D. Mich. May 17, 2012) (emphasis added).

parties are unable to resolve. *Brown v. Tellermate Holdings Ltd.*, No. 2:11-cv-1122, 2014 U.S. Dist. LEXIS 90123, at *62 (S.D. Ohio July 1, 2014) (rejecting defendant's position that, "unless [plaintiff] identifie[s] . . . each document he wanted to be redesignated, [defendant] had no choice but to continue to claim that all of the documents were properly marked"); see , e.g., *Procaps S.A. v. Patheon Inc.*, CASE NO. 12-24356-CIV-GOODMAN, 2015 U.S. Dist. LEXIS 94010, at *25 (S.D. Fla. July 20, 2015) (rejecting designating party's argument that challenging party should be required "to specifically identify the precise documents it wants [designating party] to re-review and re-designate," which constitutes an "inequitable" shifting of the review burden).

Defendant recognizes that designation disputes imposes expenses. [13] However, those expenses should remain with the designating party because they are in the best position to prevent inefficiencies. Paradigm All., Inc., 248 F.R.D. at 605 ("is a duty to review the documents in good faith *before* designating them as [confidential]."). The designating party is more likely to comply with its obligations if it bears the expense if it is imprecise with its designations.

In addition to burdening the party who is in no way responsible for imprecise designation, it prejudices non-designating party by requiring obtaining a signed acknowledgment [requirement challenged below] that are designed to impede Plaintiff's efficient investigation. Challenging questionable designations requires scheduling [meaning delay], conferring between counsel [attorney fees] and possible motion practice [delay, fees and judicial resources].

C. **Receiving Party's Ability To Use Designated Information**

---

[13] A burden TriStar admits it does not want to bear, "TriStar will be forced to bring confidential documents or information to the Court's attention one by one, which would be inefficient and expensive for both parties." [Doc. 18 PageID #76].

Defendant's proposed protective order seeks to require Plaintiff to obtain a sign acknowledgment before using "confidential information" with a witness. This Court routinely enters protective orders without such a requirement. Defendant provides no explanation why this requirement is necessary in this case. Requiring an individual "agree in writing to be bound by its terms" and "execute an acknowledgment" before being shown "confidential material" will impede investigation because many individuals are fearful signing "legal" documents. Some individuals may have information probative to the dispute but have concerns of the legal implications of signing this document without the benefit of legal counsel. This requirement has a potential chilling effect.

For witnesses who will not sign the acknowledgment in the form may only be shown Confidential Material in a deposition at which the party who produced the Confidential material is represented." [PageID #85]. This again will require scheduling, meaning delay and increased expenses.

## V.    CONCLUSION

For the foregoing reasons Defendant's Motion for Protective Order is due to be DENIED.

# CERTIFICATE OF SERVICE

I hereby certify that on Thursday, March 3, 2022, I electronically served the foregoing ***PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ENTRY OF A PROTECTIVE ORDER*** via e-mail:

Tara L. Swafford, BPR # 17577
Thomas Anthony Swafford, BPR # 17578Elizabeth G. Hart, BPR # 030070
The Swafford Law Firm, PLLC
207 Third Avenue North
Franklin, Tennessee 37064
Tel: (615) 599-8406
Fax: (615) 807-2355
Tara@swaffordlawfirm.com
Tony@swaffordlawfirm.com
Betsy@swaffordlawfirm.com

Attorneys for Tri Star Sports and EntertainmentGroup, Inc.

                Respectfully submitted,

Daniel Arciniegas, BPR #35853
**ARCINIEGAS LAW**
1242 Old Hillsboro Road
The Atrium Building
Franklin, Tennessee 37069
T. 629.777.5339

Daniel@AttorneyDaniel.com

ROLAND F. MUMFORD, BPR #26495
Law Offices of Roland Mumford &
Assoc.242 West Main Street No. 223
Hendersonville, TN 37075
Telephone: 615.348.0070
roland@mumfordlaw.net

*Attorney for Plaintiff*
*Christie Andrews*

14
Case 3:21-cv-00526   Document 19   Filed 03/03/22   Page 14 of 14 PageID #: 104