IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTIE ANDREWS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TRI STAR SPORTS AND<br>ENTERTAINMENT GROUP, INC.<br><br>　　　　Defendant. | Civil No. 3:21-cv-00526<br>Judge Eli J. Richardson<br>Magistrate Judge Jefferey S. Frensley |

**PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendant produce the documents within thirty (30) days after service of these requests.

**INSTRUCTIONS AND DEFINTIONS**

A. Rule 26 Requirements. These requests are subject to Fed. R. Civ. P. 26(b)(5) regarding assertions of privilege, Fed. R. Civ. P. 26(e) regarding supplementation, and Fed. R. Civ. P. 26(g) regarding certification of responses.

B. Rule 34 Requirements. These requests are subject to Fed. R. Civ. P. 34(b)(2) regarding answers and objections. Please note that you "must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i). Supplementation by organization will be requested for any responsive documents produced in a manner that does not comply with Rule 34(b)(2)(E)(i).

C. Avoidance of disputes and delays. If you believe that a request is confusing, vague, or ambiguous, please apply a reasonable construction to the request and respond accordingly. You may specify your construction of the request in the written portion of your response. Alternatively, you may contact counsel for clarification prior to serving your response.

D. Withholding. If you contend that you are entitled to withhold from production any or all documents requested herein on the basis of the attorney/client privilege, work-product doctrine or other grounds, identify the nature of the document(s), (e.g., letter or memorandum) the date for the same, the author, and the person to whom the document was addressed; identify each individual who has seen the document, each individual who has

received a copy of the document and from whom the document was received, and state the basis upon which you contend that you are entitled to withhold the document from production.

E. Partial Responses. If a partial or incomplete answer or production is provided, you must state the reason that the answer or production is partial or incomplete.

F. Relevant period. The "relevant period" means the period of time beginning five (5) years prior to the filing of Plaintiff's original Complaint (ECF No. 1) through the Trial date shall be the time period applicable to each request unless otherwise stated.

G. "You," "yours," etc. The second person pronoun refers to Defendant its agents, representatives, and/or other persons acting or purporting to act on its behalf.

H. "Including." The term "including" shall mean "including, but not limited to." "Including" should not be read in a limiting sense.

I. "Relates to" means evidences, supports, constitutes, contains records, discusses, summarizes, analyzes, discloses, and/or refers to, in whole or in part.

J. "And" and "or" each shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these interrogatories any information or document that might otherwise be construed to be outside its scope.

K. "Concerning." The term "concerning" means referring to, describing, evidencing, or constituting.

L. "Document." The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the terms "documents" and "electronically stored information" as used in Fed. R. Civ. P. 34(a).

M. "Employment." The term "Employment" shall mean hiring, work, occupation, profession, trade, job, or other form of rendering services in return for compensation, whether full or part-time, permanent or temporary, self-employed or in the employ of another individual or business entity.

N. "Person." The unqualified term "Person" means an individual, corporation, firm, company, sole proprietorship, partnership, unincorporated association, or business association or governmental entity.

O. Plaintiff. The Term "Plaintiff" refers to Christie Andrews.

P. Form of production for documents that do not exist in electronic form. Documents that do not exist in a native electronic format or which require redaction of privileged content are requested to be produced in searchable portable document format (.PDF) with logical unitization preserved. Logical unitization entails that the document breaks and groupings

found in the original document format (e.g., paper documents) will be mirrored in the PDF production. For example, if the original documents consist of a stack of paper with various multipage documents stapled or paper-clipped together, then each stapled or paper-clipped document shall be produced as a separate PDF file. Accordingly, please do not produce numerous separate documents in a single PDF document.

Q. Medium of production. Productions smaller than 10GB should be made using DVD recordable optical media. Productions larger than 10GB but smaller than 128GB should be made using a flash/thumb drive or portable external hard drive. Productions larger than 128GB should be made using a portable external hard drive.

R. Form of production for documents that exist in electronic form. Any documents that exist in electronic form are specifically requested to be produced in native or near-native formats, pursuant to Rule 34(b)(1)(C) of the Federal Rules of Civil Procedure and should not be converted to an imaged format (e.g. .TIFF or .PDF) unless such document must be redacted to remove privileged content or the document does not exist within your care, custody or control in a native electronic format. Native format requires production in the same format in which the information was customarily created, used, and stored by you. The table below supplies examples of the native or near-native forms in which specific types of electronically stored information (ESI) should be produced:

| SOURCE ESI | NATIVE (OR NEAR-NATIVE) FORM(S) SOUGHT |
|---|---|
| Microsoft Word documents | .DOC, .DOCX |
| Microsoft Excel Spreadsheets | .XLS, .XLSX |
| Microsoft PowerPoint Presentations | .PPT, .PPTX |
| Microsoft Access Databases | .MDB |
| WordPerfect documents | .WPD |
| Adobe Acrobat Documents | .PDF |
| Photographs | .JPG |
| E-mail | Messages should be produced to preserve and supply the source RFC 2822 content of the communication and attachments in a fielded, electronically searchable format. For Microsoft Exchange or Outlook messaging, .PST format will suffice. Single message production formats like .MSG or .EML may be furnished, if source folder data is preserved and produced. If your workflow requires that attachments be extracted and produced separately from transmitting messages, attachments should be produced in their native forms with parent/child relationships to the message and container(s) preserved and produced. |

| | |
|---|---|
| Databases (excluding e-mail systems) | Unless the entire contents of a database are responsive, extract responsive content to a fielded and electronically searchable format preserving metadata values, keys, and field relationships. If doing so is not feasible, please identify the database and supply information concerning the schemas and query language of the database, along with a detailed description of its export capabilities, to enable Plaintiff to develop a query sufficient to identify, extract, and export responsive data. |

# PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS

**Request for Production No. 1**

Produce all documents relating or concerning Plaintiff, Plaintiff's employment and job performance including her application, resume, offer letter, job description(s), personnel file, performance review(s), counseling(s), coaching(s), warning(s), suspension(s), discipline(s), termination, pay records, pay stubs, benefits, supervisor file, human resource file and medical file.

**Request for Production No. 2**

Produce all communications regarding Plaintiff, Plaintiff's employment, Plaintiff's job performance, including, but not limited to email communications by her immediate supervisor, other members of management, human resources and privilege log for communications involving legal counsel prior to Plaintiff's termination.

**Request for Production No. 3**

Produce all communications to Plaintiff regarding Plaintiff's employment, Plaintiff's job performance, Plaintiff's termination, as well as post employment communications with Plaintiff, concerning or relating to Plaintiff.

**Request for Production No. 4**

Produce all documents relating or concerning Defendant's policies, procedures, practices including but not limited to employee handbook, memorandums, amendments, e-mail updates the Americans with Disabilities Act, COVID-19 reasonable accommodation, the interactive process, equal employment opportunities during the period of Plaintiff's tenure with Defendant.

**Request for Production No. 5**

Produce all documents Defendant used in providing Plaintiff, her direct supervisor and other employees involved in the decision to terminate Plaintiff or eliminating her position training regarding discrimination, retaliation, the Americans with Disabilities Act, the Family Medical Leave, and equal employment opportunities, posted notices, training transcript, copies of training materials (videos, print outs, handouts and computer modules).

**Request for Production No. 6**

Produce all documents Defendant consulted with respect to Plaintiff's request for reasonable accommodation.

**Request for Production No. 7**

Produce all documents concerning or relating to Defendant engaging in the interactive process with Plaintiff.

**Request for Production No. 8**

Produce all documents concerning or relating to Defendant considering or evaluating the costs of making the accommodation Plaintiff requested, including estimates, quotes, and costs projections.

**Request for Production No. 9**

Produce all documents concerning or relating to any reasonable accommodation Defendant proposed to Plaintiff.

**Request for Production No. 10**

Produce all documents relating or concerning Defendant's non-discriminatory business justification for terminating Plaintiff and eliminating her position, including any communications and information relied upon on by decision-makers, human resources and legal counsel prior to communicating to Plaintiff she was terminated.

**Request for Production No. 11**

Produce all documents relating or concerning reports and complaints involving an allegation disability discrimination or serious health condition, including but not limited failure to engage in the interactive process, failure to provide reasonable accommodation, termination whether made to Defendant, a third party designated by Defendant, or a state or federal agency. [For example: charges of discrimination, notice of charge discrimination, Defendant's correspondence – position statements, rebuttal statements] The temporal scope of this request starts 2 years prior to Plaintiff's hiring through the date of trial.

**Request for Production No. 12**

For the person(s) Defendant claims made the decision(s) that led to Plaintiff's employment ending with Defendant produce all documents relating or concerning their employment and job performance, including but not limited their application, resume, offer letter, job description(s), personnel file, counseling(s), coaching(s), warning(s), suspension(s), discipline(s), termination, supervisor file, human resource file. This request is not seeking financial account information nor personal health information – that information may be redacted with black boxes.

**Request for Production No. 13**

Produce all documents relating or concerning eliminating the American Express Liaison position, including but not limited to written job description, job postings, cost benefit analysis, job studies, documents relied upon in the decision to eliminate position.

**Request for Production No.   14**

Produce all documents relating or concerning persons holding a Team Coordinator position, including but not limited to written job description, job postings, hiring and performance reviews.

**Request for Production No.   15**

Produce all employment and job performance for Nola Douglas including her application, resume, offer letter, job description(s), personnel file, performance review(s), counseling(s), coaching(s), warning(s), suspension(s), discipline(s), termination, pay records, pay stubs, benefits, supervisor file, human resource file. [Redact any financial account information, personal health information].

**Request for Production No.   16**

Produce all documents relating or concerning Defendant's determination that Plaintiff's role was one that could not be transitioned to a work from home model.

**Request for Production No.   17**

Produce the search results of all e-mails "From:," "To:," or "CC:" Yolanda Simpson between March 1, 2020 and the date Defendant received notice of Plaintiff's charge of discrimination from the United States Equal Employment Opportunity Commission using the following search terms independent of the other: "Christie," "Andrews," "Team Coordinator," "Amex," "work from home" and "asthma." [the search should include Yolanda's Simpson all of the boxes, including but not limited to "sent," "received," "deleted," and "archived" mailboxes.

**Request for Production No.   18**

All documents conferred, consulted, reviewed, accessed in formulating each full or partial denials to any of Plaintiff's requests for admissions.

**Request for Production No.   19**

Produce the search results of all e-mails "From:," "To:," or "CC:" Lou Taylor between March 1, 2020 and the date Defendant received notice of Plaintiff's charge of discrimination from the United States Equal Employment Opportunity Commission using the following search terms independent of the other: "Christie," "Andrews," "Team Coordinator," "Amex," "work from home" and "asthma." [the search should include Yolanda's Simpson all of the boxes, including but not limited to "sent," "received," "deleted," and "archived" mailboxes.

**Request for Production No.   19**

Produce all documents related to Defendant's CARES Act's Paycheck Protection Program that were submitted in 2020, including but not limited to applications, signed  certifications, letters to and form the U.S. Government.

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on Friday, October 29, 2021, I electronically served the foregoing ***PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION*** via e-mail:

Tara L. Swafford, BPR # 17577
Thomas Anthony Swafford, BPR # 17578
Elizabeth G. Hart, BPR # 030070
The Swafford Law Firm, PLLC
207 Third Avenue North
Franklin, Tennessee 37064
Tel: (615) 599-8406
Fax: (615) 807-2355
Tara@swaffordlawfirm.com
Tony@swaffordlawfirm.com
Betsy@swaffordlawfirm.com

Attorneys for Tri Star Sports
and Entertainment Group, Inc.

                                      Respectfully submitted,

                                      Daniel Arciniegas, BPR #35853
                                      **ARCINIEGAS LAW**
                                      1242 Old Hillsboro Road
                                      The Atrium Building
                                      Franklin, Tennessee 37069
                                      T. 629.777.5339
                                      Daniel@AttorneyDaniel.com

                                      ROLAND F. MUMFORD, BPR #26495
                                      **Law Offices of Roland Mumford & Assoc.**
                                        242 West Main Street No. 223
                                      Hendersonville, TN 37075
                                      Telephone: 615.348.0070
                                      roland@mumfordlaw.net

                                      *Attorneys for Plaintiff*
                                      *Christie Andrews*