IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTIE ANDREWS,<br><br>    Plaintiff,<br><br>v.<br><br>TRI STAR SPORTS AND<br>ENTERTAINMENT GROUP, INC.<br><br>    Defendant. | Civil No. 3:21-cv-00526<br>Judge Eli J. Richardson<br>Magistrate Judge Jefferey S. Frensley |

**PLAINTIFF'S FIRST SET OF
INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff requests that Defendant answer fully and separately, in writing, under oath, each of the following interrogatories and serve a copy of said answers upon counsel for Plaintiff within thirty (30) days after service of these requests.

**INSTRUCTIONS AND DEFINITIONS**

A. Rule 26 Requirements. These requests are subject to Fed. R. Civ. P. 26(b)(5) regarding assertions of privilege, Fed. R. Civ. P. 26(e) regarding supplementation, and Fed. R. Civ. P. 26(g) regarding certification of responses.

B. Including. The term "including" shall mean "including, but not limited to." "Including" should not be read in a limiting sense.

C. Rule 33 Requirements. These interrogatories are subject to Fed. R. Civ. P. 33(b) regarding answers and objections. Please note that you or an officer or agent must, to the extent it is not objected to, answer separately and fully in writing under oath. Fed. R. Civ. P. 33(b)(3). Also, the grounds for objecting to an interrogatory must be stated with specificity. Any grounds not stated in a timely objection is waived unless the court, for good cause, excuses the failure. Fed. R. Civ. P. 33(b)(4).

D. Option to Produce Business Records. If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting or summarizing a party's business records (including electronically stored information) you must specify the

1

records in sufficient detail to enable interrogating party to locate and identify them as the responding could, and give interrogating party a reasonable opportunity examine and audit records at Arciniegas Law.

E. Partial Responses. If a partial or incomplete answer or production is provided, you must state the reason that the answer or production is partial or incomplete.

F. You, yours, etc. The second person pronoun refers to Defendant its agents, representatives, and/or other persons acting or purporting to act on its behalf.

G. Concerning. The term "concerning" means referring to, describing, evidencing, or constituting.

H. Document. The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to

I. Employment. The term "Employment" shall mean hiring, work, occupation, profession, trade, job, or other form of rendering services in return for compensation, whether full or part-time, permanent or temporary, self-employed or in the employ of another individual or business entity.

J. Person. The unqualified term "Person" means an individual, corporation, firm, company, sole proprietorship, partnership, unincorporated association, or business association or governmental entity.

K. Identify. The terms "Identify," "identity," or "identification" mean:

   a. When used in reference to a person, to state his/her full name, present or last known address, present or last known telephone number, present or last known place of employment and position held, and business telephone number, and place of employment, position held, and business telephone number at the time period covered by these interrogatories;
   b. When used in reference to a document, to state the date, author, type of document (e.g., letter, memorandum, photograph, telegram, tape recording, etc.), the person or persons to whom either copies of it were sent, received, or otherwise distributed, the manner and means by which it was sent, received or otherwise distributed, and the present or last known location and custodian of the original of the document and any copies thereof. If any such document was, but is no longer, in your possession or custody or subject to your control, state what disposition was made of it, the date, by whom, and at whose direction;
   c. When used in reference to a communication, to state the type of communication (e.g., letter, personal conversation, meeting, etc.), and whether the communication was oral or in writing. If the communication was oral, state the date of the communication, the parties thereto, the place and approximate time thereof, the substance of what was said by each party, and the identity of all persons present. If the communication was written, produce the writing;

2

Case 3:21-cv-00526   Document 19-4   Plaintiff's First Set of Interrogatories   Filed 03/03/22   Page 2 of 7 PageID #: 119

    d. When used in reference to an act, fact, or event to state the substance of the act or event, the date, time and place of performance, and the identity of the actor and/or all other persons present;

    e. When used in reference to an omission, to state the substance of the act that you contend should or would have been performed, the time and date when such act should or would have been performed, the place where such act should or would have been performed, and the identity of the person who should or would have performed such act; and

    f. When used in reference to a date, to state the month, day, and year. Reference to any interval of time shall be designated by a beginning month, day, and year and an ending month, day, and year.

L. Relates. The phrase "Relates to" means evidences, supports, constitutes, contains records, discusses, summarizes, analyzes, discloses, and/or refers to, in whole or in part.

M. "And" and "or" each shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these interrogatories any information or document that might otherwise be construed to be outside its scope.

N. References to the singular shall include the plural; references to the plural shall include the singular.

O. References to the masculine shall include the feminine; references to the feminine shall include the masculine.

P. Plaintiff. The Term "Plaintiff" refers to Christie Andrews.

Q. If you contend that you are entitled to refuse to answer any of the interrogatories, state the exact legal basis upon which you contend that you are entitled to not answer the interrogatory.

R. If you contend that you are entitled to withhold from production any or all documents requested herein on the basis of the attorney/client privilege, work-product doctrine or other grounds, identify the nature of the document(s), (e.g., letter or memorandum) the date for the same, the author, and the person to whom the document was addressed; identify each individual who has seen the document, each individual who has received a copy of the document and from whom the document was received, and state the basis upon which you contend that you are entitled to withhold the document from production.

S. Relevant period. The "relevant period" means the period of time beginning five (5) years prior to the filing of Plaintiff's initial Complaint (ECF No. 1) and continuing to the present and shall be the time period applicable to each request unless otherwise stated

T. Avoidance of disputes and delays. If you believe that a request is confusing, vague, or ambiguous, please apply a reasonable construction to the request and respond accordingly. You may specify your construction of the request in the written portion of

your response. Alternatively, you may contact counsel for clarification prior to serving your response.

# INTERROGATORIES

**Interrogatory No. 1**

State all reasons Plaintiff's employment ended with Defendant.

**Interrogatory No. 2**

Identify all persons involved in the decisions leading to Plaintiff's employment ending with Defendant. Provide their first name, last name, job title, the dates of their employment, and last known home address, personal email, and cellphone.

**Interrogatory No. 3**

Identify all individuals employed in the Nashville, Tennessee office for any period of time between 2019 through the present. Provide their first name, last name, job title, the dates of their employment, and last known home address, personal email, and cellphone.

**Interrogatory No. 4**

Identify by bates number all documents that were shared, reviewed or relied upon by Defendant prior to terminating Plaintiff by the individuals involved in the decision leading to Plaintiff's employment ending with Defendant.

**Interrogatory No. 5**

Identify all persons Defendant contends engaged in the interactive process with Plaintiff. Provide their first name, last name, job title, the dates of their employment, and last known home address, personal email, and cellphone.

**Interrogatory No. 7**

Identify all persons who requested permission from Defendant to work from home status in 2020. Provide their first name, last name, job title, the dates of their employment and last known home address, personal email, and cellphone.

**Interrogatory No. 8**

Identify all persons Defendant terminated, laid off or furloughed in 2020 and provide the reason for the decision. Provide their first name, last name, job title, the dates of their employment, and last known home address, personal email, and cellphone.

**Interrogatory No. 9**

Identify each person who filled the vacancy left by Plaintiff or took over her job duties, responsibilities for any amount of time after Plaintiff's employment with Defendant ended. Provide their first name, last name, job title, the dates of their employment, and home address.

**Interrogatory No. 10**

Identify all persons hired by Defendant after March 1, 2020, through the date this lawsuit was filed. Provide their first name, last name, job title, the dates of their employment, and home address.

**Interrogatory No. 11**

Detail the job duties, responsibilities, and tasks performed by Plaintiff as Amex Liaison and Team Coordinator.

**Interrogatory No. 12**

For any full or partial denial to Plaintiff's requests for admissions please detail the factual basis.

**Interrogatory No. 13**

Identify all persons permitted to work from home for any period of time in 2020. Provide their first name, last name, job title, the dates of their employment, and home address.

**Interrogatory No. 14**

Identify all persons who held the position of Team Coordinator for any period time during Plaintiff's tenure through the date of trial. Provide their first name, last name, job title, the dates of their employment, and home address.

**Interrogatory No. 15**

State the amount of leave had available to her under the Family Medical Leave Act as of March 17, 2020.

**Interrogatory No. 16**

Identify all persons in Plaintiff chain of command – starting from the Plaintiff's immediate supervisor to the Chief Executive Officer. Provide their first name, last name, job title, the dates of their employment, and home address.

**Interrogatory No. 17**

Identify the author of the document "Plaintiff's First Requests for Admission Attachment #2" and the individuals and documents providing the factual basis for assertions made.

**Interrogatory No. 18**

Provide a detailed privilege log for any communications Defendant is not producing in responses to Plaintiff's Requests for Production based on an assertion of attorney client privilege or work product that concerning or relating to Plaintiff. The temporal scope of this request is limited to the last year of Plaintiff's employment.

<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that on Friday, October 29, 2021, I electronically served the foregoing *PLAINTIFF'S FIRST SET OF INTERROGATORIES* via e-mail:

Tara L. Swafford, BPR # 17577
Thomas Anthony Swafford, BPR # 17578
Elizabeth G. Hart, BPR # 030070
The Swafford Law Firm, PLLC
207 Third Avenue North
Franklin, Tennessee 37064
Tel: (615) 599-8406
Fax: (615) 807-2355
Tara@swaffordlawfirm.com
Tony@swaffordlawfirm.com
Betsy@swaffordlawfirm.com

Attorneys for Tri Star Sports and Entertainment Group, Inc.

                Respectfully submitted,

                *[signature]*

                Daniel Arciniegas, BPR #35853
                **ARCINIEGAS LAW**
                1242 Old Hillsboro Road
                The Atrium Building
                Franklin, Tennessee 37069
                T. 629.777.5339
                Daniel@AttorneyDaniel.com

                ROLAND F. MUMFORD, BPR #26495
                Law Offices of Roland Mumford & Assoc.
                242 West Main Street No. 223
                Hendersonville, TN 37075
                Telephone: 615.348.0070
                roland@mumfordlaw.net

                *Attorneys for Plaintiff*
                *Christie Andrews*