| | |
|---|---|
| **Subject:** | Re: Tri Star Discovery Responses |
| **Date:** | Friday, January 28, 2022 at 3:44:39 PM Central Standard Time |
| **From:** | Daniel Arciniegas |
| **To:** | Betsy Hart, roland@mumfordlaw.net |
| **CC:** | Tara Swafford |
| **Attachments:** | 38592EEF730844EBA93F33DF8A90E5A5.jpg, 9490ABE082514A21ACF7735CD9640AB5.png, B6E6B24E41AC4FBB836E8BD50C53C11B[1694722].jpg, B99BCBAA342444F0911C02EE0F9B7947.png, F7AD02BCCEDD432C957F81BC8D2292F3.png, image006.jpg |

Betsy:

I cannot agree to protective order that precludes me from showing documents to my client or potential witnesses. You can file your motion explaining the basis for including such a prohibition. This dispute should not delay production of other documents please produce those that will be marked as confidential. Please go ahead produce those. Thanks.



**Daniel Arciniegas**

Attorney
Arciniegas Law
1242 Old Hillsboro Rd.
The Atrium Building
Franklin, TN 37069
T. 629.777.5339
AttorneyDaniel.com

---

**From:** Betsy Hart <betsy@swaffordlawfirm.com>
**Date:** Wednesday, January 12, 2022 at 2:08 PM
**To:** Daniel Arciniegas <daniel@attorneydaniel.com>, roland@mumfordlaw.net <roland@mumfordlaw.net>
**Cc:** Tara Swafford <tara@swaffordlawfirm.com>
**Subject:** RE: Tri Star Discovery Responses

Daniel,

We will agree to the revised definitions that you have proposed, but need to leave paragraph 8 (disclosure of highly confidential information) as is. We do not currently have any documents that we plan to produce and designate as highly confidential but, because of the current media attention surrounding our client, we need to have this designation in place in case any document or information comes up that would meet the definition. For example, you have asked for PPP documents. While we have objected and do not plan to produce those, if Tri Star were to be ordered to produce PPP information, it would be designated as highly confidential.

We can't agree that highly confidential information can be shown to your client or lay witnesses, as this is really the whole reason for having the two tiered protective order.

We are ok revising the order to reflect that the designating party is the one that has to file a motion for the court to review a designation, as you have proposed.

We are also okay with your office keeping all case information for one year after all appeal deadlines have passed, as long as all of the designations and protections remain in place.

Happy to discuss over the phone if you would like.  Let us know.  Thanks.



Elizabeth "Betsy" Hart
321 Billingsly Ct., Suite 19
Franklin, TN  37067
615-599-8406 office
502-741-6831 cell
615-807-2355 fax
betsy@swaffordlawfirm.com

Note:  This email may contain PRIVILEGED and CONFIDENTIAL information and is intended only for the use of the specific individual(s) to whom it is addressed.  Your receipt of this email is not intended to waive any applicable privilege.  If you are not an intended recipient of this email, please note that any unauthorized use or copying of this email or its contents is strictly prohibited.  If you have received this email in error, please delete it and notify the sender immediately.

**From:** Daniel Arciniegas
**Sent:** Monday, January 10, 2022 12:16 PM
**Subject:** Re: Tri Star Discovery Responses

Betsy:

I'm looking at the proposed protective order, specifically at subsection 1(b) and section 8 "Disclosure of Highly Confidential Material." I generally do not agree to a protective orders with a two-tier designation plan,  as drafted the "Highly Confidential" designation operates as an "Attorney Eyes Only" designation. I primarily object to such AEO designations on grounds it prejudices plaintiff by requiring me agree to not discuss potentially probative information with my client or potential witnesses, without the benefit of having seen the information first.

It will help me if you can give me a description or examples of the information Defendant believes falls within this category in this case. I could possibly agree to a two-tier designation if we can tailor the definitions of confidential and highly confidential. I was thinking something along the lines of the following:

  (a)  "Confidential Information" means information Social Security or taxpayer identification numbers; dates of birth; names of minor children; financial account numbers; home addresses; sensitive information involving personal financial, medical, matrimonial or family matters.  Confidential Information does not include information that has been disclosed in the public domain and in a manner not in conflict with this Agreement.

  (b)  "Highly Confidential Information" means information that constitutes a trade secret and other confidential research, development, or commercial information that would significantly undercut a legitimate competitive advantage of the Designating Party if disclosed. Highly Confidential Information does not include information that has been disclosed in the public domain.

If we can agree on a tailored definition of "Highly Confidential Information" I have no problem with agreeing not to disseminate. However, I need to be able to discuss with my client and potential witnesses.

With respect to filing, I think "confidential information" as I have defined can be redacted for the most part, obviating the need to file under seal. I think the sealing section if limited to highly confidential information will work fine.

With respect to the designation challenge process, I believe the Designating Party should file the motion for the Court to decide whether there is good cause as contemplated under Fed. R. Civ. 26(c).

I need to be able to keep archival copies of information provided for a period of at least 1 year after the passage of an appeal deadlines. Also, the section would need to include "Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential or Highly Confidential Information."

These are the main issues. If we can resolve these issues then we should be able to iron out the rest pretty quickly.

If you think we need to discuss then propose a time Wednesday for a phone conference. Thank you.



**Daniel Arciniegas**
Arciniegas Law
1242 Old Hillsboro Road
The Atrium Building
Franklin, TN 37069
T. 629.777.5339
[AttorneyDaniel.com](AttorneyDaniel.com)

---

**From:** Daniel Arciniegas <daniel@attorneydaniel.com>
**Date:** Monday, January 10, 2022 at 9:24 AM
**To:** Betsy Hart <betsy@swaffordlawfirm.com>, roland@mumfordlaw.net <roland@mumfordlaw.net>
**Cc:** Tara Swafford <tara@swaffordlawfirm.com>
**Subject:** Re: Tri Star Discovery Responses

Betsy:

I would like until Friday January 14, 2022 to get you our discovery responses. Please confirm. I am reviewing the protective order this morning. Are there any documents Defendant will be producing that are not marked confidential or attorneys eyes only?



**Daniel Arciniegas**
Arciniegas Law
1242 Old Hillsboro Road
The Atrium Building
Franklin, TN 37069
T. 629.777.5339
AttorneyDaniel.com

**From:** Betsy Hart <betsy@swaffordlawfirm.com>
**Date:** Friday, January 7, 2022 at 4:23 PM
**To:** roland@mumfordlaw.net <roland@mumfordlaw.net>, Daniel Arciniegas <daniel@attorneydaniel.com>
**Cc:** Tara Swafford <tara@swaffordlawfirm.com>
**Subject:** Tri Star Discovery Responses

Daniel and Roland,

Tri Star's responses to your client's requests for production are attached, and below is a link to the non-confidential document production. Please let us know if you can agree to the protective order. Once that is in place, we will produce confidential and highly confidential documents. Thanks.

Tri Star NON-CONFIDENTIAL Production



Elizabeth "Betsy" Hart
321 Billingsly Ct., Suite 19
Franklin, TN  37067
615-599-8406 office
502-741-6831 cell
615-807-2355 fax
betsy@swaffordlawfirm.com

Note:  This email may contain PRIVILEGED and CONFIDENTIAL information and is intended only for the use of the specific individual(s) to whom it is addressed.  Your receipt of this email is not intended to waive any applicable privilege.  If you are not an intended recipient of this email, please note that any unauthorized use or copying of this email or its contents is strictly prohibited.  If you have received this email in error, please delete it and notify the sender immediately.