IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| CHRISTIE ANDREWS, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 3:21-cv-00526 |
| | ) | |
| v. | ) | Judge Eli J. Richardson |
| | ) | Magistrate Judge Jefferey S. Frensley |
| TRI STAR SPORTS AND | ) | |
| ENTERTAINMENT GROUP, INC., | ) | |
| | ) | JURY DEMAND |
| Defendant. | ) | |

**TRI STAR SPORTS AND ENTERTAINMENT GROUP, INC.'S
REPLY IN SUPPORT OF MOTION FOR ENTRY OF PROTECTIVE ORDER**

Pursuant to Local Rule 7.01 and Fed. R. Civ. P. 26(c), Defendant Tri Star Sports and Entertainment Group, Inc. ("Tri Star" or "Defendant") respectfully submits this Reply in Support of its Motion for Entry of a Protective Order and requests that the proposed Protective Order, filed on February 17, 2022, be entered. Tri Star has demonstrated a legitimate need for a routine protective order to facilitate the free exchange of information during discovery, and the proposed Order allows both parties to designate information as "confidential", contains clear procedures to challenge confidential designations, and allows the parties to use confidential information in this litigation.

Plaintiff contends that Tri Star has moved for the entry of a Protective Order to "interfere with Plaintiff's pursuit and prosecution of her case", and to "sweep as much as possible under a rug of secrecy". However, the proposed Protective Order does the opposite, as it would facilitate the free exchange of information between the parties and, thus, the prosecution and defense of this case. It is true that the Protective Order gives the parties the power to determine what information should be designated as confidential, but this is the very purpose of protective orders, a purpose

1

that has been recognized in this Circuit and by this Court as important and practical in the facilitation of discovery. *See Gunn v. BRP, Inc.*, *slip op.*, 2020 WL 11191822, *1 (M.D. Tenn. Aug. 20, 2020); *Ruiz-Bueno v. Scott*, 2013 WL 6122399, *2 (S.D. Ohio Nov. 21, 2013); *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016); and *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x 202, 207 (6th Cir. 2016).

Plaintiff contends that the proposed Protective Order requires her to apply to the Court before she can use confidential information in discovery, but that is not true. The proposed order allows both parties to use information exchanged during discovery, even if the information has been designated as confidential. In the event of a dispute over a designation, the order places the burden on the designating party to file an appropriate motion with this Court. Likewise, the designating party bears the burden of filing a motion to seal a document, should that become necessary. The proposed Protective Order does not change the burden with regard to filing documents under seal, which is reflected in this Court's standard case management order and in the parties' jointly filed proposed Case Management Order. Thus, the only time the Plaintiff would need to apply to the Court regarding confidential status is if a disagreement arises over information she has designated as confidential herself, or if she wishes to file a document under seal.

During the parties' communications regarding a proposed protective order, Plaintiff's counsel proposed a revised definition of "confidential" information; however, this was in the context of a previous version of the proposed order, which included both confidential and highly confidential designations. As discussed below, this definition is not suitable for a one-tiered protective order. When Plaintiff would not agree to a protective order that included an attorney's eyes only designation, Tri Star proposed a revised protective order, removing the highly confidential designation, but leaving the original confidential definition in place. Plaintiff did not

2

propose a counter definition – or any changes at all – to this protective order, which was sent on February 8, 2022. Rather, on February 11, 2022, counsel for both parties participated in a phone conference regarding the protective order and counsel for Plaintiff stated he would not agree to the entry of the proposed Protective Order and that Tri Star should file a motion.[1]

Plaintiff's opposition ultimately boils down to a baseless concern that Tri Star will over designate information as confidential. This is not a sufficient reason to deny the parties the benefit of a routine protective order and Plaintiff has presented no facts that support this speculation. In her opposition, Plaintiff ignores that Tri Star and its counsel have a duty to operate in good faith and that Tri Star has already produced non-confidential documents and information. Plaintiff has shown no evidence that would support any allegation that Tri Star will not continue to operate in good faith throughout this litigation. Further, the proposed Order provides a clear process to address any dispute over a confidential designation, should one arise.

Tri Star is a business management firm that serves high profile entertainers and athletes who have entrusted it with sensitive financial and personal information. Plaintiff admits that discoverable information may already be governed by valid non-disclosure agreements. A protective order is necessary to ensure this information maintains its confidential status, especially

---

[1] Plaintiff's allegations that Tri Star is proceeding with a lack of good faith are false. Tri Star timely raised the protective order issue in December when it first responded to discovery and has worked diligently since then to iron out Plaintiff's objections. For instance, Plaintiff proposed that the designating party (rather than the challenging party) be the one who must move for protection from the Court in the event of a dispute, and that counsel be permitted to retain a copy of all case related documents, regardless of confidentiality, for one year past all appeal deadlines. Both of these proposals are reflected in the proposed Protective Order. Tri Star also removed the attorney's eyes only designation at Plaintiff's request. Furthermore, Plaintiff's refusal to agree to the terms of a Protective Order and her argument that our proposed Order should be denied as a "blanket" protective order, underscore why it would be irresponsible to produce confidential information until a protective order is in place. This is not a delay tactic, and Tri Star has already produced many documents that are not designated as confidential.

given the media attention this case has already received. In addition, Plaintiff has alleged that she was discriminated against based on a disability, putting her own medical history at issue and potentially putting private medical information of non-party comparators at issue. Further, Plaintiff has requested private personnel information of other employees. Plaintiff does not appear to dispute that these non-parties have a privacy interest in their own personnel information and cannot reasonably dispute that non-parties have a similar privacy interest in their own medical information. A protective order is necessary to protect these interests.

Plaintiff's revisions to the proposed protective order should be rejected. First, the proposed definition of "confidential information" is unduly restrictive for a one-tiered protective order. It is also misplaced as it requires a designating party to prove that any confidential business information would "undercut a legitimate competitive advantage". This case has nothing to do with Tri Star's competitors, and much of its information should be designated as confidential because of the confidential nature of its work and its clientele without regard to the interests of its competitors. Second, "potential" witnesses should not have access to confidential information. Only when they become a validated witness in the case should they be given such access. Third, adding "shall" to the designation challenge process is unnecessary and has the potential to unduly ratchet up filings with the Court. Finally, all witnesses should be required to sign Exhibit A to preserve the protections of confidential information. Otherwise, there is no accountability for witness access to confidential information, and witnesses who are not otherwise recipients or authors of the confidential information should only be given confidential documents as a last resort, so this should not be as intrusive as Plaintiff alleges.

Tri Star has provided concrete reasons why a protective order is necessary and appropriate in this litigation. The proposed Protective Order allows both parties to designate information as

"confidential", contains clear procedures to challenge confidential designations, and allows the parties to use confidential information in this litigation. Entry of the proposed Order will allow the parties to exchange confidential documents freely and to address individual concerns about sealing documents if and as they arise. The Order will allow discovery to move forward efficiently without the need for repeated intervention from this Court. For these reasons, Tri Star respectfully requests that its proposed Protective Order be entered.

Respectfully Submitted,

/s/ Elizabeth G. Hart
THE SWAFFORD LAW FIRM, PLLC
Tara L. Swafford BPR # 17577
Thomas Anthony Swafford, BPR # 17578
Elizabeth G. Hart, BPR # 30070
321 Billingsly Court, Suite 19
Franklin, Tennessee 37067
Telephone: (615) 599-8406
Facsimile: (615) 807-2355
tara@swaffordlawfirm.com
tony@swaffordlawfirm.com
betsy@swaffordlawfirm.com

*Attorneys for Tri Star Sports & Entertainment Group, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

   I hereby certify that a true and correct copy of the foregoing document has been served via the Court's Electronic Filing System on:

Roland Mumford
Law Offices of Roland Mumford & Assoc.
242 West Main Street, No. 223
Hendersonville, TN 37075
roland@mumfordlaw.net

Daniel Eduardo Arciniegas
Arciniegas Law
1242 Old Hillsboro Road
The Atrium Building
Franklin Tennessee 37069
Daniel@attorneydaniel.com

on this 10th day of March 2022.

            /s/  Elizabeth G. Hart
               Elizabeth G. Hart