# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CHRISTIE ANDREWS, ) | |
|     Plaintiff, ) | Civil Action No. 3:21-cv-00526 |
| ) | Judge Richardson/Frensley |
| v. ) | Jury Demand |
| ) | |
| TRI STAR SPORTS AND ) | |
| ENTERTAINMENT GROUP, INC. ) | |
|     Defendant. ) | |

## ORDER

Pending before the Court is Tri Star Sports and Entertainment Group, Inc.'s Motion for Entry of Protective Order. Docket No. 18. The Plaintiff has filed a Response in Opposition to the motion. Docket No. 19. Defendant has filed a Reply. Docket No. 21. For the reasons set forth herein, the Defendant's motion is **GRANTED**.

## BACKGROUND

This is an employment discrimination suit brought by the Plaintiff alleging she was discriminated against on the basis of disability. Docket No. 1. Defendant responds that the Plaintiff was terminated because of company wide reduction in force due to a lack of work during the COVID-19 pandemic in which Plaintiff's alleged disability played no role in the decision. Docket No. 8. On September 21, 2021, the Court entered an initial case management order, and the matter is set for trial on April 11, 2023. Docket No. 12 and 13. The Defendant seeks entry of a protective order prior to the production of certain discovery responses on the grounds that "[t]his litigation involves confidential commercial information, including internal policies and communications, the disclosure of which could be extremely harmful to Tri Star." Docket No. 18, p. 2. The Defendant further submits the action involves "nonparty personal and personnel information" and

that it could cause harm or embarrassment to nonparties. *Id.* The Defendant has filed a proposed protective order. Docket No. 18-1.

The Plaintiff submits that the Defendant's requests for a protective order should be denied "because blanket orders are prone to abuse" and the Defendant does not meet the standard of Fed. R. Civ. P. 26(c). Docket No. 19. Specifically, Plaintiff objects to the Defendant's definition of "confidential information" arguing it is overbroad. *Id.* at pp. 7-8. Plaintiff further argues that Defendant does not provide good cause for designating information as confidential and fails to provide any examples or explanation of potential harm. *Id.* Plaintiff further contends that the protective order lacks mutuality and will unduly burden the Plaintiff and increase the costs of litigation. *Id.* Plaintiff also identifies several proposed modifications to the proposed order. *Id.*

In Reply, the Defendant contends it has demonstrated a legitimate demonstration for a routine protective order to facilitate discovery allowing both parties to designate information as "confidential;" that it has clear procedures for challenging designations; and allows the use of confidential information in the litigation. Docket No. 21. Defendant argues that the Plaintiff's revisions to the proposed protective order should be rejected. *Id.*

## LAW AND ANALYSIS

Rule 26(c) of the Federal Rules of Civil Procedure governs protective orders and allows for the court to issue an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, . . . . " Among the purposes of a protective order is to protect trade secrets or other confidential research, development or commercial information. Fed. R. Civ. P. 26(c)(1)(G).

The Court takes judicial notice that blanket protective orders are commonly entered in litigation in this district. The purpose of such orders is to allow the parties to designate certain

information as confidential without a requirement that the court review each piece of information before that designation. Components of such an Order that the court finds important are mutuality, procedures for objections and the ability of the receiving party to utilize information designated confidential under the protective order for the purposes necessary in the litigation. "Such orders place the burden on the producing party to act in good faith and designate information as confidential . . . ." *Ruiz-Bueno v. Scott*, 2013 WL 6122399, at *2. (S. D. Ohio November 21, 2013). The most important and practical purpose of blanket protective orders is to allow discovery to move forward without unnecessary delay. *Id.*

Rule 1 of the Federal Rules of Civil Procedure requires that the rules "should be construed, administered and employed by the Court and the Parties to secure, the just, speedy, and inexpensive determination of every action and proceeding." The Court has reviewed the Defendant's proposed protective order (Docket No. 18-1) and considered the Plaintiff's objections to the proposed order. The Court finds that the entry of the Defendant's proposed protective order in this case advances the purposes of Rule 1. Given the nature of this litigation and the claims asserted by the Plaintiff as well as the potential defenses, the Defendant has established good cause for protecting its business records and other materials containing confidential or personal information. All Parties have a duty of good faith in litigation and the Court finds no evidence that the Defendant is pursuing the entry of a protective order in bad faith. While the Court is generally mindful of the Plaintiff's suggestion that there is the potential for abuse, that does not mean that such abuse has or will occur. Through the various exhibits filed by the Parties in support of their positions, it appears that the Defendant has attempted to take into account Plaintiff's concerns in the drafting of the order and the Court is satisfied that it does so. The protective order allows discovery to move forward in this case without unnecessary delay and avoid document by document disputes that

would arise absent a protective order. Further, a designation of confidential does not prohibit utilization of the material in discovery in this case. Likewise, it does not preclude confidential information from being filed with the Court and the determination of whether such documents will remain confidential upon their filing ultimately must be decided in accordance with well-established Sixth Circuit precedent.

For the reasons set forth herein, the Defendant's Motion for Entry of Protective Order (Docket No. 18) is **GRANTED.** The Clerk of Court is directed to file the Defendant's proposed protective order found at docket entry 18-1.

**IT IS SO ORDERED.**

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**