IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTIE ANDREWS,<br><br>    Plaintiff,<br><br>v.<br><br>TRI STAR SPORTS AND<br>ENTERTAINMENT GROUP, INC.<br><br>    Defendant. | Civil No. 3:21-cv-00526<br>Judge Eli J. Richardson<br>Magistrate Judge Jefferey S. Frensley |

**PLAINTIFF'S REPLY TO RESPONSE TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER**

Plaintiff's protective order primarily seeks to define the manner of discovery. FRCP 29(c)(1)(C). Discovery should continue to be obtained through Plaintiff due to Defendant's untailored requests call for non-relevant privileged medical and employment information. Plaintiff can produce documents for the Courts *in camera* review, as it shows the comprehensive scope of her responses. Plaintiff maintains her objections to the propriety of releases being attached under FRCP 34, as well as to the untailored topical scope of the releases.

**PROCEDURAL BACKGROUND**

Plaintiff objected to signing releases because nothing in Fed. R. Civ. P. 34 explicitly permits a party to serve a release to obtain privileged medical and employment information from a third party. [1] Nonetheless, Plaintiff engaged in good faith efforts to resolve the dispute, so that

---

[1] *See, e.g., Becker v. Securitas Sec. Services USA, In*c., No. CIV.A.06-2226, 2007 U.S. Dist. LEXIS 15818, 2007 WL 677711, at *3 (D. Kan. March 2, 2007) ("Rule 34 contains no provision requiring a party to sign a release or authorization so that the requesting party may obtain a document directly from a non-party.") (citing *Shaw v. Mgmt. & Training Corp.*, No. CIV. A. 04-2394, 2005 U.S. Dist. LEXIS 2348, 2005 WL 375666, at *1 (D. Kan. Feb. 9, 2005); *see also Clark v. Vega Wholesale Inc.*, 181 F.R.D. 470, 471 (D. Nev. 1998) ("no basis in Rule 34" for entry of an order compelling a party to sign a release form to permit the moving party to obtain the signing party's medical records). A motion to compel the production of documents is proper when a party fails to comply with the discovery request. *See Fed. R. Civ.* P. 37(a)(3)(B)(iv) (failure to respond to a request for production of documents will enable a party to move to compel); *Fed. R. Civ. P. 34* (providing that requests for production of documents may be served "on any other party"). In contrast, a subpoena is the proper vehicle for seeking documents from a non-party. *Fed. R. Civ. P. 45* (a subpoena to produce documents may be directed to a "person"). *see Equal Emp't Opportunity Comm'n*

1

Parties may begin to focus on the real issues in this litigation. Plaintiff should not be compelled to sign a release, when she has agreed to obtain, provide the information, as well as provide transparency that permits confirmation.

The Court ordered Plaintiff to identify her medical provider from 2016 through the present and produce documents she already pledged related to her mitigation efforts. Plaintiff identified her primary healthcare provider in 2016 and produced screenshots from online job search websites containing much of the information Defendant seeks in its employment release.[2]

## SCOPE OF DISCOVERY

The standard of discovery following the 2015 amendments FRCP 26 permit discovery of "**nonprivileged** matter that is **relevant** to any party's claim or defense **and proportional** to the needs of the case" using several factors, including "the importance of the discovery in resolving the issues." An individual's medical and employment records are recognized as involving confidential and sensitive information that are often categorized as privileged, even when they are a plaintiff in an ADA action. Without doubt some information is relevant, discoverable, and admissible in an ADA case. However, the boundaries of discovery are not the same in all civil or ADA cases, and the differences come from the actual issues in the case.

## FACTUAL BACKGROUND

Defendant's own documents show Plaintiff's record of disability with the employer, including a letter from Plaintiff's healthcare provider requesting the ability work from home due

---

*v. Thorman & Wright Corp*, 243 F.R.D. 426, 429 (D. Kan. 2007) (court would not grant a motion to compel the plaintiff to sign a release because the Rule 34 cannot command a signature and the defendant had not attempted to issue a subpoena) *Donat v. Trek Bicycle Corp*., No. CIV 13-5052, 2015 U.S. Dist. LEXIS 132121, at *5 (D.S.D. Sep. 30, 2015)(Even if the physician-patient privilege is waived, that does not mean that the opposing party is entitled to a medical release so that they can then obtain and review all of the patient's medical records. A controversy over the redacted medical records produced by the Plaintiff can be resolved, as it was here, by an *in camera* review of the redactions. Even though an *in camera* review requires an expenditure of some judicial resources, that is a small price to pay for preserving privacy concerning irrelevant and private medical information).

[2] Plaintiff's counsel sent supplemental information via e-mail and will incorporate information into a styled supplemental set of responses. Plaintiff has continued, and will continue to supplement her responses.

to COVID-19 pandemic[3] as a reasonable accommodation. Defendant contends the healthcare provider's letter does not qualify as reasonable accommodation and admits making no effort to engage in the interactive process.

## ARGUMENT

The cases Defendant cites are distinguishable from this case because Plaintiff has produced responsive material, subject to good faith objections. Plaintiff produced privileged medical records beyond the proportionate needs of the case, more than merely submitting evidence of a medical diagnosis of an impairment. Plaintiff also produced privileged employment records relevant to mitigation efforts and damage calculations.

## MEDICAL RECORDS

Plaintiff moves this Court to enter a protective order that any medical releases be sent by Plaintiff's counsel, that the recipients release records to Plaintiff's counsel only and directly, so that she has an opportunity to review and if necessary raise any objections to production before those are produced to Defendant.

Plaintiff requested all personal health information from her primary healthcare provider during here in Tennessee and produced <u>all</u> medical records obtained – without redaction. Records obtained cover 2018 through 2022. Plaintiff produced the requests, the release, invoice that specifying the number of pages, and custodian of records statement. Providing total transparency as to requests and production.

Plaintiff has made efforts to contact her primary care healthcare provider in California [for the period 2016-2018] however the location appears to be closed.

If Defendant contends that there are any categories of medical records or other healthcare providers whose records are missing then Plaintiff will cooperate in good faith in obtaining those

---

[3] Plaintiff's request for reasonable accommodation was predicated on (1) COVID-19 pandemic; and (2) Defendant's use of certain cleaning products in response to pandemic.

records. Plaintiff also requests that the expense of obtaining additional records prior to 2018 and/or California providers be borne by Defendant or shared between the parties as the exceed the proportionate needs of the case.

## MITIGATION EFFORTS

Plaintiff answered interrogatories identifying vacancies for which she applied [company name, position, and date] and answered an interrogatory stating she did not turn down job offers.

Plaintiff has produced: (1) 2020 resume; (2) 2021 resume; (3) 15 pages of screenshots from (a) LinkedIn.com and (b) Teamworkonline.com (c) 93 e-mails related to her applications; (4) subsequent employment (a) job description; (b) pay stubs; (c) W-2.

## DOCUMENTS RELATED JOB SEARCH

Plaintiff has produced the resumes she used in 2020 and 2021, showing Defendant her "self-described skills and abilities" she submitted to potential employers. The screenshots from LinkedIn and Teamworkonline include active hyperlinks leading to the job postings, including the employers name, job descriptions that show the skills, abilities, qualifications sought by the potential employer and range of compensation [when employer included in posting] for each of the vacancies. The screenshots show the date Plaintiff submitted an application and in some instances when it was reviewed by hiring manager and total number of applicants.

Defendant has already gleaned from the information produced, Plaintiff did not limit her job search to work from home positions.[4] Plaintiff did not request reasonable accommodations from any of her potential employers.

## PLAINTIFF'S CURRENT EMPLOYER

---

[4] "Yet, she has produced no job applications. Many of the positions she applied for appear to be in person (not virtual) positions, such as "Associate Patient Services Specialist, Orthopedic Clinic" at Vanderbilt University, Office Manager for UTA, Executive Assistant at WMG, Universal Banker at Truist Bank, and Office Manager at Tik Tok." [Doc. 30 Page ID #:213.]

Plaintiff has not requested a reasonable accommodation from her current employer. Plaintiff has produced the job description (including duties, obligations), pay records, wage benefits information for her subsequent employment. Plaintiff was recently informed that she will be receiving a pay increase and promotion and is working on obtaining documents reflecting this change once it has been processed. Because Plaintiff has not been terminated from her subsequent employer, therefore Plaintiff's performance reviews, disciplinary documents are not relevant or discoverable with respect to Plaintiff's duty to mitigate.

## PRIOR EMPLOYER

Plaintiff's prior employment record, six years prior from the actual events at issue in this case, is not relevant to mitigation or damages. It is simply too temporally remote to be even marginally relevant, much less necessary to Defendant's failure to mitigate defense. If Defendant believes in its theory of relevancy then it can obtain it through serving a subpoena by certified mail.

## BLANKET RELEASES IS UNNECESSARILY INTRUSIVE

Plaintiff has produced much, if not all the information Defendant seeks. Requesting the right to serve releases injecting the style of the name and Plaintiff's current employer to deliver employment records to attorneys is simply unnecessary. Similarly, Plaintiff has produced ample evidence showing her efforts to mitigate. Defendant fails to provide factual or legal predicate for demanding duplicative discovery.

## CONCLUSION

Good cause for entering this protective order are based on (1) Plaintiff's demonstrated efforts to produce her sensitive, confidential, privileged information with some opportunity to review; (2) potential harm to her current employment and future economic mobility with potential employers; (3) protect Plaintiff from cumulative and duplicative discovery.

Respectfully submitted,

_____<br>
Daniel Arciniegas<br>
**ARCINIEGAS LAW**

**CERTIFICATE OF SERVICE**

I hereby certify that on Monday, April 18, 2022, I electronically served the foregoing *PLAINTIFF's Reply* via CM/ECF:

Tara L. Swafford, BPR # 17577
Thomas Anthony Swafford, BPR # 17578Elizabeth G. Hart, BPR # 030070
The Swafford Law Firm, PLLC
207 Third Avenue North
Franklin, Tennessee 37064
Tel: (615) 599-8406
Fax: (615) 807-2355
Tara@swaffordlawfirm.com
Tony@swaffordlawfirm.com
Betsy@swaffordlawfirm.com

Attorneys for Tri Star Sports and EntertainmentGroup, Inc.

                            Respectfully submitted,

                            Daniel Arciniegas, BPR #35853
                            **ARCINIEGAS LAW**
                            1242 Old Hillsboro Road
                            The Atrium Building
                            Franklin, Tennessee 37069
                            T. 629.777.5339
                            Daniel@AttorneyDaniel.com

                            ROLAND F. MUMFORD, BPR #26495
                            Law Offices of Roland Mumford &
                            Assoc.242 West Main Street No. 223
                            Hendersonville, TN  37075
                            Telephone: 615.348.0070
                            roland@mumfordlaw.net

                            *Attorney for Plaintiff*
                            *Christie Andrews*