# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| **CHRISTIE ANDREWS,** ) | |
| ) | |
| Plaintiff, ) | CASE NO. 3:21-cv-00526 |
| ) | |
| v. ) | Judge Eli J. Richardson |
| ) | Magistrate Judge Jefferey S. Frensley |
| **TRI STAR SPORTS AND** ) | |
| **ENTERTAINMENT GROUP, INC.,** ) | |
| ) | **JURY DEMAND** |
| Defendant. ) | |

## TRI STAR SPORTS AND ENTERTAINMENT GROUP, INC.'S
## MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56.01, Defendant Tri Star Sports and Entertainment Group, Inc. ("Tri Star" or "Defendant") respectfully moves for summary judgment as to all claims filed by Plaintiff. In support of this Motion, Tri Star relies on the contemporaneously filed Memorandum of Law, Statement of Undisputed Material Facts, and the record as a whole.

Plaintiff was employed by Tri Star for approximately six years, until the Covid-19 pandemic caused Tri Star to lose significant revenues and forced it to reduce its workforce by 25%. Plaintiff was laid off on March 20, 2020 as part of this reduction in force. Plaintiff contends that, although she was one of 33 employees (of a total of 132) laid off, she was actually singled out and terminated because of her disability – well-controlled asthma – and her need to work from home indefinitely as an accommodation for her asthma. Plaintiff has produced no evidence supporting her assertion that her asthma constitutes a disability as defined by the ADA or that her asthma prevented her from working in-person. To the contrary, Plaintiff's own testimony shows that her

1

asthma is and always has been well-controlled and is, thus, not a disability, and that she has no need for an ADA accommodation. The facts related to her alleged disability are undisputed, making this issue ripe for summary judgment. Even if her asthma did rise to the level of an ADA disability, it is undisputed that Lou Taylor, the sole decisionmaker as to who would be included in the reduction in force, had no knowledge of Plaintiff's asthma. There is no evidence that Plaintiff was singled out for any unlawful reason when she was included in the reduction in force.

Further, regular in-person attendance is an essential requirement of team coordinator, the position held by Plaintiff. Thus, even if Plaintiff were able to show that she is disabled and requires accommodation, which she cannot do, allowing Plaintiff to work from home indefinitely would require eliminating this essential function and thus, would create an undue hardship on Tri Star.

Plaintiff has produced no evidence that she is disabled as defined by the ADA or that she was targeted for inclusion in the reduction in force for any unlawful reason. Thus, she cannot succeed on any claim and summary judgment is appropriate.

WHEREFORE, for the reasons stated herein and in the accompanying Memorandum of Law, Tri Star respectfully requests that summary judgment be entered and this case be dismissed with prejudice.

Respectfully Submitted,

/s/ Elizabeth G. Hart
THE SWAFFORD LAW FIRM, PLLC
Tara L. Swafford BPR # 17577
Thomas Anthony Swafford, BPR # 17578
Elizabeth G. Hart, BPR # 30070
321 Billingsly Court, Suite 19
Franklin, Tennessee 37067
Telephone: (615) 599-8406
Facsimile: (615) 807-2355
tara@swaffordlawfirm.com
tony@swaffordlawfirm.com
betsy@swaffordlawfirm.com

*Attorneys for Tri Star Sports &
Entertainment Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via the Court's Electronic Filing System on:

Daniel Eduardo Arciniegas
Arciniegas Law
1242 Old Hillsboro Road
The Atrium Building
Franklin Tennessee 37069
Daniel@attorneydaniel.com

on this 3rd day of November 2022.

/s/     Elizabeth G. Hart
Elizabeth G. Hart