# EXHIBIT 31



Plaintiff's Production 000040

Find jobs    Company reviews    Find salaries    Upload your resume    Sign in   |   Employers / Post Job

| team coordinator | **Where** | Nashville, TN | | Find jobs | Advanced Job |

within 25 miles    Salary ▾    Job Type ▾    Location ▾    Company ▾    Experience Level ▾

**Upload your resume** - Let employers find you

team coordinator jobs in Nashville, TN

Sort by: **relevance** - date      Page 1 of 719 jobs ⑦

### Payroll Coordinator
Premise Health   **3.3**
Brentwood, TN 37027

- Duties include accurate processing and recording of company's payroll, maintaining time and attendance records, and participate in data entry bi-weekly payroll...

Just posted  ·  Save job



### Project Coordinator (Consultant)
CarePool
Nashville, TN  •  Remote work available

**$45,000 - $55,000 a year**

#### Requirements
Administrative Support: 1 year

Bachelor's

✈ Easily apply    ⊙ Urgently hiring

- ☐ Prepare project organization and communication charts around hiring processes for a large team.
- ☐ Effectively and accurately communicate relevant project...

2 days ago  ·  Save job

### Admissions Coordinator
Express Employment Professionals   **3.8**

---



### Team Coordinator
Tri Star Sports and Entertainment Group - Nashville, TN 37203

[ Apply On Company Site ]    ♡

Tri Star Sports & Entertainment Group is seeking a Team Coordinator to join our team Business Management team located in **Nashville.**

The Team Coordinator would need a strong ability to manage and support all client related tasks and would be reporting up to the Accounting Manager and the Business Manager. In addition, this individual will be:

- Responsible for execution of client ancillary support tasks and projects as directed by Business Management team.
- Scanning, filing and other basic administration to support staff and managers.
- Point person to assist with client real estate purchases and sales.
- Point person to assist with all car / equipment acquisitions and sales.
- Assisting with client needs relating to property,



Plaintiff's Production 000041

Nashville, TN 37228 (Bordeaux area)

## $15 - $18 an hour

 Easily apply   **B** Be an early applicant

🕐 Urgently hiring

- Document clinical decisions and recommendations resulting from interdisciplinary team meetings.
- Experience in working with diverse care teams, or other business...

Just posted  ·  Save job

---

### Service Coordinator

Western Express, Inc.  **3.3**
Nashville, TN 37209

## $36,000 - $42,000 a year

 Easily apply

Seeking courteous, polite individual to join a team of people dedicated to serving our drivers. Our On-Road Service Coordinators communicate with our drivers...

30+ days ago  ·  Save job

---

### Team Coordinator

Tri Star Sports and Entertainment Group
Nashville, TN 37203

- Responsible for execution of client ancillary support tasks and projects as directed by Business Management team.
- Executing ad-hoc administrative assignments.

30+ days ago  ·  Save job  ·  More...

- View all Tri Star Sports and Entertainment Group jobs in Brentwood, TN - Nashville jobs
- Salary Search: Team Coordinator salaries in Brentwood, TN
- Related forums: Team Coordinator - Nashville Tennessee - Tri Star Sports and Entertainment Group

---

### Operations Coordinator

Nashville Classical Charter School
Nashville, TN 37206 (Eastwood area)

## $34,000 - $42,000 a year

 Easily apply   Responsive employer

---

### Team Coordinator ✕

Tri Star Sports and Entertainment Group - Nashville, TN 37203

| Apply On Company Site |  |
|---|---|

Tri Star Sports & Entertainment Group is seeking a Team Coordinator to join our team Business Management team located in **Nashville.**

The Team Coordinator would need a strong ability to manage and support all client related tasks and would be reporting up to the Accounting Manager and the Business Manager. In addition, this individual will be:

- Responsible for execution of client ancillary support tasks and projects as directed by Business Management team.
- Scanning, filing and other basic administration to support staff and managers.
- Point person to assist with client real estate purchases and sales.
- Point person to assist with all car / equipment acquisitions and sales.
- Assisting with client needs relating to property,

Plaintiff's Production 000042

- The Operations Coordinator is a full-time role on Nashville Classical's Operations Team.
- Successful experience working in a school or mission-driven non-profit*...

21 days ago · Save job · More...

### Therapy Coordinator

Tennessee Oncology **3.5**
Nashville, TN 37203

- Ensures collaboration among clinic and pharmacy teams in coordination of drug access for prior authorizations and co-pay assistance.
- Able to lift 25 pounds.

Just posted · Save job · More...

### Referral Development Coordinator | Pain Management Group

Pain Management Group **2.3**
Nashville, TN

**$40,000 - $50,000 a year**

 Easily apply

- Stay abreast of changes in market conditions while embracing team collaboration for overall group objectives.
- Analytical thinking and thoughtful problem-solving...

27 days ago · Save job · More...

### Logistics Coordinator "Dispatcher" Crude

Delek US **2.8**
Brentwood, TN 37027

- Ensuring pick-ups and deliveries are made in accordance with service level targets.
- Dispatching drivers and common carriers to appropriate pick-up and delivery...

4 days ago · Save job · More...

### Logistics Coordinator

ShypDirect
Nashville, TN

**$40,000 - $50,000 a year**

---

### Team Coordinator



Tri Star Sports and Entertainment Group - Nashville, TN 37203

> **Apply On Company Site**     ♡

Tri Star Sports & Entertainment Group is seeking a Team Coordinator to join our team Business Management team located in **Nashville.**

The Team Coordinator would need a strong ability to manage and support all client related tasks and would be reporting up to the Accounting Manager and the Business Manager. In addition, this individual will be:

- Responsible for execution of client ancillary support tasks and projects as directed by Business Management team.
- Scanning, filing and other basic administration to support staff and managers.
- Point person to assist with client real estate purchases and sales.
- Point person to assist with all car / equipment acquisitions and sales.
- Assisting with client needs relating to property,

Plaintiff's Production 000043

 Easily apply     Be an early applicant

⊙ Urgently hiring

○ Collaborate with other teams including fleet management, safety, HR, and IT.
○ In this high energy position, you will monitor the dispatch operation closely and...

Just posted · Save job · More...

---

### Learning & Development Coordinator
Amazon.com Services LLC  3.6
Nashville, TN

○ Strong team work and interpersonal skills.
○ Monitor the team's shared Outlook Mailbox.
○ CLASSROOM FACILITATION: Build skills as a trainer through agenda...

30+ days ago · Save job · More...

---

### Building Operations Coordinator
Vanderbilt University  4.0
Nashville, TN 37240

○ Assist with team-wide events, communication, and logistical needs to promote team cohesion and morale.
○ This position is an integral part of the coordination and...

9 days ago · Save job · More...

---

### HOSTING POSITION $11 - $15 per hour
Rodizio Grill The Brazilian Steakhouse - Nashville  3.7
Nashville, TN 37201

**$11 - $15 an hour**

○ Supports the coordinator when not assigned the position.
○ Cooperate with fellow Hosts to achieve team and guest service goals.

9 days ago · Save job · More...

---

### Installation Coordinator (Nashville, TN)
ARS-Rescue Rooter  3.1
Nashville, TN 37201

---

### Team Coordinator
Tri Star Sports and Entertainment Group - Nashville, TN 37203

[ Apply On Company Site ]  ♡

Tri Star Sports & Entertainment Group is seeking a Team Coordinator to join our team Business Management team located in **Nashville.**

The Team Coordinator would need a strong ability to manage and support all client related tasks and would be reporting up to the Accounting Manager and the Business Manager. In addition, this individual will be:

- Responsible for execution of client ancillary support tasks and projects as directed by Business Management team.
- Scanning, filing and other basic administration to support staff and managers.
- Point person to assist with client real estate purchases and sales.
- Point person to assist with all car / equipment acquisitions and sales.
- Assisting with client needs relating to property,

Plaintiff's Production 000044

## $16 - $17 an hour

- ○ Hourly Pay: $16-17/hr, negotiable per experience.
- ○ Outbound dial to contact all hot/warm/cold sales leads received.
- ○ Ability to work with minimal supervision.

2 days ago  ·  Save job  ·  More...

## Merchandise Coordinator

Bargain Hunt  **2.7**

Antioch, TN

### $16 - $18 an hour

 Easily apply   Urgently hiring

- ○ Supports the Senior Buyer in the daily operational tasks, office duties, and field/vendor communications for the area of responsibility.

6 days ago  ·  Save job

1    2    3    4    5    ❯

Logistics Coordinator          Operations Coordinator

Team Coordinator          Nashville Tennessee

**Resume Resources** Resume Samples - Resume Templates

**Career Resources:** Career Explorer - Salary Calculator

© 2020 Indeed – Do Not Sell My Personal Information - Privacy Cente

Let Emplo

Upload Y

---



## Team Coordinator

Tri Star Sports and Entertainment Group - Nashville, TN 37203

| Apply On Company Site |  |
| --- | --- |

Tri Star Sports & Entertainment Group is seeking a Team Coordinator to join our team Business Management team located in **Nashville.**

The Team Coordinator would need a strong ability to manage and support all client related tasks and would be reporting up to the Accounting Manager and the Business Manager. In addition, this individual will be:

- Responsible for execution of client ancillary support tasks and projects as directed by Business Management team.
- Scanning, filing and other basic administration to support staff and managers.
- Point person to assist with client real estate purchases and sales.
- Point person to assist with all car / equipment acquisitions and sales.
- Assisting with client needs relating to property,

---

# EXHIBIT 32

# COVID-19 Tri Star WFH List

| Office | Approved by Lou | Name | Status of Laptop | Essential | Nonessential | Laid Off | Depart | Reason | Notes | Documentation Provided | Approved by Director | Date Approved | Policy Signed | Letter Signed | RTW Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| EAST | No | | n/a | | No | No | Royalties | Compromised immune | Asked to provide docs but has not | | | n/a | | | |
| EAST | No | Andreas Christie | n/a | | No | Yes on 3/20/2020 | Team Cord. | Compromised immune | Everyday | Yes | | n/a | | | |
| EAST | No | | n/a | | No | Yes on 3/20/2020 | Royalties Cord. | Family member compromised | Everyday | Yes | | n/a | | | |
| EAST | No | | n/a | | No | Yes on 4/1/2020 | Royalties Cord. | Childcare | Everyday | n/a | | n/a | | | |
| EAST | No | | n/a | | No | Yes on 4/15/2020 | Touring Specialist | Compromised immune | | Yes | | | | | |
| EAST | No | | n/a | | No | Yes on 4/2/2020 | Royalties Cord. | Compromised immune | Everyday | Yes | | n/a | | | |
| EAST | Yes | | With employee | Yes | | No | Royalties | Family member compromised | Everyday | | Yes (LT) | 3/16/2020 | Yes | Yes | |
| EAST | Yes | | With employee | Yes | | No | BM | Age | Everyday | n/a | Yes (PS) | 3/25/2020 | Yes | Yes | |
| EAST | Yes | | With employee | Yes | | No | Touring | Childcare | WFH Tuesday only | n/a | Yes (DC) | 3/25/2020 | Yes | Yes | |
| EAST | Yes | | With employee | Yes | | No | | Childcare | 2 days a week Monday and Friday | n/a | | | | | |
| EAST | Yes | | With employee | Yes | | No | Touring (Jenner) | Childcare | 2 days a week Wes & Fri Afternoon | n/a | Yes (BG) | 4/7/2020 | Yes | Yes | |
| EAST | Yes | | With employee | Yes | | No | BM | Childcare | WFH Wednesdays | n/a | Yes (PS) | 3/16/2020 | Yes | Yes | |
| EAST | Yes | | With employee | Yes | | No | Transition | Compromised immune | Everyday | | Yes(DC) | 3/18/2020 | Yes | Yes | 6/8/2020 |
| EAST | Yes | | With employee | Yes | | No | CART | Exposed- 14 day q starting March 27 | Everyday | n/a | Yes (PS) | 3/30/2020 | Yes | Yes | 4/13/2020 |
| EAST | Yes | | With employee | Yes | | No | BM | Partner in medical field | Everyday | | Yes (PS) | 3/18/2020 | Yes | Yes | |
| EAST | Yes | | With employee | Yes | | No | BM | Compromised immune | Everyday | Yes | Yes(BL) | 3/18/2020 | Yes | Yes | 6/8/2020 |
| EAST | Yes | | With employee | Yes | | No | Touring | Family member compromised | Everyday | | Yes(DC) | 3/23/2020 | Yes | Yes | |
| EAST | Yes | | With employee | Yes | | No | Touring | Compromised immune | Everyday | Yes | Yes (BL) | 3/16/2020 | Yes | Yes | 6/8/2020 |
| EAST | Yes | | With employee | Yes | | No | Touring | Family member compromised | Everyday | | | 4/1/2020 | Yes | Yes | 6/8/2020 |
| WEST | No | | n/a | | No | No | Team Cord. | Childcare | | n/a | | n/a | | | |
| WEST | No | | n/a | | No | Yes on 4/15/2020 | HR Cord. | Compromised immune | | | | | | | |
| WEST | No | | n/a | | No | Yes on 3/20/2020 | Touring | Childcare | Not needed everyday | n/a | | n/a | | | |
| WEST | No | | n/a | Yes | | Yes on 3/30/2020 | Transition | Compromised immune | Everyday | Yes | | | | | |
| WEST | Yes | | n/a | Yes | | Yes on 3/13/2020 | Touring | Compromised immune | | | | 3/18/2020 | Yes | Yes | |
| WEST | No | | n/a | | No | Yes on 4/15/2020 | Royalties | | | | | n/a | | | |
| WEST | Yes | | n/a | Yes | | Yes on 5/15/2020 | Corporate | Childcare | Not needed everyday | n/a | | 3/16/2020 | Yes | Yes | |
| WEST | No | | n/a | | No | Yes on 3/20/2020 | Reception | Compromised immune | Everyday | Yes | | n/a | | | |
| WEST | No | | n/a | | No | Yes on 3/20/2020 | Team Cord. | Compromised immune | Everyday | Yes | | n/a | | | |
| WEST | No | | n/a | | No | Yes on 3/20/2020 | Team Cord. | Compromised immune | Everyday | Yes | | n/a | | | |
| WEST | Yes | | n/a | | No | Yes on 5/15/2020 | Corporate | Childcare | Everyday | n/a | | 3/16/2020 | | | |
| WEST | No | | n/a | No | | Yes on 4/15/2020 | Touring | Family member compromised | Everyday | n/a | | 4/15/2020 | | | |
| WEST | Yes | | With employee | Yes | | No | BM | Girlfriend Compromised | Everyday | n/a | Yes (RG) | 4/22/2020 | Yes | Yes | 6/8/2020 |
| WEST | Yes | | With employee | Yes | | No | Corporate | Children/Traveled abroad | Everyday | n/a | Yes (LT) | 3/16/2020 | | | |
| WEST | Yes | | With employee | Yes | | No | CART | Childcare | Not needed everyday | n/a | Yes (MB) | 3/16/2020 | Yes | Yes | |
| WEST | Yes | | With employee | Yes | | No | BM | Traveled Abroad | Everyday | n/a | Yes (MB) | 3/16/2020 | Yes | | 3/30/2020 |
| WEST | Yes | | With employee | Yes | | No | BM | Family member compromised | Everyday | n/a | Yes | 3/23/2020 | Yes | Yes | |
| WEST | Yes | | With employee | Yes | | No | CART | Family member compromised | Everyday | | Yes (MB) | 3/27/2020 | Yes | Yes | 6/8/2020 |
| WEST | Yes | | With employee | Yes | | No | Touring | Compromised immune | Everyday | Yes | Yes (DC) | 3/18/2020 | Yes | Yes | 6/8/2020 |
| WEST | Yes | | With employee | Yes | | No | BM | Family member compromised | Everyday | | Yes (LT) | 3/18/2020 | Yes | | |
| WEST | Yes | | With employee | Yes | | No | BM | Compromised immune | Everyday | | Yes | 3/23/2020 | Yes | Yes | 6/8/2020 |
| WEST | Yes | | With employee | Yes | | No | BM | Family member compromised | Everyday | | Yes | 3/23/2020 | Yes | Yes | 6/8/2020 |
| WEST | Yes | | With employee | Yes | | No | Touring | Compromised immune | Everyday | Yes | Yes | 4/1/2020 | Yes | Yes | 6/8/2020 |
| WEST | Yes | | With employee | Yes | | No | CART | Brother works in medical | Everyday | | Yes (MB) | 3/23/2020 | Yes | Yes | |
| WEST | Yes | | With employee | Yes | | No | BM | Compromised immune | Everyday | Yes | Yes (MB) | 3/18/2020 | Yes | Yes | 6/8/2020 |
| WEST | Yes | | With employee | Yes | | No | Touring | Parents compromised | Everyday | | Yes | 3/23/2020 | Yes | Yes | 6/8/2020 |
| WEST | Yes | | With employee | Yes | | No | Touring | Childcare | Everyday | n/a | Yes(MB) | 3/16/2020 | Yes | Yes | |

**Key**
- Additional Laid Off Employees
- Laid Off
- Not Approved
- Pending Info

Updated on June 12 2020 by YS

TRI STAR CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER 000099

# EXHIBIT 34

| | | |
|---|---|---|
| **CHRISTIE ANDREWS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO. 3:21-cv-00526** |
| | ) | |
| **v.** | ) | **Judge Eli J. Richardson** |
| | ) | **Magistrate Judge Jefferey S. Frensley** |
| **TRI STAR SPORTS AND** | ) | |
| **ENTERTAINMENT GROUP, INC.,** | ) | |
| | ) | **JURY DEMAND** |
| **Defendant.** | ) | |

## TRI STAR SPORTS AND ENTERTAINMENT GROUP, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Tri Star Sports and Entertainment Group, Inc. ("Defendant" or "Tri Star"), by and through counsel, responds to the First Set of Interrogatories propounded by Plaintiff Christie Andrews ("Plaintiff" or "Andrews") as follows:

### GENERAL OBJECTIONS

1.     Defendant objects to each of Plaintiff's Interrogatories to the extent such Interrogatory seeks information protected from disclosure by the attorney-client and/or work-product privileges.

2.     Defendant objects to the definitions and instructions attached to Plaintiff's Interrogatories to the extent they attempt to impose obligations upon Defendant that are not required by or are inconsistent with the Federal Rules of Civil Procedure or the Local Rules for the Middle District of Tennessee.

3.     Defendant relies on these General Objections in its answers even if not reasserted in the specific responses to each Interrogatory.

1

EXHIBIT 10
WITNESS: [handwritten]
DATE: 8-24-22
CARISSA L. BOONE, RPR

## INTERROGATORIES

**Interrogatory No.    1**

State all reasons Plaintiff's employment ended with Defendant.

**RESPONSE:** Employee was laid off as part of a reduction in force made necessary by the COVID-19 pandemic. Additionally, she was a non-essential employee who had significant performance issues.

**Interrogatory No.    2**

Identify all persons involved in the decisions leading to Plaintiff's employment ending with Defendant. Provide their first name, last name, job title, the dates of their employment, and last known home address, personal email, and cellphone.

**RESPONSE:**

- Lou Taylor, Owner. Ms. Taylor can be contacted through counsel for Defendant.

**Interrogatory No.    3**

Identify all individuals employed in the Nashville, Tennessee office for any period of time between 2019 through the present. Provide their first name, last name, job title, the dates of their employment, and last known home address, personal email, and cellphone.

**RESPONSE:** Defendant objects to this interrogatory as it is overly broad and calls for information that is irrelevant and not likely to lead to the discovery of admissible information. Plaintiff worked as a Team Coordinator/AmEx Liaison at the time of her termination. Information regarding employees who held positions other than Team Coordinator or who worked in other locations is not relevant to this matter and is not likely to lead to the discovery of admissible information. Subject to and without waiving these objections, the following individuals held the position of Team Coordinator in the Nashville office from January 1, 2019 through the present:

- Roschelle Surdoval
  Team Coordinator
  9/4/18 – 12/5/19

- Ambra Baker
  Team Coordinator
  9/17/18 – present
  Ms. Baker is a current Tri Star employee and can be contacted through counsel for Defendant.

- Kellee Adamson
  Team Coordinator
  7/16/19 – 8/20/21

2

- Anna Lyons
  Team Coordinator
  3/8/17 – 11/1/20
  ███████████████

- Nola (Douglas) Oakley
  Manager, Client Experience & Project Management
  Previously held position of Team Coordinator
  9/6/17 – present
  Ms. Oakley is a current Tri Star employee and can be contacted through counsel for Defendant.

- Olivia Burns
  Team Coordinator
  10/26/20 - 10/8/21
  ███████████████

- Christin Walker
  Team Coordinator
  12/7/20 – present
  Ms. Walker is a current Tri Star employee and can be contacted through counsel for Defendant.

- Katie Mullen
  Team Coordinator
  1/11/21 – 7/2/21
  ███████████████

- Margaret Ledet
  Team Coordinator
  1/11/21 – present
  Ms. Ledet is a current Tri Star employee and can be contacted through counsel for Defendant.

- Haley Daniels
  Team Coordinator
  6/1/21 – 10/5/21
  ███████████████

- Jessica Bradford
  Team Coordinator
  7/26/21 – present
  Ms. Bradford is a current Tri Star employee and can be contacted through counsel for Defendant.

3

- Lia Screnci
  Team Coordinator
  8/9/21 – present
  Ms. Screnci is a current Tri Star employee and can be contacted through counsel for Defendant.

- Tayler Schreiner
  Team Coordinator
  9/20/21 – 12/24/21
  ████████████████

- In addition, Plaintiff was a Team Coordinator/AmEx Liaison in the Nashville office during this time frame.

**Interrogatory No.    4**

Identify by bates number all documents that were shared, reviewed or relied upon by Defendant prior to terminating Plaintiff by the individuals involved in the decision leading to Plaintiff's employment ending with Defendant.

**RESPONSE:**  Defendant objects to identifying documents by bates numbers, as this is not required by applicable rules of procedure. Defendant further objects to this interrogatory to the extent it calls for information protected by the attorney-client or work product privileges. Subject to and without waiving these objections, see emails produced by Tri Star in which Plaintiff's lay off was discussed.

**Interrogatory No.    5**

Identify all persons Defendant contends engaged in the interactive process with Plaintiff. Provide their first name, last name, job title, the dates of their employment, and last known home address, personal email, and cellphone.

**RESPONSE:**  Defendant did not engage in an interactive process with Plaintiff in March 2020 and any such interactive process would have been futile as she was laid off as part of a reduction in force made necessary by the COVID-19 pandemic.

**Interrogatory No.    7**

Identify all persons who requested permission from Defendant to work from home status in 2020. Provide their first name, last name, job title, the dates of their employment and last known home address, personal email, and cellphone.

**RESPONSE:**  Defendant objects to this interrogatory as it is overly broad and calls for information that is irrelevant, not likely to lead to the discovery of admissible information, and not proportional to the needs of this case. Tri Star has multiple office locations. Plaintiff worked as a Team Coordinator/AmEx Liaison in the Nashville office at the time of her termination. Information regarding employees who held positions other than Team Coordinator or who worked in other locations is not relevant to this matter and is not likely to lead to the discovery of admissible information. Subject to and without waiving these objections, Plaintiff was the only Team Coordinator in the Nashville office who requested work from home status in 2020. In

4

addition, the following non-essential employees in the Nashville office requested work from home status in 2020:

- Anna Miller
  Executive Assistant
  7/31/17 – present
  Ms. Miller's request was not approved. Ms. Miller is a current employee of Tri Star and can be contacted through counsel for Defendant.

- Miles Franco
  Royalties Coordinator
  4/29/19 – 3/20/20
  Mr. Franco's request was not approved. He was laid off on March 20, 2020.
  ██████████████

- Isabel Leatherbury
  Royalties Coordinator
  10/21/19 – 4/1/20
  Ms. Leatherbury's request was not approved. She was laid off on April 1, 2020.
  ██████████████

- Kristen Mir
  Touring Specialist
  9/15/14 – 4/15/20
  Ms. Mir's request was not approved. She was laid off on April 15, 2020.
  ██████████

- Amanda Portillo
  Royalties Coordinator
  6/4/18 – 4/2/20
  Ms. Portillo's request was not approved. She was laid off on April 2, 2020.
  ██████████████

**Interrogatory No.    8**

Identify all persons Defendant terminated, laid off or furloughed in 2020 and provide the reason for the decision. Provide their first name, last name, job title, the dates of their employment, and last known home address, personal email, and cellphone.

**RESPONSE:** Defendant objects to this interrogatory as overly broad in scope. Tri Star has multiple office locations. Plaintiff worked as a Team Coordinator/AmEx Liaison in the Nashville office at the time of her termination. Information regarding employees who held positions other than Team Coordinator or who worked in other locations is not relevant to this matter and is not likely to lead to the discovery of admissible information. Subject to and without waiving these objections, Tri Star laid off the following employees across both offices in 2020:

- Christie Andrews
  Team Coordinator/AmEx Liaison, Nashville
  8/18/14 – 3/20/2020

5

Laid off due to the pandemic

- Molly Kafka
  Reception and Office Specialist, LA
  4/30/18 – 3/20/2020
  Laid off due to the pandemic
  ███████████████████

- Vincent Drushella
  Sr. Accountant, LA
  10/8/18 – 3/20/2020
  Laid off due to the pandemic
  ███████████████████

- Miles Franco
  Royalty Coordinator, Nashville
  4/29/19 – 3/20/2020
  Laid off due to the pandemic
  ███████████████████

- Erica Mathis
  Accounting Support Specialist, LA
  4/29/19 – 3/20/2020
  Laid off due to the pandemic
  ███████████████████

- Theodora Thompson
  Team Coordinator and Development & Operations Specialist, LA
  6/10/19 – 3/20/2020
  Laid off due to the pandemic
  ███████████████████

- Gerard Heintz
  Accounting Manager, LA
  6/17/19 – 3/20/2020
  Laid off due to the pandemic
  ███████████████████

- Andrew Cantor
  Director, Touring, LA
  2/5/2020 – 3/20/2020
  Laid off due to the pandemic
  ███████████████████

6

- Shonett Hatten
  Accounting Support Specialist, LA
  2/17/20 – 3/20/2020
  Laid off due to the pandemic

- Stephanie Majors
  Team Coordinator, LA
  2/24/20 – 3/20/2020
  Laid off due to the pandemic

- Lauren Blevins
  Executive Assistant, Nashville
  1/7/20 – 3/24/2020
  Laid off due to the pandemic

- LaTonya Patterson
  Senior Accountant, LA
  7/8/19 – 3/30/2020
  Laid off due to the pandemic

- Latonya Deloach
  Senior Accountant, LA
  8/5/19 – 3/30/2020
  Laid off due to the pandemic

- Daniel Rios
  Team Coordinator, LA
  1/27/20 – 3/30/2020
  Laid off due to the pandemic

- Isabel Leatherbury
  Royalty Coordinator, Nashville
  10/21/19 – 4/1/2020
  Laid off due to the pandemic

- Amanda Portillo
  Royalty Coordinator, Nashville
  6/4/18 – 4/2/2020
  Laid off due to the pandemic

7

- Kristen Mir
  Touring Specialist, Nashville
  9/15/14 – 4/15/2020
  Laid off due to the pandemic
  █████████████

- Josue Albillo
  HR Coordinator, LA
  1/8/18 – 4/15/2020
  Laid off due to the pandemic
  ████████████

- Heather Gruber
  Royalty Specialist, LA
  4/30/18 – 4/15/2020
  Laid off due to the pandemic
  ███████████████████

- Salvador Zamora
  Staff Accountant, LA
  8/6/18 – 4/15/2020
  Laid off due to the pandemic
  ███████████████

- Lindsey Waterhouse
  Marketing Director, LA
  1/13/20 – 4/15/2020
  Laid off due to the pandemic
  ███████████████

- Allison Trammell
  HR Coordinator, LA
  2/17/20 – 4/15/2020
  Laid off due to the pandemic
  █████████████

- Gabrielle Gumbs
  Payroll Specialist, LA
  3/2/20 – 4/15/2020
  Laid off due to the pandemic
  ███████████████

- Tammi Dutro
  Accounting Manager, LA
  3/9/20 – 4/20/2020
  Laid off due to the pandemic
  ███████████████

8

- Candace Majedi-Caswell
  Technology, LA
  3/25/19 – 5/15/2020
  Laid off due to the pandemic
  ████████████████████

- Farah Juliana
  Billing, LA
  7/15/19 – 5/15/2020
  Laid off due to the pandemic
  ████████████████████

- Maria Nea Fernando
  Senior Accountant, LA
  11/4/19 – 5/15/2020
  Laid off due to the pandemic
  ████████████████████

- Alberto Rodriguez-Alvarado
  Staff Accountant, LA
  9/3/19 – 5/15/2020
  Laid off due to the pandemic
  ████████████████████

- Chanelle Ciaramitaro
  Accounting Manager, LA
  6/4/16 – 6/11/2020
  Laid off due to the pandemic
  ████████████████████

- Samantha Fisher
  Staff Accountant, LA
  8/6/18 – 6/19/2020
  Laid off due to the pandemic
  ████████████

- Mitchell Blackburn
  Staff Accountant, LA
  2/19/19 – 6/22/2020
  Laid off due to the pandemic
  ████████████████████

9

**Interrogatory No.    9**

Identify each person who filled the vacancy left by Plaintiff or took over her job duties, responsibilities for any amount of time after Plaintiff's employment with Defendant ended. Provide their first name, last name, job title, the dates of their employment, and home address.

**RESPONSE:**  Plaintiff was not replaced.  Plaintiff's job duties were dispersed among remaining employees.

**Interrogatory No.    10**

Identify all persons hired by Defendant after March 1, 2020, through the date this lawsuit was filed. Provide their first name, last name, job title, the dates of their employment, and home address.

**RESPONSE:**  Defendant objects to this interrogatory as it is overly broad in scope and calls for information that is not relevant and not likely to lead to the discovery of admissible information. Tri Star has multiple locations.  Plaintiff worked as a Team Coordinator/AmEx Liaison in the Nashville office at the time of her termination.  Information regarding employees hired for positions other than Team Coordinator or hired to work in other locations is not relevant to this matter and is not likely to lead to the discovery of admissible information.  Subject to and without waiving these objections, Tri Star hired the following individuals to work as Team Coordinators in the Nashville office after March 1, 2020:

- Christin Walker
  Team Coordinator, Nashville
  12/7/20 – present
  Ms. Walker is a current Tri Star employee and can be contacted through counsel for Defendant.

- Haley Daniels
  Team Coordinator, Nashville
  6/1/21 – 10/5/21
  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

- Jessica Bradford
  Team Coordinator, Nashville
  7/26/21 – present
  Ms. Bradford is a current Tri Star employee and can be contacted through counsel for Defendant.

- Katie Mullen
  Team Coordinator, Nashville
  1/11/21 – 7/2/21
  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

10

- Lia Screnci
  Team Coordinator, Nashville
  8/9/21 – present
  Ms. Screnci is a current Tri Star employee and can be contacted through counsel for Defendant.

- Olivia Burns
  Team Coordinator, Nashville
  10/26/20 - 10/8/21
  █████████████████

- Tayler Schreiner
  Team Coordinator, Nashville
  9/20/21 – 12/24/21
  █████████████████

**Interrogatory No.      11**

Detail the job duties, responsibilities, and tasks performed by Plaintiff as Amex Liaison and Team Coordinator.

**RESPONSE:**   See job descriptions, which will be produced with Defendant's responses to Plaintiff's Requests for Production.

**Interrogatory No.      12**

For any full or partial denial to Plaintiff's requests for admissions please detail the factual basis.

**RESPONSE:** Tri Star provided explanations to any partial denials in its Responses to the Requests for Admission. The unqualified denials do not require a detailed factual explanation. Further, if Defendant were to respond to this interrogatory, it would increase the number of interrogatories beyond what is allowed by the local rules.

**Interrogatory No.      13**

Identify all persons permitted to work from home for any period of time in 2020. Provide their first name, last name, job title, the dates of their employment, and home address.

**RESPONSE:** Defendant objects to this interrogatory as it is overly broad in scope and calls for information that is not relevant and not likely to lead to the discovery of admissible information. Tri Star has multiple locations.  Plaintiff worked in the Nashville office at the time of her termination. Information regarding employees who held positions other than Team Coordinator or who worked in other locations is not relevant to this matter and is not likely to lead to the discovery of admissible information.  Subject to and without waiving these objections, no Team Coordinators were given work from home status in 2020.  Team Coordinator is a non-essential position. Tri Star did not allow any non-essential employees to be on work from home status in 2020.

11

**Interrogatory No.    14**

Identify all persons who held the position of Team Coordinator for any period time during Plaintiff's tenure through the date of trial. Provide their first name, last name, job title, the dates of their employment, and home address.

**RESPONSE:** Defendant objects to this interrogatory as overly broad in time. Tri Star has multiple office locations. Plaintiff worked in the Nashville office at the time of her termination. Thus, this interrogatory calls for information that is not relevant and is not likely to lead to the discovery of admissible information. Subject to and without waiving this objection, the following individuals held the position of Team Coordinator in the Nashville office during Plaintiff's time in the Nashville office:

- Christie Andrews
  Team Coordinator/AmEx Liaison

- Chelsea Good
  Team Coordinator, Nashville
  2/26/18 – 8/21/18

- Roschelle Surdoval
  Team Coordinator, Nashville
  9/4/18 – 12/5/19

- Ambra Baker
  Team Coordinator, Nashville
  9/17/18 – present
  Ms. Baker is a current Tri Star employee and can be contacted through counsel for Defendant.

- Kellee Adamson
  Team Coordinator, Nashville
  7/16/19 – 8/20/21

- Anna Lyons
  Team Coordinator, Nashville
  3/8/17 – 11/1/20

- Nola (Douglas) Oakley
  Manager, Client Experience & Project Management (current title)
  9/6/17 – present
  Ms. Oakley is a current Tri Star employee and can be contacted through counsel for Defendant.

12

**Interrogatory No.    15**

State the amount of leave had available to her under the Family Medical Leave Act as of March 17, 2020.

**RESPONSE:** Defendant objects to this interrogatory as it is irrelevant and not likely to lead to the discovery of admissible information. Plaintiff has not asserted any cause of action under the FMLA. Subject to and without waiving this objection, Plaintiff had twelve weeks of FMLA leave available to her as of March 17, 2020.

**Interrogatory No.    16**

Identify all persons in Plaintiff chain of command – starting from the Plaintiff's immediate supervisor to the Chief Executive Officer. Provide their first name, last name, job title, the dates of their employment, and home address.

**RESPONSE:** On her last day of employment, Plaintiff reported directly to Bryan Luecke, Business Manager. Mr. Luecke was employed from March 30, 2015 through March 31, 2020. He can be contacted through his counsel, Sam Miller, Miller Law Group, 615-988-9011.

Plaintiff's second line supervisor was Peggy Stephens, Director of Business Management. Ms. Stephens is a current Tri Star employee and can be contacted through counsel for Defendant.

Plaintiff's third line supervisor was Lou Taylor, Owner. Ms. Taylor can be contacted through counsel for Defendant.

**Interrogatory No.    17**

Identify the author of the document "Plaintiff's First Requests for Admission Attachment #2" and the individuals and documents providing the factual basis for assertions made.

**RESPONSE:** Defendant objects to this interrogatory to the extent it calls for information protected by the attorney-client or work production privileges. Subject to and without waiving this objection, the document was authored by Donaciano Ponce de Leon, Human Resources Director, following an internal investigation.

**Interrogatory No.    18**

Provide a detailed privilege log for any communications Defendant is not producing in responses to Plaintiff's Requests for Production based on an assertion of attorney client privilege or work product that concerning or relating to Plaintiff. The temporal scope of this request is limited to the last year of Plaintiff's employment.

**RESPONSE:** Defendant will produce a privilege log with its responses to Plaintiff's Requests for Production if necessary.

13

## Verification

I, Louise Taylor, declare under penalty of perjury that the answers to the above Interrogatories are true and correct to the best of my knowledge, information and belief.

Louise Taylor

Respectfully submitted,

/s/ Tara L. Swafford
Tara L. Swafford, BPR # 17577
Thomas Anthony Swafford, BPR # 17578
Elizabeth G. Hart, BPR # 30070
The Swafford Law Firm, PLLC
321 Billingsly Court, Suite 19
Franklin, Tennessee 37067
Tel: (615) 599-8406
Fax: (615) 807-2355
Tara@swaffordlawfirm.com
Tony@swaffordlawfirm.com
Betsy@swaffordlawfirm.com

*Attorneys for Tri Star Sports and Entertainment Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of December 2021, a true and correct copy of the

foregoing was served via electronic and/or regular mail on:

Roland Mumford
Law Offices of Roland Mumford & Assoc.
242 West Main Street, No. 223
Hendersonville, TN 37075
roland@mumfordlaw.net

Daniel Eduardo Arciniegas
Arciniegas Law
1242 Old Hillsboro Road
The Atrium Building
Franklin Tennessee 37069
Daniel@attorneydaniel.com

/s/      Elizabeth G. Hart
Elizabeth G. Hart

# EXHIBIT 35

Plaintiff's Production 000053

Rebuttal of Complaint:

- Ms. Andrews was hired by Tri Star Sports & Entertainment Group on August 18, 2014.
- Her role was Team Coordinator – American Express Liaison.
- Tri Star Sports & Entertainment Group employs more than fifteen (15) employees.
- Ms. Andrews disclosed _only_ an alleged disability pertaining to ADHD.
- An accommodation was made for Ms. Andrews under ADA consisting of a flexible work schedule.
- The flexible work schedule allowed Ms. Andrews to engage in extended studies pertaining to her alleged diagnosis of ADHD and afforded her the ability to adjust her sleep cycle pursuant to her symptomology.
- Out of concern for her well-being, this accommodation was extended despite the failure of Ms. Andrews to attend scheduled meetings or successfully perform the essential functions of her role attributable to her unpredictable schedule.

- Beginning in March of 2020, our offices were cleaned in accordance with the CDC's COVID-19 recommendations, which included the use of disinfectants such as Lysol.
- Ms. Andrews never alleged that the inhalation of Lysol aggravated an unidentified pre-existing disability, nor did she indicate that her alleged ADHD diagnosis was aggravated or exacerbated by the disinfectant.
- In her complaint Ms. Andrews references CP. Is she alleging a diagnosis of Cerebral Palsy (CP)? No disability was ever alleged other than ADHD. In fact, her alleged ADHD diagnosis is not even supported by her medical file.
- Our cleaning practices and cleaning schedule were altered in accordance with Ms. Andrews complaint about her sensitivity to the smell of Lysol. Again, there was no allegation voiced that Lysol aggravated an underlying disability; only that she woke with a cough on March 17, 2020. Her manager instructed her to take a sick day to determine whether her cough could have been attributable to COVID. In relation to her cough, she informed Yolanda Simpson, Human Resources Generalist, that she was suffering from "allergies."

- Ms. Andrews requested the opportunity to work from home on a permanent basis but did not disclose the basis for her request. Had Ms. Andrews alleged that a disability precluded her from physically working in our Nashville location, Tri Star Sports & Entertainment Group would have been afforded the opportunity to exercise our due diligence to investigate a potential need under ADA
- Despite any temporary accommodation under ADA, Ms. Andrews would have ultimately been laid off pursuant to a business need since the American Express Liaison role is not essential to our business and the role was eliminated.

- On March 20, 2020, all employees engaged in a meeting with CEO Lou Taylor. Ms. Taylor explained that while the company would attempt to accommodate a work from home model for high-risk employees, some roles simply could not be performed in said capacity on an ongoing basis (WE, LIKE MOST EMPLOYERS, INITIALLY BELIEVED THAT COVID WOULD BE A SHORT-TERM ADVERSITY). Any high-risk employee whose role could not be performed within the work from home model would be laid off or furloughed until the CDC provided alternative solutions for high-risk employees to safely return to the office.
- Unfortunately, the role of Ms. Andrews was not one that could be transitioned to a work from home model. There were numerous other members of our administrative staff who were also laid off for this reason.
- Tri Star Sports & Entertainment Group proceeded with furloughs and lay-offs pursuant to Ms. Taylor's aforementioned statement to staff.

- The prior role of Ms. Andrews has not been filled to date. There is no American Express Liaison on staff.
- Team Coordinator roles are still not part of our work from home model.

# EXHIBIT 36

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **CHRISTIE ANDREWS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO. 3:21-cv-00526** |
| | ) | |
| **v.** | ) | **Judge Eli J. Richardson** |
| | ) | **Magistrate Judge Jefferey S. Frensley** |
| **TRI STAR SPORTS AND** | ) | |
| **ENTERTAINMENT GROUP, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | **JURY DEMAND** |

## TRI STAR SPORTS AND ENTERTAINMENT GROUP, INC'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Federal Rules of Civil Procedure 26 and 36, Defendant Tri Star Sports and Entertainment Group, Inc. ("Defendant" or "Tri Star"), by and through counsel, responds to the First Set of Requests for Admission propounded by Plaintiff Christie Andrews ("Plaintiff" or "Andrews") as follows:

### GENERAL OBJECTIONS

1.      Defendant objects to each of Plaintiff's Requests to the extent such Request seeks information protected from disclosure by the attorney-client and/or work-product privileges.

2.      Defendant objects to the definitions and instructions attached to Plaintiff's Requests to the extent they attempt to impose obligations upon Defendant that are not required by or are inconsistent with the Federal Rules of Civil Procedure or the Local Rules for the Middle District of Tennessee.

3.      Defendant relies on these General Objections in its answers even if not reasserted in the specific responses to each Request.

1

EXHIBIT 11
WITNESS: Taylor
DATE: 8-24-22
CARISSA L. BOONE, RPR

## Responses to Requests for Admission

**Request for Admission No. 1**

Admit that Yolanda Simpson called Plaintiff and requested documentation from Plaintiff's healthcare provider to support her request to work from home.

RESPONSE: Denied.

**Request for Admission No. 2**

Admit that Yolanda Simpson received **Attachment #1**. [Email From: Christie Andrews Sent: Tuesday, March 17, 2020 Subject: Re: Christie and the attachment letter from TriStar Medical Group.

RESPONSE: The attached document speaks for itself. Yolanda Simpson does not recall receiving the document and, therefore, Defendant cannot admit or deny this request.

**Request for Admission No. 3**

Admit that Defendant submitted **Attachment #2**. [Respondent's rebuttal to Christie Andrews Charge of Discrimination to the United States Equal Employment Opportunity Commission].

RESPONSE: Admitted.

**Request for Admission No. 4**

Admit that Plaintiff requested to work from home on a permanent basis in March 2020.

RESPONSE: Denied.

**Request for Admission No. 5**

Admit that Defendant did not engage in the interactive process in response to Plaintiff's requested to work from home on a permanent basis.

RESPONSE: Denied. Plaintiff did not request to work from home on a permanent basis.

**Request for Admission No. 6**

Admit Defendant has more than 500 employees.

RESPONSE: Denied.

2

**Request for Admission No. 7**

Admit that Defendant had already provided Plaintiff a VPN laptop in March 2020.

RESPONSE: Denied.

**Request for Admission No. 8**

Admit Defendant was on notice that Plaintiff had a record of disability.

RESPONSE: Admitted that Defendant was on notice of Plaintiff's ADHD as a disability. Denied that Defendant was on notice of any other disability.

**Request for Admission No. 9**

Admit that Defendant was aware that Plaintiff was an individual with an actual disability.

RESPONSE: Admitted that Defendant was on notice of Plaintiff's ADHD as a disability. Denied that Defendant was on notice of any other disability.

**Request for Admission No. 10**

Admit that Plaintiff's supervisor perceived Plaintiff as possibly having COVID.

RESPONSE: Objection. Defendant cannot admit or deny the perception of another individual; thus, this request is denied. Admitted that Plaintiff's supervisor communicated that during her employment, Plaintiff was near someone who had been coughing; Plaintiff had also been coughing herself.

**Request for Admission No. 11**

Admit that after Plaintiff's termination other employees performed the tasks she had been performing.

RESPONSE: Admitted.

**Request for Admission No. 12**

Admit that the decision to eliminate the American Express Liaison position was made after the decision to terminate Plaintiff.

RESPONSE: Admitted.

3

**Request for Admission No. 13**

Admit CEO Lou Taylor spoke during a meeting on March 20, 2020.

RESPONSE: Admitted.

**Request for Admission No. 14**

Admit CEO Lou Taylor spoke during a meeting on March 20, 2020 she stated "I already fired one employee."

RESPONSE: Denied.

**Request for Admission No. 15**

Admit Plaintiff did not voluntarily quit.

RESPONSE: Admitted.

Respectfully submitted,

/s/ Tara L. Swafford
Tara L. Swafford, BPR # 17577
Thomas Anthony Swafford, BPR # 17578
Elizabeth G. Hart, BPR # 30070
The Swafford Law Firm, PLLC
321 Billingsly Court, Suite 19
Franklin, Tennessee 37067
Tel: (615) 599-8406
Fax: (615) 807-2355
Tara@swaffordlawfirm.com
Tony@swaffordlawfirm.com
Betsy@swaffordlawfirm.com

*Attorneys for Tri Star Sports and Entertainment Group, Inc.*

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of November 2021, a true and correct copy of the

foregoing was served via electronic and/or regular mail on:

Roland Mumford
Law Offices of Roland Mumford & Assoc.
242 West Main Street, No. 223
Hendersonville, TN 37075
roland@mumfordlaw.net

Daniel Eduardo Arciniegas
Arciniegas Law
1242 Old Hillsboro Road
The Atrium Building
Franklin Tennessee 37069
Daniel@attorneydaniel.com

/s/    Elizabeth G. Hart
       Elizabeth G. Hart

# EXHIBIT 37

| | | |
|---|---|---|
| **CHRISTIE ANDREWS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO. 3:21-cv-00526** |
| | ) | |
| v. | ) | **Judge Eli J. Richardson** |
| | ) | **Magistrate Judge Jefferey S. Frensley** |
| **TRI STAR SPORTS AND** | ) | |
| **ENTERTAINMENT GROUP, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | **JURY DEMAND** |

## TRI STAR SPORTS AND ENTERTAINMENT GROUP, INC.'S
## RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Tri Star Sports and Entertainment Group, Inc. ("Defendant" or "Tri Star"), by and through counsel, responds to the First Set of Requests for Production propounded by Plaintiff Christie Andrews ("Plaintiff" or "Andrews") as follows:

### GENERAL OBJECTIONS

1. Defendant objects to each of Plaintiff's Requests to the extent such Request seeks information protected from disclosure by the attorney-client and/or work-product privileges.

2. Defendant objects to the definitions and instructions attached to Plaintiff's Requests to the extent they attempt to impose obligations upon Defendant that are not required by or are inconsistent with the Federal Rules of Civil Procedure or the Local Rules for the Middle District of Tennessee.

3. Defendant objects to producing confidential or proprietary information until an appropriate protective order is in place. Any documents referenced below that are of a confidential or proprietary nature will be produced after a protective order has been entered.

1

EXHIBIT 12
WITNESS: Taylor
DATE: 8-24-22
CARISA GONZALEZ

4.     Defendant relies on these General Objections in its answers even if not reasserted in the specific responses to each Request.

## RESPONSES TO REQUESTS FOR PRODUCTION

**Request for Production No.     1**

Produce all documents relating or concerning Plaintiff, Plaintiff's employment and job performance including her application, resume, offer letter, job description(s), personnel file, performance review(s), counseling(s), coaching(s), warning(s), suspension(s), discipline(s), termination, pay records, pay stubs, benefits, supervisor file, human resource file and medical file.

**RESPONSE:** Tri Star objects to this request to the extent it calls for information protected by the attorney-client or work product privileges. Tri Star further objects to this request as overly broad, in that it is unlimited in time and scope and calls for information that is not relevant and is not likely to lead to the discovery of admissible information, and is disproportionate to the needs of this litigation. Plaintiff was employed by Tri Star for nearly six years. Every document relating or concerning Plaintiff is not relevant to this litigation, and the cost of collecting and producing those is disproportionate to the needs of this litigation. Subject to and without waiving these objections, see documents regarding Plaintiff's job status (hiring, promotions, layoff), performance, and job description. Responsive documents that are confidential or highly confidential will not be produced until an appropriate protective order is in place.

**Request for Production No.     2**

Produce all communications regarding Plaintiff, Plaintiff's employment, Plaintiff's job performance, including, but not limited to email communications by her immediate supervisor, other members of management, human resources and privilege log for communications involving legal counsel prior to Plaintiff's termination.

**RESPONSE:** Tri Star objects to this request to the extent it calls for information protected by the attorney-client or work product privileges. Tri Star further objects to this request as overly broad, in that it is unlimited in time and scope and calls for information that is not relevant and is not likely to lead to the discovery of admissible information, and is disproportionate to the needs of this litigation. Plaintiff was employed by Tri Star for nearly six years. Every single communication regarding her is not relevant to this litigation, and the cost of collecting and producing those is disproportionate to the needs of this litigation. Subject to and without waiving these objections, see response to request no. 1. Responsive documents that are confidential or highly confidential will not be produced until an appropriate protective order is in place.

2

**Request for Production No. 3**

Produce all communications to Plaintiff regarding Plaintiff's employment, Plaintiff's job performance, Plaintiff's termination, as well as post employment communications with Plaintiff, concerning or relating to Plaintiff.

**RESPONSE:** Tri Star objects to this request to the extent it calls for information protected by the attorney-client or work product privileges. Tri Star further objects to this request as overly broad, in that it is unlimited in time and scope and calls for information that is not relevant and is not likely to lead to the discovery of admissible information, and is disproportionate to the needs of this litigation. Plaintiff was employed by Tri Star for nearly six years. Every single communication regarding her is not relevant to this litigation, and the cost of collecting and producing those is disproportionate to the needs of this litigation. Subject to and without waiving these objections, see response to request no. 1, and emails relating to Plaintiff's job performance and layoff. Responsive documents that are confidential or highly confidential will not be produced until an appropriate protective order is in place.

**Request for Production No. 4**

Produce all documents relating or concerning Defendant's policies, procedures, practices including but not limited to employee handbook, memorandums, amendments, e-mail updates the Americans with Disabilities Act, COVID-19 reasonable accommodation, the interactive process, equal employment opportunities during the period of Plaintiff's tenure with Defendant.

**RESPONSE:** Tri Star objects to this request to the extent it calls for information protected by the attorney-client or work product privileges. Tri Star further objects to this request as vague, overly broad, in that it is unlimited in time and scope and calls for information that is not relevant and is not likely to lead to the discovery of admissible information, and is disproportionate to the needs of this litigation. The cost of collecting and producing all documents related to any policy, procedure or practice is disproportionate to the needs of this litigation. Subject to and without waiving these objections, see Tri Star's employee handbook, which was in place at the time of Plaintiff's layoff. This document will not be produced until an appropriate protective order is in place.

**Request for Production No. 5**

Produce all documents Defendant used in providing Plaintiff, her direct supervisor and other employees involved in the decision to terminate Plaintiff or eliminating her position training regarding discrimination, retaliation, the Americans with Disabilities Act, the Family Medical Leave, and equal employment opportunities, posted notices, training transcript, copies of training materials (videos, print outs, handouts and computer modules).

**RESPONSE:** Tri Star objects to this request to the extent it calls for information protected by the attorney-client or work product privileges. Tri Star further objects to this request as vague, overly broad, in that it is unlimited in time and scope and calls for information that is not relevant and is not likely to lead to the discovery of admissible information, and disproportionate to the needs of this litigation. Subject to and without waiving these objections, see Tri Star's employee handbook, which will be produced after an appropriate protective order is in place.

3

**Request for Production No.   6**

Produce all documents Defendant consulted with respect to Plaintiff's request for reasonable accommodation.

**RESPONSE:**  Tri Star objects to this request to the extent it calls for information protected by the attorney-client or work product privilege.  Subject to and without waiving this objection, Defendant has no responsive documents as the decision to include plaintiff in a reduction in force due to COVID was made before the request could be considered.  Plaintiff was a non-essential employee. Non-essential employees were not given work from home status in 2020.

**Request for Production No.   7**

Produce all documents concerning or relating to Defendant engaging in the interactive process with Plaintiff.

**RESPONSE:**  Tri Star objects to this request to the extent it calls for information protected by the attorney-client or work product privilege.  Subject to and without waiving this objection, Defendant has no responsive documents as the decision to include plaintiff in a reduction in force due to COVID was made before the request could be considered.  Plaintiff was a non-essential employee.  Non-essential employees were not given work from home status in 2020.

**Request for Production No.   8**

Produce all documents concerning or relating to Defendant considering or evaluating the costsof making the accommodation Plaintiff requested, including estimates, quotes, and costs projections.

**RESPONSE:**  Tri Star objects to this request to the extent it calls for information protected by the attorney-client or work product privilege.  Subject to and without waiving this objection, Defendant has no responsive documents as the decision to include plaintiff in a reduction in force due to COVID was made before the request could be considered.  Plaintiff was a non-essential employee. Non-essential employees were not given work from home status in 2020.

**Request for Production No.   9**

Produce all documents concerning or relating to any reasonable accommodation Defendant proposed to Plaintiff.

**RESPONSE:**  Tri Star objects to this request to the extent it calls for information protected by the attorney-client or work product privilege.  Subject to and without waiving this objection, Defendant has no responsive documents as the decision to include plaintiff in a reduction in force due to COVID was made before the request could be considered.  Plaintiff was a non-essential employee. Non-essential employees were not given work from home status in 2020.

4

**Request for Production No. 10**

Produce all documents relating or concerning Defendant's non-discriminatory business justification for terminating Plaintiff and eliminating her position, including any communications and information relied upon on by decision-makers, human resources and legal counsel prior to communicating to Plaintiff she was terminated.

**RESPONSE:** Tri Star objects to this request to the extent it calls for information protected by the attorney-client or work product privilege. Subject to and without waiving this objection, see emails in which Plaintiff's significant performance issues and layoff are discussed. Responsive documents that are confidential or highly confidential will not be produced until an appropriate protective order is in place.

**Request for Production No. 11**

Produce all documents relating or concerning reports and complaints involving an allegation disability discrimination or serious health condition, including but not limited failure to engage in the interactive process, failure to provide reasonable accommodation, termination whether made to Defendant, a third party designated by Defendant, or a state or federal agency. [For example: charges of discrimination, notice of charge discrimination, Defendant's correspondence – position statements, rebuttal statements] The temporal scope of this request starts 2 years prior to Plaintiff's hiring through the date of trial.

**RESPONSE:** Tri Star objects to this request to the extent it calls for information protected by the attorney-client or work product privilege. Tri Star further objects as this request is vague and ambiguous, and overly broad in scope, calling for information that is not relevant and is not likely to lead to the discovery of admissible information, and is disproportionate to the needs of this litigation. Subject to and without waiving these objections, other than the present matter, Tri Star is not aware of any allegations of disability discrimination made against it during this time period, Tri Star will produce documents it provided to the EEOC related to the charge filed by Plaintiff after an appropriate protective order is in place.

**Request for Production No. 12**

For the person(s) Defendant claims made the decision(s) that led to Plaintiff's employment ending with Defendant produce all documents relating or concerning their employment and job performance, including but not limited their application, resume, offer letter, job description(s), personnel file, counseling(s), coaching(s), warning(s), suspension(s), discipline(s), termination, supervisor file, human resource file. This request is not seeking financial account information nor personal health information – that information may be redacted with black boxes.

**RESPONSE:** Tri Star objects to this request as overly broad, in that it is unlimited in time and scope and calls for information that is not relevant and is not likely to lead to the discovery of admissible information, such as job applications, resumes and offer letters, and is disproportionate to the needs of this litigation. Subject to and without waiving these objections, the decision to lay off Plaintiff was made by Lou Taylor, Tri Star's owner and CEO. Tri Star has no responsive information related to Ms. Taylor.

5

**Request for Production No.      13**

Produce all documents relating or concerning eliminating the American Express Liaison position, including but not limited to written job description, job postings, cost benefit analysis,job studies, documents relied upon in the decision to eliminate position.

**RESPONSE:** Tri Star objects to this request to the extent it calls for information protected by the attorney-client or work product privileges. Subject to and without waiving this objection, Tri Star has no responsive documents.

**Request for Production No. 14**

Produce all documents relating or concerning persons holding a Team Coordinator position, including but not limited to written job description, job postings, hiring and performance reviews.

**RESPONSE:** Tri Star objects to this request to the extent it calls for information protected by the attorney-client or work product privileges. Tri Star further objects to this request as vague, overly broad, in that it is unlimited in time and scope and calls for information that is not relevant and is not likely to lead to the discovery of admissible information, and disproportionate to the needs of this litigation. Subject to and without waiving these objections, see job description and emails in which Plaintiff's significant performance issues are discussed, and Tri Star's interrogatory responses in which Team Coordinators in the Nashville office are identified. Responsive documents that are confidential or highly confidential will not be produced until an appropriate protective order is in place.

**Request for Production No.      15**

Produce all employment and job performance for Nola Douglas including her application, resume, offer letter, job description(s), personnel file, performance review(s), counseling(s), coaching(s), warning(s), suspension(s), discipline(s), termination, pay records, pay stubs, benefits, supervisor file, human resource file. [Redact any financial account information, personal health information].

**RESPONSE:** Tri Star objects to this request as overly broad, in that it is unlimited in time and scope and calls for information that is not relevant and is not likely to lead to the discovery of admissible information, such as job applications, resumes and offer letters, and is disproportionate to the needs of this litigation. Further, Ms. Douglas's employment is not relevant to this litigation and is not likely to lead to the discovery of admissible information.

6

**Request for Production No.    16**

Produce all documents relating or concerning Defendant's determination that Plaintiff's role
was one that could not be transitioned to a work from home model.

**RESPONSE:** Tri Star objects to this request to the extent it calls for information protected by the
attorney-client or work product privileges. Subject to and without waiving this objection, see
emails produced with these responses. Plaintiff was laid off as part of a reduction in force made
necessary by the COVID-19 pandemic. Plaintiff's position, Team Coordinator/AmEx Liaison, was
non-essential. No non-essential employees were given work from home status in 2020.
Responsive documents that are confidential or highly confidential will not be produced until an
appropriate protective order is in place.

**Request for Production No.    17**

Produce the search results of all e-mails "From:," "To:," or "CC:" Yolanda Simpson between
March 1, 2020 and the date Defendant received notice of Plaintiff's charge of discrimination from
the United States Equal Employment Opportunity Commission using the following searchterms
independent of the other: "Christie," "Andrews," "Team Coordinator," "Amex," "work from
home" and "asthma." [the search should include Yolanda's Simpson all of the boxes, including
but not limited to "sent," "received," "deleted," and "archived" mailboxes.

**RESPONSE:** Tri Star objects to this request to the extent it calls for information protected by the
attorney-client or work product privileges. Tri Star further objects to this request as overly broad,
calling for information that is not relevant and not likely to lead to the discovery of admissible
information, and is disproportionate to the needs of this litigation. Subject to and without waiving
these objections, this search was conducted and all relevant, non-privileged emails from March 1,
2020 through the date Tri Star was put on notice of Plaintiff's claim have been produced or will be
produced after an appropriate protective order is in place.

**Request for Production No.    18**

All documents conferred, consulted, reviewed, accessed in formulating each full or partial
denials to any of Plaintiff's requests for admissions.

**RESPONSE:** Tri Star objects to this request to the extent it calls for information protected by the
attorney-client or work product privileges. Subject to and without waiving this objection, see
documents produced in response to these requests. Responsive documents that are confidential or
highly confidential will not be produced until an appropriate protective order is in place.

7

**Request for Production No.  19**

Produce the search results of all e-mails "From:," "To:," or "CC:" Lou Taylor between March 1, 2020 and the date Defendant received notice of Plaintiff's charge of discrimination from the United States Equal Employment Opportunity Commission using the following search terms independent of the other: "Christie," "Andrews," "Team Coordinator," "Amex," "work from home" and "asthma." [the search should include Yolanda's Simpson all of the boxes, including but not limited to "sent," "received," "deleted," and "archived" mailboxes.

**RESPONSE:** Tri Star objects to this request to the extent it calls for information protected by the attorney-client or work product privileges. Tri Star further objects to this request as overly broad, calling for information that is not relevant and not likely to lead to the discovery of admissible information, and is disproportionate to the needs of this litigation. Subject to and without waiving these objections, this search was conducted and all relevant, non-privileged emails from March 1, 2020 through the date Tri Star was put on notice of Plaintiff's claim have been produced or will be produced after an appropriate protective order is in place.

**Request for Production No.  19**

Produce all documents related to Defendant's CARES Act's Paycheck Protection Program that were submitted in 2020, including but not limited to applications, signed certifications, letters to and form the U.S. Government.

**RESPONSE:** Tri Star objects to this request to the extent it calls for information protected by the attorney-client or work product privileges. Tri Star further objects as this request calls for information that is not relevant  and is not likely to lead to the discovery of admissible information, and is disproportionate to the needs of this litigation. The Paycheck Protection Program was not active until after Plaintiff's employment ended.

8

Respectfully submitted,

/s/ Tara L. Swafford
Tara L. Swafford, BPR # 17577
Thomas Anthony Swafford, BPR # 17578
Elizabeth G. Hart, BPR # 30070
The Swafford Law Firm, PLLC
321 Billingsly Court, Suite 19
Franklin, Tennessee 37067
Tel: (615) 599-8406
Fax: (615) 807-2355
Tara@swaffordlawfirm.com
Tony@swaffordlawfirm.com
Betsy@swaffordlawfirm.com

*Attorneys for Tri Star Sports and Entertainment Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of January 2022, a true and correct copy of the foregoing

was served via electronic and/or regular mail on:

Roland Mumford
Law Offices of Roland Mumford & Assoc.
242 West Main Street, No. 223
Hendersonville, TN 37075
roland@mumfordlaw.net

Daniel Eduardo Arciniegas
Arciniegas Law
1242 Old Hillsboro Road
The Atrium Building
Franklin Tennessee 37069
Daniel@attorneydaniel.com

/s/    Elizabeth G. Hart
Elizabeth G. Hart

9

# EXHIBIT 38

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHRISTIE ANDREWS, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 3:21-cv-00526 |
| | ) | |
| v. | ) | Judge Eli J. Richardson |
| | ) | Magistrate Judge Frensley |
| TRI STAR SPORTS AND | ) | |
| ENTERTAINMENT GROUP, INC., | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |
| | ) | |

---

### DEFENDANT'S RESPONSES TO
### PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSION

---

Pursuant to Federal Rules of Civil Procedure 26 and 36, Defendant Tri Star Sports and Entertainment Group, Inc. ("Defendant" or "Tri Star"), by and through counsel, responds to the Second Set of Requests for Admission propounded upon it by Plaintiff Christie Andrews ("Plaintiff" or "Andrews") as follows:

### GENERAL OBJECTIONS

1.      Defendant objects to each of Plaintiff's Requests to the extent such Request seeks information protected from disclosure by the attorney-client and/or work-product privileges.

2.      Defendant objects to the definitions and instructions attached to Plaintiff's Requests to the extent they attempt to impose obligations upon Defendant that are not required by or are inconsistent with the Federal Rules of Civil Procedure or the Local Rules for the Middle District of Tennessee.

1

EXHIBIT
WITNESS: Taylor
DATE: 8-24-22
CARISSA

3.     Defendant relies on these General Objections in its answers even if not reasserted

in the specific responses to each Request.

## REQUESTS FOR ADMISSION

### Request for Admission No.   16

Admit that the document bates-labelled Plaintiff's Production 000009 - Plaintiff's Production000010 is a genuine business record belonging to Defendant. (Attachment 1).

**RESPONSE:** Admitted.

### Request for Admission No.   17

Admit that the document bates-labelled Plaintiff's Production 16 constitutes a request foraccommodation. (Attachment 2).

**RESPONSE:** Denied.  This document states that Plaintiff "would benefit from working at home".  It does not contain a request for an accommodation or suggest that it is necessary for Plaintiff to work from home or that she is unable to work in the office because of any disability.  Further, the document suggests that her asthma is well-controlled, thus, having no impact on her ability to perform major life activities.


Respectfully submitted,

/s/ Tara L. Swafford
Tara L. Swafford, BPR # 17577
Thomas Anthony Swafford, BPR # 17578
Elizabeth G. Hart, BPR # 30070
The Swafford Law Firm, PLLC
321 Billingsly Court, Suite 19
Franklin, Tennessee 37067
Tel: (615) 599-8406
Fax: (615) 807-2355
Tara@swaffordlawfirm.com
Tony@swaffordlawfirm.com
Betsy@swaffordlawfirm.com

*Attorneys for Tri Star Sports and Entertainment Group, Inc.*

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March 2022, a true and correct copy of the foregoing

was served via electronic and/or regular mail on:

Roland Mumford
Law Offices of Roland Mumford & Assoc.
242 West Main Street, No. 223
Hendersonville, TN 37075
roland@mumfordlaw.net

Daniel Eduardo Arciniegas
Arciniegas Law
1242 Old Hillsboro Road
The Atrium Building
Franklin Tennessee 37069
Daniel@attorneydaniel.com

/s/   Elizabeth G. Hart
Elizabeth G. Hart

3

# EXHIBIT 39

| | | |
|---|---|---|
| CHRISTIE ANDREWS, | ) | |
| | ) | |
| Plaintiff, | ) | **CASE NO. 3:21-cv-00526** |
| | ) | |
| v. | ) | **Judge Eli J. Richardson** |
| | ) | **Magistrate Judge Jefferey S. Frensley** |
| TRI STAR SPORTS AND | ) | |
| ENTERTAINMENT GROUP, INC., | ) | |
| | ) | **JURY DEMAND** |
| Defendant. | ) | |

## TRI STAR SPORTS AND ENTERTAINMENT GROUP, INC.'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Tri Star Sports and Entertainment Group, Inc. ("Defendant" or "Tri Star"), by and through counsel, responds to the Second Set of Interrogatories propounded upon it by Plaintiff Christie Andrews ("Plaintiff" or "Andrews") as follows:

### GENERAL OBJECTIONS

1. Defendant objects to each of Plaintiff's Interrogatories to the extent such Interrogatory seeks information protected from disclosure by the attorney-client and/or work-product privileges.

2. Defendant objects to the definitions and instructions attached to Plaintiff's Interrogatories to the extent they attempt to impose obligations upon Defendant that are not required by or are inconsistent with the Federal Rules of Civil Procedure or the Local Rules for the Middle District of Tennessee.

3. Defendant relies on these General Objections in its answers even if not reasserted in the specific responses to each Interrogatory.

1

EXHIBIT 14
WITNESS: _____ /DV
DATE: 8-24-22
CARISSA L. BOONE, RPR

# INTERROGATORIES

**Interrogatory No. 19**

Provide the compensation for all Team Coordinators after March 20, 2020, through the date of trial, including but not limited base salaries, raises, bonuses, cost-of-living increases, other wages and the dollar value of medical and life insurance, fringe benefits, pensions and other non-pecuniary compensation – provide the dates and reason(s) for changes.

**RESPONSE:** Tri Star objects to this interrogatory as it is overly broad and calls for information that is not relevant or likely to lead to the discovery of admissible information. Tri Star further objects that this interrogatory is unduly burdensome. Tri Star does not have a database from which to pull this information in a consolidated form. To provide the requested information, Tri Star will be required to go through numerous individual personnel files to locate pay and benefit information for each such employee, which has no bearing on Plaintiff's compensation. This is disproportionate to the needs of this litigation. Subject to and without waiving these objections, Tri Star has produced all compensation information for Plaintiff, who was a Team Coordinator/AmEx Liaison.

**Interrogatory No. 20**

Specify the date Defendant decided Plaintiff would be terminated as part of the reduction in force.

**RESPONSE:** March 16, 2020

**Interrogatory No. 21**

Specify the first date Defendant posted a vacancy for a Team Coordinator Position in Nashville Tennessee, after Plaintiff was terminated and identify the services used to advertise the position.

**RESPONSE:** Plaintiff's position of Team Coordinator/AmEx Liaison was never posted after she was laid off, and no one has been hired for that position since she was laid off. The Team Coordinator position was posted prior to March 2020 through Clear Company and remained active after Plaintiff was laid off, but Tri Star did not hire another Team Coordinator in the Nashville office until October 2020. Ms. Andrews did not apply.

**Interrogatory No. 22**

Identify the individual(s) who took the screens shots marked as TRISTAR00049 - TRISTAR00045, by their last name, first name, job title, employer and provide the date the screenshots were taken and explanation for taking the screenshots.

**RESPONSE:** The screenshots were taken by Lou Taylor after Plaintiff was laid off and prior to this lawsuit being filed. The screenshots were taken to preserve publicly available social media posts. Ms. Taylor can be contacted through counsel for Tri Star.

2

**Interrogatory No. 23**

Identify the each of the criterion used to determine whether a position or employee was "nonessential" for the purpose of the reduction in force.

**RESPONSE:** Team Coordinators were classified as a non-essential because of their job duties.

**Interrogatory No. 24**

Identify the essential job functions of a Team Coordinator in March 2020.

**RESPONSE:** This information has already been provided. *See* Team Coordinator job description, TRISTAR00055.

Respectfully submitted,

/s/ Tara L. Swafford
Tara L. Swafford, BPR # 17577
Thomas Anthony Swafford, BPR # 17578
Elizabeth G. Hart, BPR # 30070
The Swafford Law Firm, PLLC
321 Billingsly Court, Suite 19
Franklin, Tennessee 37067
Tel: (615) 599-8406
Fax: (615) 807-2355
Tara@swaffordlawfirm.com
Tony@swaffordlawfirm.com
Betsy@swaffordlawfirm.com

*Attorneys for Tri Star Sports and Entertainment Group, Inc.*

3

## Verification

I, Louise Taylor, declare under penalty of perjury that the answers to the above Second Set of Interrogatories are true and correct to the best of my knowledge, information and belief.

Louise Taylor

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March 2022, a true and correct copy of the foregoing

was served via electronic and/or regular mail on:

Roland Mumford
Law Offices of Roland Mumford & Assoc.
242 West Main Street, No. 223
Hendersonville, TN 37075
roland@mumfordlaw.net

Daniel Eduardo Arciniegas
Arciniegas Law
1242 Old Hillsboro Road
The Atrium Building
Franklin Tennessee 37069
Daniel@attorneydaniel.com

/s/    Elizabeth G. Hart
Elizabeth G. Hart

5

# EXHIBIT 40

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHRISTIE ANDREWS, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 3:21-cv-00526 |
| | ) | |
| v. | ) | Judge Eli J. Richardson |
| | ) | Magistrate Judge Jefferey S. Frensley |
| TRI STAR SPORTS AND | ) | |
| ENTERTAINMENT GROUP, INC., | ) | |
| | ) | JURY DEMAND |
| Defendant. | ) | |

## TRI STAR SPORTS AND ENTERTAINMENT GROUP, INC.'S
## SUPPLEMENTAL RESPONSES
## TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Tri Star Sports and Entertainment Group, Inc. ("Defendant" or "Tri Star"), by and through counsel, provides these Supplemental Responses to the First Set of Interrogatories propounded by Plaintiff Christie Andrews ("Plaintiff" or "Andrews") as follows. Tri Star reasserts and relies on all objections in its Responses to Plaintiff's First Set of Interrogatories and Responses to Plaintiff's Second Set of Interrogatories as if fully restated herein. All personal contact information provided herein or in previous responses is considered CONFIDENTIAL pursuant to the Protective Order entered on March 24, 2022.

## FIRST SET OF INTERROGATORIES

**Interrogatory No.    14**

Identify all persons who held the position of Team Coordinator for any period time during Plaintiff's tenure through the date of trial. Provide their first name, last name, job title, the dates of their employment, and home address.

**SUPPLEMENTAL RESPONSE:** Defendant objects to this interrogatory as it is overly broad in time and scope and calls for information that is irrelevant and not likely to lead to the discovery of admissible information. Plaintiff worked as a Team Coordinator/AmEx Liaison in the Nashville

1

EXHIBIT 15
WITNESS:
DATE: 8-24-22

office at the time of her termination. Information regarding employees who held positions other than Team Coordinator or who worked in other locations is not relevant to this matter and is not likely to lead to the discovery of admissible information. Subject to and without waiving these objections, the following individuals held the position of Team Coordinator in the Los Angeles office during Plaintiff's tenure as a Team Coordinator:

- Lauren Bailey
  Team Coordinator, LA
  3/6/17 – 6/25/20

- Meghan Presson
  Team Coordinator, LA
  3/12/18 – 4/26/18

- Theadora Thompson
  Team Coordinator, LA
  6/10/19 – 3/20/20

- Jasmin Meyers
  Team Coordinator, LA
  2/24/20 – 2/28/20

- Brittany Donaldson
  Team Coordinator, LA
  2/17/20 – present

- Stephanie Majors
  Team Coordinator, LA
  2/24/20 – 3/20/20

- Kristine Abrahams Gates
  Team Coordinator, LA
  7/29/19 – 9/10/21

- Max Datz
  Team Coordinator, LA
  2/17/20 – 1/11/21

2

- Sara Lopez
  Team Coordinator, LA
  8/6/18 – present
  Ms. Lopez is a current employee and can be contacted through counsel for Tri Star.

- Katherine Duque
  Team Coordinator, LA
  11/26/18 – present
  Ms. Duque is a current employee and can be contacted through counsel for Tri Star.

**Interrogatory No.     18**

Provide a detailed privilege log for any communications Defendant is not producing in responses to Plaintiff's Requests for Production based on an assertion of attorney client privilege or work product that concerning or relating to Plaintiff. The temporal scope of this request is limited to the last year of Plaintiff's employment.

**SUPPLEMENTAL RESPONSE:** Defendant's privilege log has been produced and will be supplemented if and as necessary.

Respectfully submitted,

/s/ Tara L. Swafford
Tara L. Swafford, BPR # 17577
Thomas Anthony Swafford, BPR # 17578
Elizabeth G. Hart, BPR # 30070
The Swafford Law Firm, PLLC
321 Billingsly Court, Suite 19
Franklin, Tennessee 37067
Tel: (615) 599-8406
Fax: (615) 807-2355
Tara@swaffordlawfirm.com
Tony@swaffordlawfirm.com
Betsy@swaffordlawfirm.com

*Attorneys for Tri Star Sports and Entertainment Group, Inc.*

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June 2022, a true and correct copy of the foregoing

was served via electronic and/or regular mail on:

Daniel Eduardo Arciniegas
Arciniegas Law
1242 Old Hillsboro Road
The Atrium Building
Franklin Tennessee 37069
Daniel@attorneydaniel.com

/s/    Elizabeth G. Hart
Elizabeth G. Hart

4

# EXHIBIT 46

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **CHRISTIE ANDREWS,** | |
| Plaintiff, | |
| v. | Case No. 3:21-cv-00526 |
| **TRI STAR SPORTS AND ENTERTAINMENT GROUP, INC.** | Judge Eli J. Richardson<br>Magistrate Judge Jeffery S. Frensely |
| Defendant. | JURY DEMAND |

## DECLARATION OF KENDALL COPPAGE

I declare state under penalty of perjury that the below is true and correct.

1. I am over eighteen years of age.

2. I am a former employee of Tri Star Sports and Entertainment Group, Inc. ("TriStar").

3. I was employed by TriStar starting January 2017 and ending August 2019.

4. In 2019 I worked in TriStar's Nashville office.

5. In 2019 I was on a TriStar Business Management Team.

6. I reported directly to Peggy Stephens.

7. In 2019 I held the job title of Account Manager.

8. In 2019 I recall Ambra Baker ("Baker") was the Team Coordinator for my team.

9. I also recall Christie Andrews ("Andrews") was a Team Coordinator and acting as Lead Team Coordinator.

10. During my employment I was aware that Andrews had asthma.

11. During my employment I recall seeing Andrews' inhaler on many occasions.

1

12. I believe it was common knowledge in the office that Andrews had asthma.

13. I routinely participated team meetings that involved individuals who were participating remotely by telephone and by videoconference.

14. I recall TriStar used LifeSize a videoconferencing software, where the camera zoomed in on whoever was speaking.

15. I recall regularly corroborating with other TriStar employees who were not physically present in the Nashville office.

16. I recall Ambra Baker answering e-mails from home.

17. Based on my tenure at TriStar it is my opinion that face-to-face interaction was not essential to coordinating work with Team Coordinators.

18. I do not believe that working from home would interfere with the quality of work for Team Coordinators.

19. I recall meetings involving client financial information that were conducted with individuals who were physically in the Nashville office and individuals physically in the Los Angeles office.

20. I believe Team Coordinators could perform their job duties from home because other employees performed their job duties remotely, including employees who dealt with sensitive client financial information.

21. TriStar permitted members of Business Management team to remotely access the client confidential financial information on a regular basis.

22. I was permitted to work from home for a little more than month in 2018. I was allowed to use TeamViewer to access Quickbooks, other software, paying bills, and talking to clients.

23. All documents and information were available electronically.

2

I declare state under penalty of perjury that the foregoing is true and correct. Executed on

*Kendall Coppage*
Kendall Coppage (Dec 1, 2022 15:48 CST)

Signature

# Dec 1, 2022

Date

# Declaration of Kellee Coppage.pdf

**Final Audit Report** 2022-12-01

| | |
|---|---|
| Created: | 2022-12-01 |
| By: | Daniel Arciniegas (daniel@attorneydaniel.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAAWBICZ3tBFzJ8FX16Lkw_q7yOxx4Su9E |

## "Declaration of Kellee Coppage.pdf" History

Document created by Daniel Arciniegas (daniel@attorneydaniel.com)
2022-12-01 - 7:21:17 PM GMT- IP address: 96.69.101.254

Document emailed to kcoppage1288@gmail.com for signature
2022-12-01 - 7:21:48 PM GMT

Email viewed by kcoppage1288@gmail.com
2022-12-01 - 7:59:46 PM GMT- IP address: 73.58.182.199

Signer kcoppage1288@gmail.com entered name at signing as Kendall Coppage
2022-12-01 - 9:48:19 PM GMT- IP address: 66.115.166.167

Document e-signed by Kendall Coppage (kcoppage1288@gmail.com)
Signature Date: 2022-12-01 - 9:48:21 PM GMT - Time Source: server- IP address: 66.115.166.167

Agreement completed.
2022-12-01 - 9:48:21 PM GMT


Adobe Acrobat Sign