IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTIE ANDREWS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TRI STAR SPORTS AND ) <br> ENTERTAINMENT GROUP, INC., ) <br> ) <br> Defendant. ) | NO. 3:21-cv-00526 <br> JUDGE RICHARDSON |

## **ORDER**

Pending before the Court is Plaintiff's amended opposed motion for an additional ten pages to respond to Defendant's motion for summary judgment. (Doc. No. 53). The Court denied Plaintiff's first motion for the additional pages (Doc. No. 45) without prejudice for failing to provide an explanation as to why the additional pages were necessary to adequately respond to Defendant's arguments. (Doc. No. 50).

Plaintiff's amended motion is inadequate for several reasons. First, the motion is replete with typographical and grammatical errors, making it incomprehensible in parts. Second, the motion reflects a falsehood that reflects a failure to do the basic consultation of local rules expected of attorneys practicing in this District. The motion states without support that "*Defendant is allotted 30 pages in seeking summary judgment* and this motion is seeking similar [sic] number of pages to respond." (Doc. No. 53 at 1) (emphasis added). This italicized language is undeniably and verifiably incorrect. This Court's Local Rule 7.01(a)(2), dealing with motions and supporting memoranda generally, states that no memorandum in support in support of a motion "shall exceed twenty-five (25) pages." And nothing in Local Rule 56, which deals more specifically with

motions for summary judgment, provides otherwise or says anything about 30 pages. And Defendant in fact did limit its response to 25 pages, and it is readily apparent that it was very intentional and scrupulous in sticking to the 25-page limit. Therefore, Defendant neither was actually allowed, nor arrogated to itself, up to 30 pages. Third, and most importantly, the motion fails to provide a single explanation as to why Plaintiff needs additional pages beyond those allotted to her in the local rules or actually used by Defendant. Plaintiff merely provides the Court with a summary of what is contained in her brief, but this is not sufficient to support a request for pages beyond the allotted norm.

The Court does not wish to be a stickler for issues in a manner that neither benefit the Court nor the parties, and it regularly provides such extensions as long as they are supported by a request that sets forth legitimate need and is not tarnished by incorrect statements or extreme sloppiness. The Court is responsible for supervising practice in this District, ensuring a certain level of compliance with the local rules, and not simply rubber-stamping inadequate requests for relief. After receiving an initial inadequate request from Plaintiff, Court permitted Plaintiff a second opportunity to obtain the relief it sought, but Plaintiff squandered the opportunity. The Court must insist that such an uncomplicated matter as a page-limit extension be handled better by parties and counsel than it was handled here.

For the reasons stated herein, Plaintiff's amended motion for leave to file additional pages is **DENIED**. By December 28, 2022, Plaintiff at her option may re-file her motion at Doc. No. 45 an edited version that complies with the applicable 25-page limitation prescribed by the local rules. If she chooses not to do so, the Court will review Plaintiff's filing at Doc. No. 46 but will consider only the first twenty-five pages.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE