IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| CHRISTIE ANDREWS, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 3:21-cv-00526 |
| | ) | |
| v. | ) | Judge Eli J. Richardson |
| | ) | Magistrate Judge Jefferey S. Frensley |
| TRI STAR SPORTS AND | ) | |
| ENTERTAINMENT GROUP, INC., | ) | |
| | ) | JURY DEMAND |
| Defendant. | ) | |

**TRI STAR SPORTS AND ENTERTAINMENT GROUP, INC.'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
SUPPLEMENTAL EVIDENCE**

Defendant Tri Star Sports and Entertainment Group, Inc. ("Tri Star" or "Defendant") responds in opposition to the Motion for Leave to File Supplemental Evidence filed by Plaintiff Christie Andrews ("Plaintiff" or "Andrews") (Doc. 54). Tri Star's Motion for Summary Judgment was filed on November 3, 2022 (Doc. 38), making Plaintiff's response due by December 1, 2022. (*See* Initial Case Management Order, Sept. 20, 2021, Doc. 12.) Plaintiff filed three motions to extend her time to respond to the Motion for Summary Judgment and was ultimately granted an extension to respond until December 8, 2022. (*See* Docs. 41-44.)

Plaintiff filed a memorandum in opposition to Tri Star's Motion for Summary Judgment on December 8, 2022 (Doc. 46), a response to Tri Star's Statement of Undisputed Material Facts (Doc. 47), Evidentiary Submission with numerous exhibits (Doc. 48), and Notice of Filing Redacted Exhibits with eight additional documents (Doc. 49) on December 9, 2022. On December 14, 2022, Plaintiff moved for leave to file an additional document, a Declaration of Elise St. Germain (Doc. 54). This document was not included in Plaintiff's original summary judgment filings made on December 8 and 9. In support of her motion to file a document after the deadline

1

to respond, Plaintiff contends that the document is "probative" and that "Declarant was ill and unavailable to finalize the declaration before the response deadline." (Doc. 54, p. 1.)

The Federal Rules of Civil Procedure allow for the extension of deadlines where good cause exists and "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Plaintiff's sole justification for this untimely filing is that the declarant, Elise St. Germain, was "ill and unavailable", which is inadmissible hearsay. Fed. R. Evid. 801, 802. Plaintiff provides no specific details as to why this declarant was unable to electronically sign a declaration and has submitted no admissible evidence that this declarant was, in fact, ill or unavailable prior to the summary judgment response deadline.

Moreover, the declaration itself contains improper speculation, lacks foundation, and is not probative. For example, in paragraph 12, the declarant states, "I believe it was common knowledge in the office that Andrews had asthma." Through this statement, the declarant is attempting to testify as to the personal knowledge of third parties, which is speculative and lacks foundation. Likewise, in paragraph 29, the declarant states, "I recall Taylor had the exterior of the Nashville office painted professionally in 2020 and finding it offensive because of the recent layoffs." This statement again constitutes speculation, lacks foundation, and is not probative to the pending summary judgment motion. The declaration contains no information regarding who owns the Nashville office, who hired painters, who paid the painters or when, or when the office may have been painted. Whether the office was, in fact, painted, and the declarant's opinion that this was "offensive" have no bearing on the merits of this litigation. In addition, the declaration contains many statements about what work Tri Star employees who are *not* Team Coordinators (the position held by the Plaintiff) were permitted to perform remotely. (*See* St. Germain Declaration, Dec. 13, 2022, Doc. 54-1, ¶¶ 13-16, 21, 23-25.) Whether employees other than Team Coordinators were

permitted to work from home has no probative value to this litigation. Thus, in addition to being untimely, the declaration contains inadmissible statements and is not probative and should not be considered on summary judgment. Plaintiff has not carried her burden of showing good cause or excusable neglect in failing to timely file the subject declaration, and the motion should be denied.

Respectfully Submitted,

/s/ Elizabeth G. Hart
THE SWAFFORD LAW FIRM, PLLC
Tara L. Swafford BPR # 17577
Thomas Anthony Swafford, BPR # 17578
Elizabeth G. Hart, BPR # 30070
321 Billingsly Court, Suite 19
Franklin, Tennessee 37067
Telephone: (615) 599-8406
Facsimile: (615) 807-2355
tara@swaffordlawfirm.com
tony@swaffordlawfirm.com
betsy@swaffordlawfirm.com

*Attorneys for Tri Star Sports & Entertainment Group, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been served via the Court's Electronic Filing System on:

Daniel Eduardo Arciniegas
Arciniegas Law
1242 Old Hillsboro Road
The Atrium Building
Franklin Tennessee 37069
Daniel@attorneydaniel.com

on this 28th day of December 2022.

                                                /s/    Elizabeth G. Hart
                                                     Elizabeth G. Hart