# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | | |
|---|---|---|
| CHRISTIE ANDREWS, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 3:21-cv-00526 |
| | ) | |
| v. | ) | Judge Eli J. Richardson |
| | ) | Magistrate Judge Jefferey S. Frensley |
| TRI STAR SPORTS AND | ) | |
| ENTERTAINMENT GROUP, INC., | ) | |
| | ) | JURY DEMAND |
| Defendant. | ) | |

## TRI STAR SPORTS AND ENTERTAINMENT GROUP, INC.'S
## MOTION TO STRIKE CERTAIN EXHIBITS TO PLAINTIFF'S RESPONSE IN
## OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, Defendant Tri Star Sports and Entertainment Group, Inc. ("Tri Star" or "Defendant") respectfully moves this Court to strike the following documents (or portions thereof), which are attached to Plaintiff's Response to Tri Star's Motion for Summary Judgment:

1. Exhibit 4 to Plaintiff's Response, Doc 48-1, Page ID ## 553-54.

2. Exhibit 10 to Plaintiff's Response, Doc 48-1, Page ID ## 570-73.

3. Exhibit 18 to Plaintiff's Response, Doc 48-2, Page ID ## 597-98.

4. Exhibit 23 to Plaintiff's Response, Doc 48-2, Page ID ## 610-12.[1]

5. Exhibit 24 to Plaintiff's Response, Doc 48-2, Page ID ## 614-16.

6. Exhibit 25 to Plaintiff's Response, Doc 48-2, Page ID # 618.

7. Exhibit 46 to Plaintiff's Response, Doc 48-3, Page ID ## 690-93.

8. Exhibit 48 to Plaintiff's Response, Doc 49-5, Page ID ## 892-93.

---

[1] Tri Star has also moved to seal portions of this document by separate motion.

1

9. Exhibit 49 to Plaintiff's Response, Doc 49-6, Page ID ## 894-96.

10. Exhibit 50 to Plaintiff's Response, Doc 49-7, Page ID ## 897-901.

## LAW AND ARGUMENT

The exhibits at issue fall into three categories: (1) documents exchanged in discovery but not properly authenticated; (2) internet articles that are not properly authenticated; and (3) sworn testimony lacking foundation and personal knowledge. Each is improper to consider on a motion for summary judgment and should be stricken.

**1. Documents Not Properly Authenticated Should Be Stricken.**

Pursuant to Rule 56, on summary judgment, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by" citing to particular parts of the record. Fed. R. Civ. P. 56(c). "Genuine issues of material fact are established by evidentiary materials. Evidentiary materials, besides affidavits, should be authenticated, unless they are part of the pleadings, depositions, answers to interrogatories, or admissions on file. Authentication can be accomplished through the use of affidavits." *Fed. Exp. Corp. v. U.S. Postal Serv.*, 75 F. Supp. 2d 807, 815 (W.D. Tenn. 1999) (internal citations omitted). "To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of Federal Rule of Civil Procedure 56(e) [now 56(c)]. Documents which do not meet those requirements cannot be considered by the court." *Trotter v. Cargill, Inc.*, 699 F. Supp. 2d 1043, 1047–48 (W.D. Tenn. 2010); *see also Brown v. Genworth Life & Annuity Ins. Co., slip op.*, 2020 WL 4340539, *1 (E.D. Tenn. July 28, 2020).

### a. Exhibits 4, 10, 18, 23, 24, and 25 Are Unauthenticated and Must Be Stricken.

The following exhibits attached to Plaintiff's Response to Tri Star's Motion for Summary Judgment are unauthenticated:

- Exhibit 4 is an email dated August 24, 2018 from Chris Jaffe to Bryan Luecke.

- Exhibit 10 is an email dated March 16, 2020 from Bryan Luecke to Christie Andrews. This exhibit is referenced on pages 5 and 6 of Plaintiff's Amended Response.

- Exhibit 18 is an email dated March 17, 2020 from Peggy Stephens to Heather Kinder. This exhibit is referenced on pages 5 and 6 of Plaintiff's Amended Response.

- Exhibit 23 is an email dated March 19, 2020 from Bryan Luecke to Lou Taylor. This exhibit is referenced on pages 7 and 8 of Plaintiff's Amended Response.

- Exhibit 24 is an email dated March 20, 2020 from Yolanda Simpson to Christie Andrews.

- Exhibit 25 is a Separation Notice for Christie Andrews, dated March 20, 2020 and bates labeled TRISTAR00047. This exhibit is referenced on page 8 of Plaintiff's Amended Response.

Plaintiff filed each of these documents standing alone without an affidavit attesting to the authenticity, and these documents are not exhibits to any deposition taken in this litigation.[2] Thus, they fail to comply with Federal Rule 56(c), are not properly considered on summary judgment, and should be stricken, along with all references to those documents. Further, Plaintiff does not reference exhibits 4 or 24 anywhere in her summary judgment filings.

### b. Exhibits 48, 49 and 50 Are Unauthenticated Internet Articles That Must Be Stricken.

Exhibits 48, 49 and 50 appear to be news articles or blog posts from the internet, but Plaintiff provides no information or sworn testimony upon which these documents could be properly authenticated. Exhibit 48 purports to be a blog post from a website called loutaylor.net.

---

[2] Plaintiff did not attach any of the fifty exhibits filed in response to Tri Star's motion for summary judgment to affidavits or deposition testimony. Although not properly filed or authenticated, for purposes of summary judgment only, Tri Star is not objecting to the authenticity of those exhibits that were made exhibits to depositions taken in this litigation, even where that portion of the deposition has not been filed.

It is referenced in Plaintiff's Statement of Additional Facts at No. 92 (Doc. 47, p. 30), and in Plaintiff's Response to Tri Star's Statement of Undisputed Facts at No. 9-10. (Doc. 47, p. 4). The post is undated and does not identify its author. Plaintiff does not provide the website or the date on which the blog post was retrieved and does not include an affidavit or deposition testimony that authenticates the post. Thus, the post is unauthenticated and improper on summary judgment. Moreover, the post is, itself, hearsay, as it is a statement made by a third party (though unidentified), and it also contains hearsay through statements purportedly made by third parties. This is an additional basis on which the blog post should be stricken.

Exhibit 49 appears to be an article from a website called pollstar.com from October 2019. It is referenced in Plaintiff's Statement of Additional Facts at No. 92 (Doc. 47, p. 30), and in Plaintiff's Response to Tri Star's Statement of Undisputed Facts at No. 9-10. (Doc. 47, p. 4). As with exhibit 48, Plaintiff does not identify the date on which this article was retrieved or the website through which it was accessed, and the document is inadmissible hearsay, as it was written by a third party. Further, the document is not attached to any sworn testimony attesting to its authenticity; thus, it should be stricken.

Finally, exhibit 50 appears to be a screen grab from a website called ProPublica regarding Tri Star. It is referenced on page 8 of Plaintiff's Amended Response, and in Plaintiff's Response to Tri Star's Statement of Undisputed Facts at Nos. 2 and 8. (Doc. 47, pp. 1 and 3.) The document is not attached to an affidavit or deposition testimony authenticating it. The screen grab is undated, does not identify an author or the source of the information contained on the page, and Plaintiff provides no website or the date on which the information was retrieved from the internet. As with exhibits 48 and 49, this document is hearsay – statements of a third party – and is not attached to

an affidavit or other sworn testimony attesting to its authenticity. Thus, it is improper and should be stricken, along with all references to it.

### 2. Portions of Kendall Coppage's Declaration Are Not Based Upon Personal Knowledge and Should Be Stricken.

Under Federal Rule of Civil Procedure 56(c), "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). This "limits the matter to be properly included in an affidavit to facts, and the facts introduced must be alleged on personal knowledge." *Ondo v. City of Cleveland*, 795 F.3d 597, 605 (6th Cir. 2015) (citations and quotations omitted). "[S]tatements made on belief or 'on information and belief' cannot be utilized on a summary-judgment motion[,]" as "they do not establish that the affiant has personal knowledge of the matters to which he attests." *Id.* (citations and quotations omitted); *see also Holloway v. Bridgestone Firestone N. Am. Tire, LLC*, 2007 WL 9789538, *1 (M.D. Tenn. Nov. 14, 2007). Statements that consist of the affiant's opinion "must be disregarded". *State Mut. Life Assurance Co. v. Deer Creek Park*, 612 F.2d 259, 264 (6th Cir. 1979).

Exhibit 46 is the Dec. 1, 2022 Declaration of Kendall Coppage, a former Tri Star employee. Tri Star moves to strike paragraph 12 of this declaration: "I believe it was common knowledge in the office that Andrews has asthma." This paragraph is not cited in Plaintiff's summary judgment filings. First, this statement lacks foundation as Ms. Coppage provides no basis for this belief, other than her statement that she saw Plaintiff's inhaler "on many occasions." Ms. Coppage does not specify when, where or under what circumstances she saw the inhaler, or who else was around and also saw the inhaler. The statement wholly lacks foundation and should be stricken. Further, the statement is not based on Ms. Coppage's personal knowledge. Rather, it is Ms. Coppage's

5

testimony about the alleged knowledge of others. This is improper and should not be considered on summary judgment. Thus, paragraph 12 of the declaration should be stricken.

## **CONCLUSION**

For these reasons, Tri Star respectfully requests that exhibits 4, 10, 18, 23, 24, 25, 48, 49, and 50 be stricken entirely, and that paragraph 12 from exhibit 46 be stricken. In addition, all arguments based on these exhibits should be stricken and not considered on summary judgment.

Respectfully Submitted,

/s/ Elizabeth G. Hart
THE SWAFFORD LAW FIRM, PLLC
Tara L. Swafford BPR # 17577
Thomas Anthony Swafford, BPR # 17578
Elizabeth G. Hart, BPR # 30070
321 Billingsly Court, Suite 19
Franklin, Tennessee 37067
Telephone: (615) 599-8406
Facsimile: (615) 807-2355
tara@swaffordlawfirm.com
tony@swaffordlawfirm.com
betsy@swaffordlawfirm.com

*Attorneys for Tri Star Sports & Entertainment Group, Inc.*

## CERTIFICATE OF CONSULTATION

I hereby certify that on the 11th day of January 2023, I consulted with counsel for Plaintiff regarding the foregoing motion. Plaintiff opposes the relief sought.

/s/     Elizabeth G. Hart
Elizabeth G. Hart

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via the Court's Electronic Filing System on:

Daniel Eduardo Arciniegas
Arciniegas Law
1242 Old Hillsboro Road
The Atrium Building
Franklin Tennessee 37069
Daniel@attorneydaniel.com

on this 11th day of January 2023.

/s/     Elizabeth G. Hart
Elizabeth G. Hart