IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTIE ANDREWS,<br><br>    Plaintiff,<br><br>v.<br><br>TRI STAR SPORTS AND<br>ENTERTAINMENT GROUP, INC.<br><br>    Defendant. | Civil No. 3:21-cv-00526<br>Judge Eli J. Richardson<br>Magistrate Judge Jefferey S. Frensley |

**PLAINTIFF'S [CONFORMED] RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**

Comes now Plaintiff and responds to Defendant's Motion to Strike Certain Exhibits to Plaintiff's Response in Opposition to Motion for Summary Judgment. Defendant's motion should be denied as it relies on a flawed interpretation of the law.

**LAW AND ARGUMENT**

Defendant makes three arguments about three groups of evidence. Plaintiff will address each of Defendant's three arguments in turn.

**I. DOCUMENTS PRODUCED BY DEFENDANT ARE NOT REQUIRED TO BE AUTHENTICATED AND SHOULD NOT BE STRICKEN.**

Defendant claims that Exhibits 4, 10, 18, 23, 24, and 25 are "unauthenticated" and therefore should be struck from the briefing. As Defendant states: "Evidentiary materials, besides affidavits, should be authenticated, unless they are part of the pleadings, depositions, answers to interrogatories, or admissions on file." *Fed. Express Corp. v. USPS*, 75 F. Supp. 2d 807, 815 (W.D. Tenn. 1999). This is no longer the law following the 2010 revisions to Rule 56(c) of the Fed. R. Civ. P. This revision was made to ensure that factual positions could be supported by "citing to particular parts of materials in the record, including depositions, documents, electronically stored

information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." The Western District of Tennessee has explicitly ruled on this issue:

> There is no requirement that materials relied on at summary judgment predate a party's motion. See Fed. R. Civ. P. 56(c) advisory committee's note to 2010 amendment (stating that materials not already in the record may be referenced if they are "placed in the record"); *Swank v. Hale*, No. 2:12-cv-1031, 2016 U.S. Dist. LEXIS 38706, 2016 WL 1156517, at *3 (S.D. Ohio Mar. 24, 2016) ("[A party] may place such materials into the record by attaching them to the summary judgment motion.").
>
> Second, materials used at summary judgment to demonstrate a genuine dispute of material fact need not be authenticated. The 2010 amendments to Rule 56 removed that requirement. A party may "object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2); see also *Mangum v. Repp*, 674 Fed. Appx. 531, 536-37 (6th Cir. 2017); *Mauer v. Indep. Town*, 870 F.3d 380, 384 (5th Cir. 2017) ("At the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form. . . . [M]aterials cited to support or dispute a fact need only be capable of being presented in a form that would be admissible in evidence.") (citations and internal quotation marks omitted).

*Stewart v. City of Memphis*, No. 2:16-cv-02574-SHM, 2019 U.S. Dist. LEXIS 12698, at *11-12 (W.D. Tenn. Jan. 25, 2019)

The documents at issue in this section were all provided to Ms. Andrews by the Defendant during formal discovery. This alone should be sufficient to "authenticate" the documents, unless Defendant is claiming that the documents it produced are not authentic. These documents also "entered the record" when they were filed with the Opposition. Defendant has no other argument that these documents are otherwise inadmissible.

**2. Internet Articles Should not be Stricken**

It is well established that a non-moving party opposing a motion for summary judgment does not need to "produce evidence in a form that would be admissible at trial in order to avoid summary judgment." *Celotex Corp. v. Catrett,* 477 U.S. 317, 319, 324, 106 S. Ct. 2548, 2551,

2

Case 3:21-cv-00526   Document 64   Filed 01/25/23   Page 2 of 6 PageID #: 1080

2553, 91 L. Ed. 2d 265 (1986). Defendant claims that three exhibits (Ex. 48, 49, and 50) consisting of news articles taken from websites are not properly authenticated. Defendant's argument here fails in the same way that the argument above fails.

There is an identifiable url address on two of the three documents at issue and Plaintiff provide now provides full url address for the third.[1] Exhibit 48 was taken from the website operated in the name of TriStar CEO Lou Taylor. Only Ms. Taylor can speak to its authenticity, but the text is taken from the Hollywood Reporter, a reputable print publication. While the Hollywood Reporter article clearly fits within Fed. R. Evid. 902(6), Exhibits 49 and 50 are analogous to newspaper or other periodical materials, and should be determined to be self-authenticating. Whether the article is on a newsstand, or the internet should be irrelevant. *See United States v. Farrad,* 895 F.3d 859, 879-80 (6th Cir. 2018) ("It also fits with common sense: it is not at all clear, […] why our rules of evidence would treat electronic photos that police stumble across on Facebook one way and physical photos that police stumble across lying on a sidewalk a different way.");*White v. City of Birmingham*, 2015 U.S. Dist. LEXIS 68202 (N.D. Ala. May 27, 2015)(Holding that a news article from a website was analogous to a print article.) The ProPublica article, Exhibit 50, also comes from a Pulitzer-winning news journal and as the article states is based on information that is publicly available through the U.S. Small Business Association, a public entity. Official government publications of this type are self-authenticating under Fed. R. Evid. 902(5).

---

[1] Exhibit. 48. https://www.hollywoodreporter.com/news/general-news/how-business-manager-lou-taylor-is-ferociously-breaking-glass-ceiling-1246036/

Exhibit 49. https://news.pollstar.com/2019/10/30/boxoffice-insider-florida-georgia-line-tops-50-million-with-world-tour/

Exhibit 50 https://projects.propublica.org/coronavirus/bailouts/loans/tri-star-sports-and-entertainment-group-inc-6123187010

The determinative issue regarding whether a fact can be considered in support of a motion for summary judgment is not whether it is presented, alongside the motion, in its final admissible form, but whether the fact can be presented in admissible form at trial. *See Mangum v. Repp*, 674 F. App'x 531, 536-37 (6th Cir. 2017) (quoting Fed. R. Civ. P. 56(c), advisory committee's note to 2010 amendment*); Mount Vernon Fire Ins. Co. v. Liem Constr., Inc.*, No. 3:16-CV-00689, 2017 U.S. Dist. LEXIS 63224, 2017 WL 1489082, at *3 (M.D. Tenn. April 26, 2017) (Crenshaw, J.); *Wilson v. Stein Mart, Inc.*, No. 3:15-CV-01271, 2016 U.S. Dist. LEXIS 120658, 2016 WL 4680008, at *2 (M.D. Tenn. Sept. 7, 2016) (Nixon, S.J.); *Jeffrey W. Stempel et al.*, 11-56 Moore's Federal Practice - Civil § 56.91 (2018); *see also Maurer v. Indep. Town*, 870 F.3d 380, 384 (5th Cir. 2017) ("At the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form).

Defendant has not identified any plausible reason why the facts cited would be incapable of being established in admissible form. The specific factual assertions for which Plaintiff cites the challenged exhibits, are facts in whole or in part already obtained in testimony from witnesses and can be elicited in the form of live testimony from CEO Lou Taylor and other witnesses. Notably, Defendant does not dispute the specific facts on any factual grounds, instead solely relies on evidentiary objections. Because those objections fail, the court should take those facts to be conceded.

## II. KENDALL COPPAGE'S DECLARATION WAS BASED ON PERSONAL KNOWLEDGE AND SHOULD NOT BE STRICKEN

Defendant moves to strike paragraph 12 of Kendall Coppage's declaration. Coppage's statement that "it was common knowledge in the office that Andrews has asthma" is based on her own personal knowledge of her workplace. This fact may be disputed by Defendant (though references to Ms. Andrews's asthma by other TriStar employees are found throughout the record), but Ms. Coppage's knowledge about her workplace culture is her personal knowledge. The

4
Case 3:21-cv-00526   Document 64   Filed 01/25/23   Page 4 of 6 PageID #: 1082

standard is whether the fact "would be admissible in evidence" and not whether the document would be admissible evidence. The facts already in the record support that Ms. Andrews asthma was common knowledge and at the very least, this is an issue for a jury to determine.

## **CONCLUSION**

For the foregoing reasons, Plaintiff Christie Andrews asks that this court DENY Defendant's Motion to Strike.

    Respectfully submitted,
s/Daniel Arciniegas

Daniel Arciniegas, TBPRN 35853
**ARCINIEGAS LAW**
1242 Old Hillsboro Road
The Atrium Building
Franklin, Tennessee 37069
T. 629.777.5339
Daniel@AttorneyDaniel.com

*Attorney for Plaintiff*
*Christie Andrews*

CERTIFICATE OF SERVICE

I hereby certify that on Wednesday, January 25, 2023, I electronically served the foregoing **PLAINTIFF'S [CONFORMED] RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE** via CM/ECF:

Tara L. Swafford, BPR # 17577
Thomas Anthony Swafford, BPR # 17578
Elizabeth G. Hart, BPR # 030070
The Swafford Law Firm, PLLC
207 Third Avenue North
Franklin, Tennessee 37064
Tel: (615) 599-8406
Fax: (615) 807-2355
Tara@swaffordlawfirm.com
Tony@swaffordlawfirm.com
Betsy@swaffordlawfirm.com

Attorneys for Tri Star Sports and EntertainmentGroup, Inc.

                s/Daniel Arciniegas

                Daniel Arciniegas, BPR #35853
                **ARCINIEGAS LAW**
                1242 Old Hillsboro Road
                The Atrium Building
                Franklin, Tennessee 37069
                T. 629.777.5339
                Daniel@AttorneyDaniel.com

                *Attorney for Plaintiff*
                *Christie Andrews*