IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| **CHRISTIE ANDREWS,** | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 3:21-cv-00526 |
| | ) | |
| v. | ) | Judge Eli J. Richardson |
| | ) | Magistrate Judge Jefferey S. Frensley |
| **TRI STAR SPORTS AND** | ) | |
| **ENTERTAINMENT GROUP, INC.,** | ) | |
| | ) | **JURY DEMAND** |
| Defendant. | ) | |

**TRI STAR SPORTS AND ENTERTAINMENT GROUP, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO STRIKE**

Defendant Tri Star Sports and Entertainment Group, Inc. ("Tri Star") respectfully submits this Reply to Plaintiff's Response to Motion to Strike. The burden is on Plaintiff to demonstrate to this Court that the documents at issue are properly considered on summary judgment. *See Pinder v. Skero*, 375 F. Supp. 3d 725, 736 (S. D. Tex. 2019); Fed. R. Civ. P. 56, advisory committee note 2010 amend. Plaintiff has not met this burden. Plaintiff has not demonstrated that the documents at issue can be presented in an admissible form at trial, thus, they should be stricken.

### INTERNET POSTS (EXHIBITS 48, 49, 50)

Three internet postings are the subject of Tri Star's Motion to Strike: Exhibits 48, 49 and 50. Each should be stricken because Plaintiff has not demonstrated that they can be presented in an admissible form at trial. Exhibit 48 is a blog post from Loutaylor.net. Plaintiff claims that the text of the blog post "is taken from the Hollywood Reporter, a reputable print publication." (Plaintiff's Response, Doc. 63, p.3.) The problem with this argument is that the post filed by Plaintiff does not say the text was taken directly from the Hollywood Reporter, and there is no evidence in the record that this is true. In fact, while the blog post has a click-through link to read

1

the "original article", the document filed by Plaintiff does not actually identify the Hollywood Reporter, have any indicia of the Hollywood Reporter, list any individual author or the date on which the article was published, or indicate that the post filed by Plaintiff is a true and correct copy of a Hollywood Reporter article. Thus, whether a Hollywood Reporter article would be self-authenticating under Fed. R. Evid. 902(6) is irrelevant, as this is not what was filed by Plaintiff. LouTaylor.net is not a newspaper or periodical and does not fit within any other definition in Fed. R. Evid. 902. Instead, the document is hearsay. The author is not even identified and the document is offered by Plaintiff for the truth of the matters stated therein. This is improper. Plaintiff has not demonstrated that this article can be authenticated or presented in an admissible form at trial.

Exhibit 49 is an internet post from Pollstar.com, for which Plaintiff has now provided a complete internet address. Plaintiff contends that Pollstar is a self-authenticating article under Fed. R. Evid. 902(6). However, Pollstar.com is neither a newspaper nor a periodical. It is a website that compiles information about the entertainment industry. As with Exbibit 48, this post is hearsay and is not admissible, and Plaintiff has not shown that it can be presented in an admissible form at trial.

Exhibit 50 is a screenshot from a website called ProPublica, for which Plaintiff now provides a complete internet address. Plaintiff argues that the article is self-authenticating under Fed. R. Evid. 902 as "analogous to" a newspaper or periodical, and that the data contained within the article came from the U.S. Small Business Association, a government source, and is self-authenticating under Fed. R. Evid. 902(5) (official government publication) or 902(6) (newspaper or periodical). However, Exhibit 48 cannot fall under Fed. R. Evid. 902(5) as it is not, itself, an official government publication. Whether an SBA record would be self-authenticating as an official government publication is irrelevant, because this is not what the Plaintiff has filed and

relied on. ProPublica is not a government organization. Further, the article notes on its face that the data provided "may not account for money not distributed to, or credit not used by, a given company[,]" and directs business owners to contact the SBA about incorrect information. In other words, ProPublica is not the owner of the data and has no control over its accuracy or content. Moreover, Plaintiff is attempting to use this article to prove the truth of its content, which is inadmissible hearsay. Plaintiff has not demonstrated that the ProPublica article can be presented in an admissible form at trial.

## COPPAGE DECLARATION (EXHBIT 46)

Tri Star has only moved to strike one paragraph of Kendall Coppage's declaration – paragraph 12, which states "I believe it was common knowledge in the office that Andrews has asthma." Plaintiff's sole argument for the inclusion of this paragraph is that it is based on Ms. Coppage's personal knowledge of her workplace. However, the plain language of her declaration simply does not support this, and her personal belief as to the knowledge of other Tri Star employees, which necessarily cannot be her own personal knowledge, is not admissible and can never be presented in an admissible form. *See Ondo v. City of Cleveland*, 795 F.3d 597, 605 (6th Cir. 2015).

## EXHIBITS 4, 10, 18, 23, 24, 25

Tri Star withdraws its Motion to Strike as to Exhibits 4, 10, 18, 23, 24, and 25.

## CONCLUSION

While Rule 56 may have been amended to relax evidentiary standards at the summary judgment stage, the amendment did not eliminate all evidentiary standards so that parties can submit "evidence" in any format, without even an indicia of reliability, to avoid summary judgment. Plaintiff bears the burden of demonstrating that the subject exhibits are admissible or

3

can be produced in an admissible form. She has not satisfied that burden. Thus, Exhibits 48-50 and paragraph 12 of Exhibit 46 should be stricken.

Respectfully Submitted,

/s/ Elizabeth G. Hart
THE SWAFFORD LAW FIRM, PLLC
Tara L. Swafford BPR # 17577
Thomas Anthony Swafford, BPR # 17578
Elizabeth G. Hart, BPR # 30070
321 Billingsly Court, Suite 19
Franklin, Tennessee 37067
Telephone: (615) 599-8406
Facsimile: (615) 807-2355
tara@swaffordlawfirm.com
tony@swaffordlawfirm.com
betsy@swaffordlawfirm.com

*Attorneys for Tri Star Sports &
Entertainment Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via the Court's Electronic Filing System on:

Daniel Eduardo Arciniegas
Arciniegas Law
1242 Old Hillsboro Road
The Atrium Building
Franklin Tennessee 37069
Daniel@attorneydaniel.com

on this 25th day of January 2023.

/s/     Elizabeth G. Hart
        Elizabeth G. Hart

4