IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTIE ANDREWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:21-cv-00526 |
| v. ) | |
| ) | |
| TRI STAR SPORTS AND ) | JUDGE RICHARDSON |
| ENTERTAINMENT GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is the motion (Doc. No. 60, the "Motion") of Defendant, Tri Star Sports and Entertainment Group, Inc. ("Tri Star"), to strike from the record exhibits 4, 10, 18, 23, 24, 25, 46,[1] 48, 49, and 50 submitted by Plaintiff in response to Defendant's motion (Doc. No. 38) for summary judgment. Plaintiff filed a response. (Doc. No. 64). Defendant filed a reply. (Doc. No. 65). In its reply, Defendant withdrew its motion to strike exhibits 4, 10, 18, 23, 24, and 25. (Doc. No. 65 at 3). Therefore, the Court considers only whether exhibits 48, 49, and 50, and part of Exhibit 46, should be stricken from the record. For the reasons stated herein, the Motion will be granted with respect to each of these four exhibits.

## DISCUSSION

**1. Exhibits 48, 49, 50**

Defendant argues that Exhibits 48 (Doc. No. 49-5), 49 (Doc. No. 49-6), and 50 (Doc. No. 49-7) should be stricken from the record because none of the exhibits are authenticated and all of

---

[1] As indicated below, Defendant seeks to strike only a single paragraph of Exhibit 46.

them contain inadmissible hearsay.[2] (Doc. No. 60 at 3–4). By contrast, Plaintiff asserts that the exhibits need not be provided in an admissible form when considered for summary judgment purposes as long as they are capable of being offered in admissible form at trial. (Doc. No. 64 at 3). Plaintiff goes on to argue that all three of the exhibits are capable of authentication. (*Id.*).

Exhibit 48 is an article from a website titled "Loutaylor.net." (Doc. No. 49-5). The article is titled "Taylor, The Hollywood Reporter's Business Manager Icon 2019, Built One of the Industry's Top Firms—Safeguarding Clients Like Steven Tyler, Florida Georgia Line, Priyanka Chopra Jones and Britney Spears: "I Work My Ass Off 24/7." (*Id.*). Exhibit 48 does not show when Plaintiff retrieved the article or who wrote the article.

Exhibit 49 is an article from an unknown website. (Doc. No. 49-6). The article is titled "Boxoffice Insider: Florida Georgia Line Tops $50 Million With World Tour." (*Id.*). The exhibit indicates that it was written by Bob Allen and was published on October 30, 2019. (*Id.*). The exhibit does not indicate when Plaintiff retrieved the article or the website from which the article was captured.

Exhibit 50 is an information page on Tri Star Sports and Entertainment Group, Inc. from the website ProPublica. (Doc. No. 49-7). The page purports to show loan information for loans held by Tri Star. (*Id.*). Following the information page, there is an unfilled form for the Paycheck Protection Program. (*Id.*). The exhibit does not indicate who provided this information to ProPublica, when it was retrieved by Plaintiff, or when the information was published. (*Id.*).

Plaintiff does not respond to Defendant's argument that the exhibits contain inadmissible hearsay. Plaintiff's failure to respond to Defendant's argument that these exhibits contain

---

[2] In other words, Defendant argues that the articles contain assertions that would be introduced to establish the truth of those assertions. Defendant does not specifically complain of "hearsay within hearsay," *i.e.*, does not claim that the articles include what the articles assert are statements of persons quoted or paraphrased in the article.

inadmissible hearsay and thus cannot be presented in an admissible form at trial is a sufficient basis on which to strike them from the record. As several courts have observed, a failure to respond to an argument raised in a motion is treated as a concession. *Cf. ARJN #3 v. Cooper*, 517 F. Supp. 3d 732, 750 (M.D. Tenn. 2021) ("Where a party fails to respond to an argument in a motion to dismiss, the Court assumed he concedes this point and abandons the claim.") (internal quotation marks omitted).

For completeness, however, the Court will address Defendant's alternative argument that the exhibits are not authenticated and therefore cannot be considered at the summary judgment stage. "The submissions by a party opposing a motion for summary judgment need not themselves be in a form that is admissible at trial." *See Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). "However, the party opposing summary judgment must show that she *can* make good on the promise of the pleadings by laying out enough evidence that *will be* admissible at trial to demonstrate that a genuine issue on a material fact exists, and that a trial is necessary." *Id.* (emphasis in original). As pointed out by Plaintiff, the 2010 amendment to Federal Rule of Civil Procedure 56 removed the requirement that "materials used at summary judgment to demonstrate a genuine dispute of material fact [] be authenticated." *See Stewart v. City of Memphis*, No. 2:16-cv-02574, 2019 WL 332812, at * 4 (W.D. Tenn. Jan. 25, 2019). Therefore, although a plaintiff need not provide the evidence to a court in admissible form at the summary judgment stage, a plaintiff must demonstrate that the evidence will be admissible at trial—including by authenticating the evidence.

As the court explained in *Rivera v. Inc. Village of Farmingdale*,

> The "bar for authentication" of the internet postings is "not particularly high," *i.e.,* a "reasonable likelihood" standard. *U.S. v. Gagliardi,* 506 F.3d 140, 151 (2d Cir.2007) (quotations omitted). "The testimony of a witness with knowledge that a matter is what it is claimed to be is sufficient to satisfy this standard." *Id.* (citing

> Fed. R. Evid. 901(b)(1)). As long as such testimony is sufficient, these postings should be admitted, "notwithstanding that [they] were editable." *Id.* (admitting the defendant's "e-mails and transcripts of instant-message chats," despite his claim that these messages were "not originals and could have been subject to editing," as third-party testimony indicated that these messages "were in fact accurate records").

29 F. Supp. 3d 121, 132 (E.D.N.Y. 2013). Plaintiff has failed to meet even this low bar. Plaintiff asserts that exhibit 48 is self-authenticating because although "[o]nly Ms. Taylor can speak to its authenticity [], the text is taken from the Hollywood Reporter, a reputable print publication." (Doc. No. 64 at 3). Plaintiff further contends that the Hollywood Reporter article on which the information contained in Exhibit 48 is based is self-authenticating under FRCP 902(6), which states that "printed material purporting to be a newspaper or periodical" is self-authenticating and therefore require no extrinsic evidence to authenticate. Fed. R. Civ. P. 902(6).

Plaintiff's argument is unavailing. As Defendant points out, there is no evidence in the record to support the proposition that Exhibit 48 is taken from an otherwise self-authenticating article contained in the Hollywood Reporter. Although Exhibit 48 contains a hyper-link that states "Read original article here," which then takes the reader to an article in the Hollywood Reporter, Exhibit 48 does not represent to be based on the Hollywood Reporter article. (Doc. No. 49-5 at 2). Moreover, Plaintiff must be able to authenticate Exhibit 48 *itself* and therefore cannot attempt to impute authenticity onto Exhibit 48 by the asserting that the Hollywood Reporter article on which Exhibit 48 is purportedly based is self-authenticating. Because Plaintiff has failed to demonstrate that Exhibit 48 can be provided in admissible form (*i.e.* authenticated) at trial, the Court finds that striking the exhibit is appropriate.

Plaintiff next contends that Exhibits 49 and 50 are "analogous to newspaper or other periodical materials" and therefore should be treated as self-authenticating under FRCP 902(6). (Doc. No. 64 at 3). Tellingly, Plaintiff does not contend that Exhibits 49 and 50 *are* newspapers or

periodicals that enjoy self-authentication under FRCP 902(6)—Plaintiff contends only that they are analogous to such materials. Plaintiff provides no support for her contention that materials that are *analogous* to newspapers or periodicals are covered by FRCP 902(6). The only authority cited by Plaintiff regarding online articles suggests that online *news* articles are treated as print articles for the purposes of authentication. (Doc. No. 64 at 3). However, as explained, Plaintiff does not contend that Exhibits 49 and 50 are news articles, only that they are analogous to a news article. The cited authority is thus not on-point.

To conclude, the Court declines to extend the self-authentication permitted under FRCP 902(6) to exhibits 49 and 50. Because Plaintiff has otherwise provided no indication that exhibits 49 and 50[3] can be authenticated as required to make them admissible at trial,[4] the Court finds that striking these exhibits is appropriate.

---

[3] Plaintiff also argues Exhibit 50 is based on "information that is publicly available through the U.S. Small Business Association," and therefore should be treated as an official government publication that is self-authenticating under FRCP 902(5). (Doc. No. 64 at 3). Curiously, Plaintiff provides no evidence that this is in fact true (*i.e.* Plaintiff does not provide a link or an additional exhibit to demonstrate that exhibit 50 is based on an official publication that is self-authenticating under FRCP 902(5)). Even if Plaintiff had provided such evidence, however, the Court declines to extend FRCP 902(5)'s self-authentication for official publications to publications that are merely based on such official publications. And Plaintiff provides no support for her contention that the Court should treat publications based on official publications as self-authenticating.

[4] Even if the articles could be authenticated, that would get them only so far towards admissibility. In particular, as noted above, authentication of the article would not suffice to overcome the hearsay problem. In addition, even if the articles somehow were not excluded by the rule against hearsay and could be authenticated—*i.e.*, sufficiently shown to be what Plaintiff purports them to be, *i.e.*, articles from a particular source—the articles still might be excludable in whole or in part under Rule 402, 403. They might also be excludable under Rule 602, because a hearsay statement is inadmissible unless it is "shown that the hearsay declarant had personal knowledge of the facts asserted in her statement. *See e.g.*, *Gainer v. Wal-Mart Stores E., L.P.*, 933 F. Supp. 2d 920, 929 (E.D. Mich. 2013) (quoting 27 Fed. Prac. & Proc. Evid. § 6026 (2d ed.)). Even if an article can be authenticated as coming from a particular publication, it does not follow that the author of the article had personal knowledge of every (or even any) fact asserted in the article.

## 2. Exhibit 46

Defendant moves to strike paragraph 12 of Exhibit 46 (Doc. No. 48-3 at 59) on the basis that the information contained therein lacks foundation and is not based on personal knowledge. (Doc. No. 60 at 5). Exhibit 46 is the declaration of Kendall Coppage, a former Tri Star employee. (Doc. No. 48-3). Paragraph 12 states, "I believe it was common knowledge in the office that Andrews [Plaintiff] had asthma." (Doc. No. 48-3 at 61). As for foundation, Defendant asserts that although Coppage states elsewhere in her declaration that she saw Plaintiff use her inhaler "on many occasions," Coppage does not specify that she was present when others saw Plaintiff use the inhaler. (Doc. No. 60 at 5). Defendant further contends that the statement is not based on personal knowledge because Coppage is testifying to the knowledge of others. (*Id.* at 5–6). In her response, Plaintiff does not address Defendant's argument that the statement lacks foundation. Plaintiff instead argues that Coppage's "knowledge about her workplace culture is her personal knowledge." (Doc. No. 64 at 4–5).

"Parties must demonstrate that their summary judgment affidavits are made on personal knowledge." *Giles v. University of Toledo*, 241 F.R.D. 466, 469 (N.D. Ohio 2007). "In order for inferences, thoughts, and opinions to be properly included in a Rule 56 affidavit, they must be premised on firsthand observations or personal experience, and established by specific facts." *Id.* Although Exhibit 46 is a declaration and not an affidavit, the Court concludes without difficulty that the standard set forth in *Giles* is equally applicable to declarations. Indeed, FRCP 56 requires that both affidavits and declarations offered to oppose a summary judgment motion must be made with personal knowledge. Fed. R. Civ. P. 56(c)(4).

The statement made in paragraph 12 of Coppage's declaration is not supported by specific facts that indicate that the information contained in the paragraph is based on "first hand

observations or personal experience." *See Giles*, 241 F.R.D. at 469. The declaration does not state that other individuals witnessed Plaintiff use her inhaler, nor does it otherwise supply any factual basis on which to find that Plaintiff had personal knowledge that others in the office knew that Plaintiff used her inhaler. Plaintiff's argument that the referenced "knowledge about [Coppage's] workplace culture" is personal knowledge (of Coppage) fails to address the issue that in paragraph 12, Coppage purports to testify about the knowledge of *others*. The Court also seriously queries whether Plaintiff's use of her inhaler constitutes "workplace culture." Even more to the point, the Court does not find that *other workers' knowledge* of Plaintiff's use of her inhaler constitutes "workplace culture"; thus, to say that Coppage has personal knowledge of her workplace culture is not to say that she has personal knowledge of other workers' knowledge of Plaintiff's use of her inhaler, which is the knowledge that matters here. The Court therefore finds that paragraph 12 of Coppage's declaration is unsupported by personal knowledge, and thus striking this paragraph is appropriate.

In summary, the Court finds that Exhibits 48, 49, and 50 must be stricken because Plaintiff has failed to demonstrate that these exhibits can be authenticated such as to make them admissible at trial. Paragraph 12 of Exhibit 46 will also be stricken because the declarant lacked personal knowledge as to the facts contained therein.

CONCLUSION

For the reasons stated herein, the Motion at Doc. No. 60 is GRANTED. Specifically, the Clerk SHALL strike Doc. Nos. 49-5, 49-6, and 49-7 from the record. The Clerk SHALL also strike paragraph 12 of Doc. No. 48-3 at 61.

IT IS SO ORDERED.

_____
ELI  RICHARDSON
UNITED STATES DISTRICT JUDGE