IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTIE ANDREWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:21-cv-00526 |
| v. ) | |
| ) | |
| TRI STAR SPORTS AND ) | JUDGE RICHARDSON |
| ENTERTAINMENT GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is Plaintiff's motion to file supplemental evidence. (Doc. No. 54, "Motion"). Specifically, Plaintiff requests leave to file the declaration of Elise St. Germain, a former employee of Defendant Tri Star Sports and Entertainment Group, Inc. ("TriStar"). (*Id.*). The Motion asserts that Plaintiff was not able to file the declaration before the deadline to do so because the declarant was ill and unavailable. (*Id.*). Defendant filed a response. (Doc. No. 56, "Response"). Plaintiff did not file a reply.

Defendant filed its motion for summary judgment on November 3, 2022. (Doc. No. 38). As Defendant points out, Plaintiff filed three motions for an extension to file her response brief (and therefore her evidence in support of the response brief).[1] (Doc. No. 41, 42, 43). The Court granted an extension, which set the due date for the response brief as December 8, 2022. (Doc. No.

---

[1] Although Plaintiff characterized her motion for an extension at Doc. No. 42 as a correction to her motion for an extension at Doc. No. 41, the Court construes each motion as a motion for an extension. The motion at Doc. No. 42 was filed four days after the filing of the motion at Doc. No. 41 and contains a requested due date one day later than the motion for an extension at Doc. No. 41.

66).[2] The original due date for the response brief was December 1, 2022. (Doc. No. 12). Therefore, from the time that the motion for summary judgment was filed to the time that Plaintiff had to file her response brief, Plaintiff had thirty-five days to organize the evidence she desired to rely on in support of her response. And if Plaintiff needed more time in order to timely file the declaration, Plaintiff could have moved for an additional extension for her response on the grounds that the declarant was ill and unavailable, but she did not do so. Moreover, Plaintiff did not file the motion for leave to file supplemental evidence until six days after she filed her response.

Importantly, in the Motion, Plaintiff provides no evidence to support her assertion that the declarant was ill and therefore was unavailable. Instead, she takes the inadequate approach of making the assertion made solely via her counsel's cursory statement in a brief, rather than properly supporting the assertion via an affidavit or declaration by the declarant (or some other person with personal knowledge of the illness). (Doc. No. 54). And once Defendant challenged that assertion in its Response, it was all the more incumbent upon Plaintiff to do so—and yet Plaintiff was unwilling or unable to do so.

Given that Plaintiff had over a month to obtain the declarant's statement prior to the applicable deadline and yet failed to meet such deadline or timely request an extension to it, the Court is not persuaded that Plaintiff has provided a sufficient justification to support her Motion. The Motion at Doc. No. 54 is DENIED.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[2] As explained in the order at Doc. No. 66, the Court granted Plaintiff's motion for an extension at Doc. No. 44 and terminated the two previously filed motions to extend the deadline as moot.