IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| **CHRISTIE ANDREWS,** | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 3:21-cv-00526 |
| | ) | |
| v. | ) | Judge Eli J. Richardson |
| | ) | Magistrate Judge Jefferey S. Frensley |
| **TRI STAR SPORTS AND** | ) | |
| **ENTERTAINMENT GROUP, INC.,** | ) | |
| | ) | JURY DEMAND |
| Defendant. | ) | |

**TRI STAR SPORTS AND ENTERTAINMENT GROUP, INC.'S
RENEWED MOTION TO SEAL PORTIONS OF EXHIBITS TO PLAINTIFF'S
RESPONSE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 5.03, the Protective Order entered on March 24, 2022 (Doc. 26), and this Court's April 26, 2023 Order denying without prejudice Defendant's Motion to Seal (Doc. 67), Defendant Tri Star Sports and Entertainment Group, Inc. ("Tri Star" or "Defendant") respectfully moves this Court to seal portions the documents listed below, which are attached to Plaintiff's response to Tri Star's Motion for Summary Judgment. An unredacted version of each document has been filed under seal contemporaneously with this Motion pursuant to Local Rule 5.03 and the Court's April 26 Order.

1. **Exhibit 6 to Plaintiff's Response**, Doc. 48-1, Page ID # 559-561. This document is a July 26, 2019 Email from Peggy Stephens, Exhibit 23 to Deposition of Heather Kinder, Aug. 25, 2022, bates numbered TRI STAR CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER 000161-162. (Filed contemporaneously as Sealed Exhibit A.)

2. **Exhibit 17 to Plaintiff's Response**, Doc. 48-2, Page ID ## 593-95. This document is a March 17, 2020 Email from Yolanda Simpson, Exhibit 3 to the Deposition of Lou Taylor,

1

Aug. 24, 2022, bates numbered TRI STAR CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER 000132-134. (Filed contemporaneously as Sealed Exhibit B.)

3. **Exhibit 19 to Plaintiff's Response**, Doc. 48-2, Page ID ## 600-01. This document is a March 17, 2020 Email from Lou Taylor, Exhibit 5 to the Deposition of Lou Taylor, Aug. 24, 2022, bates numbered TRI STAR CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER 000123-124. (Filed contemporaneously as Sealed Exhibit C.)

4. **Exhibit 20 to Plaintiff's Response**, Doc. 48-2, Page ID ## 603-04. This document is a March 18, 2020 Email from Bryan Luecke to Lou Taylor, Exhibit 4 to the Deposition of Lou Taylor, Aug. 24, 2022, bates numbered TRI STAR CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER 000135-136. (Filed contemporaneously as Sealed Exhibit D.)

5. **Exhibit 23 to Plaintiff's Response**, Doc. 48-2, Page ID ## 610-12. This document is a March 19, 2020 Email from Bryan Luecke to Lou Taylor, Aug. 24, 2022, bates numbered TRI STAR CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER 000113-15. (Filed contemporaneously as Sealed Exhibit E.)

6. **Exhibit 32 to Plaintiff's Response**, Doc. 48-3, Page ID # 638. This document is Tri Star's Covid-19 Tri Star WFH List, Exhibit 1 to the Deposition of Lou Taylor, Aug. 24, 2022, bates numbered TRI STAR CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER 000099. (Filed contemporaneously as Sealed Exhibit F.)

7. **Exhibit 34 to Plaintiff's Response**, Doc. 48-3, Page ID ## 640-54. This document is Tri Star's Responses to Plaintiff's First Set of Interrogatories, Exhibit 10 to the Deposition of Lou Taylor, Aug. 24, 2022. (Filed contemporaneously as Sealed Exhibit G.)

8. **Exhibit 40 to Plaintiff's Response**, Doc. 48-3, Page ID ## 685-88. This document is Tri Star's Supplemental Responses to Plaintiff's First Set of Interrogatories, Exhibit 15 to the Deposition of Lou Taylor, Aug. 24, 2022. (Filed contemporaneously as Sealed Exhibit H.)

In addition, Plaintiff has filed the following deposition testimony, which Tri Star requests be sealed:

1. Deposition of Lou Taylor, Aug. 24, 2022, Doc. 49-2 (filed contemporaneously as Sealed Exhibit I):

    a. Page 113, Lines 18 and 21 (Page ID # 846)

    b. Page 115, Lines 9-10 (Page ID # 848)

2. Deposition of Heather Kinder, Aug. 25, 2022, Doc. 49-8 (filed contemporaneously as Sealed Exhibit J):

    a. Page 54, Lines 22 and 24 (Page ID # 913)

    b. Page 66, Lines 4, 19 (Page ID # 921)

    c. Page 126, Line 12 (Page ID # 935)

Pursuant to Local Rule 5.03, Plaintiff filed redacted versions of these documents. An unredacted version of each has been filed under seal contemporaneously with this Motion. Tri Star requests that the unredacted versions be sealed.

## **LEGAL STANDARD**

This Court "has supervisory power over its own records and files[,]" and the decision as to whether a document should be sealed is left to the Court's discretion. *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473 (6th Cir. 1983) (string citation omitted). This discretion, however, is limited by "the presumptive right of the public to inspect and copy judicial documents and files." *Id.* at 473-74 (internal quotations and citations omitted). This right is not absolute and

3

comes with important exceptions by which the public's access to judicial records may be limited. In this Circuit, those exceptions fall into two categories: "(1) exceptions 'based on the need to keep order and dignity in the courtroom'; and (2) 'content-based exemptions,' which 'include certain privacy rights of participants or third parties, trade secrets, and national security.'" *Columbia Gas Transmission, LLC v. 171.54 Acres of Land, slip op.*, 2021 WL 4260422, *1 (S.D. Ohio Sept. 20, 2021) (quoting *Brown & Williamson Tobacco Corp.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). "'[T]rial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know.'" *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d at 474 (quoting *Brown & Williamson,* 710 F.2d at 1179). This is especially important when the privacy rights of third parties are at issue. *Id.* at 477, 478.

A party seeking leave to seal a document "must show (1) a compelling interest in sealing the records; (2) that the interests in sealing outweigh the public's right of access; and (3) that the proposed seal is narrowly-tailored." *O'Connor v. Lampo Group*, 2022 WL 3569588, *1 (M.D. Tenn. Aug. 18, 2022) (citations and internal quotations omitted). In this Circuit, "'the privacy interests of innocent third parties should weigh heavily in a court's balancing equation.'" *Id.* at *2 (citations and internal quotations omitted); *see also In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d at 477; *Columbia Gas Transmission*, 2021 WL 4260422 at *2 ("The Court finds that the strong policy and interest in protecting the non-disclosure of private health and medical information outweighs any public interest in disclosure of these materials in this case."); *Frohn v. Globe Life & Accident Ins. Co., slip op.*, 2022 WL 1555104, *1 (S.D. Ohio May 17, 2022).

4

**ARGUMENT**

1. **Documents Containing Private Health and Personnel Information of Third Parties Should Be Sealed.**

Five documents – Exhibits 17, 19, 20, 23 and 32 – contain the names and private health and personnel information of current and former Tri Star employees who are not parties to this litigation. Exhibit 32 is a spreadsheet used by Tri Star to track employee requests to work from home. It includes employees' first and last names, the reason for the request to work from home, notes regarding the individual's request, and the expected return to work date. Exhibits 17 and 19 are internal emails containing the same type of information – first and last names of employees who requested to work from home and the private reason supporting that request. The same information is contained in the deposition testimony of Lou Taylor at 113:18, 21 (Page ID # 846) and at 115:9-10 (Page ID # 848).

These documents identify Tri Star employees who requested to work from home at the beginning of the Covid-19 pandemic for a variety of reasons, including their own health or the health of someone they lived with. They identify these employees by first and last name and list the private reason why he or she requested to work from home. These individuals expected that this information would remain confidential and private, have not chosen to be a part of this litigation, and are not involved with the facts giving rise to this lawsuit. Further, the type of medical information contained in these documents is protected from disclosure by statutory and regulatory law. *See Johnson v. Evolent Health LLC, slip op.*, 2022 WL 71635, *2 (W.D. Ky. Jan. 6, 2022) ("This legal protection is typically enough to overcome the presumption of access." (internal quotations and citation omitted)). This is a compelling interest that justifies sealing the documents.

Further, the privacy rights of these nonparty individuals in the information contained in these documents outweigh the public's interest in these documents. This case stems from a single instance of alleged employment discrimination. It does not "involve issues crucial to the public[,]" such as allegations of systemic discrimination. *See Johnson*, 2022 WL 71635 at *2 (citation omitted). Thus, the public's interest in the subject matter of this litigation and the documents at issue is minimal. Finally, the proposed sealing is narrowly-tailored so that it protects the individual privacy interests at issue while preventing the public from viewing only minimal information contained in the judicial record.

2. **Heather Kinder's Deposition Testimony Contains Confidential Trade Secret Information and Should Be Sealed.**

Heather Kinder's deposition testimony at 54:22, 24 (Page ID # 913) contains billable rates Tri Star uses for its Team Coordinators, and the testimony at 66:4, 19 identifies a confidential client of Tri Star that was impacted by the Covid-19 pandemic. This is confidential trade secret information, a compelling interest justifying sealing these small portions of Ms. Kinder's testimony. As this information, like that above, has no bearing on the facts that gave rise to this litigation, the public's interest in viewing it is outweighed by Tri Star's interest in keeping it confidential. The request to seal is as narrow as possible, as only a few words are redacted, leaving the substance of the deposition testimony available to the public intact. For these reasons, Tri Star requests that these pages, if unredacted, be sealed.

3. **Private Personnel and Contact Information of Third Parties Should Be Sealed.**

Exhibits 34 and 40 contain personal email addresses and telephone numbers of former Tri Star employees who are not parties to this litigation. Exhibit 6 is an internal email regarding the salary of Plaintiff and another Tri Star employee who is not a party to this litigation. The document identifies this employee by first and last name and includes her salary. Heather Kinder's deposition

testimony at 126:12 (Page ID # 935) contains the same information.  As with the documents discussed above, these third parties have an interest in maintaining private contact and salary information as confidential. This is a compelling interest warranting sealing this record.  Further, the public has little interest in this information as it has no bearing on the merits of this litigation or on the outcome of Tri Star's motion for summary judgment.  Finally, the request to seal this document is narrowly tailored as the seal will result only in restricting the public's access to minimal, irrelevant information.

## CONCLUSION

For the reasons stated, Tri Star respectfully requests that the portions of exhibits and testimony listed above be sealed, if unredacted.  Tri Star further requests that the existing redactions remain in place on these publicly available documents.  This renewed motion did not change the substance of the originally filed motion.  Undersigned counsel consulted with counsel for Plaintiff regarding this motion when it was originally filed, and Plaintiff had no opposition.

Respectfully Submitted,

/s/ Elizabeth G. Hart
THE SWAFFORD LAW FIRM, PLLC
Tara L. Swafford BPR # 17577
Thomas Anthony Swafford, BPR # 17578
Elizabeth G. Hart, BPR # 30070
321 Billingsly Court, Suite 19
Franklin, Tennessee 37067
Telephone: (615) 599-8406
Facsimile: (615) 807-2355
tara@swaffordlawfirm.com
tony@swaffordlawfirm.com
betsy@swaffordlawfirm.com

*Attorneys for Tri Star Sports & Entertainment Group, Inc.*

## **CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing document has been served via the Court's Electronic Filing System on:

Daniel Eduardo Arciniegas
Arciniegas Law
1242 Old Hillsboro Road
The Atrium Building
Franklin Tennessee 37069
Daniel@attorneydaniel.com

on this 3rd day of May 2023.

            /s/  Elizabeth G. Hart
               Elizabeth G. Hart

8

Case 3:21-cv-00526   Document 70   Filed 05/03/23   Page 8 of 8 PageID #: 1108