IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| **CHRISTIE ANDREWS,** | ) | |
| | ) | |
| Plaintiff, | ) | **CASE NO. 3:21-cv-00526** |
| | ) | |
| v. | ) | **Judge Eli J. Richardson** |
| | ) | **Magistrate Judge Jefferey S. Frensley** |
| **TRI STAR SPORTS AND** | ) | |
| **ENTERTAINMENT GROUP, INC.,** | ) | |
| | ) | **JURY DEMAND** |
| Defendant. | ) | |

**TRI STAR SPORTS AND ENTERTAINMENT GROUP, INC.'S
SECOND RENEWED MOTION TO SEAL
EXHIBITS TO PLAINTIFF'S RESPONSE IN OPPOSITION TO
MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 5.03, the Protective Order entered on March 24, 2022 (Doc. 26), and this Court's May 17, 2023 Order denying without prejudice Defendant's Renewed Motion to Seal (Doc. 72), Defendant Tri Star Sports and Entertainment Group, Inc. ("Tri Star" or "Defendant") respectfully moves this Court to seal the documents listed below, which have been filed under seal at Doc. Nos. 71 – 1-10. Pursuant to Local Rule 5.03, redacted versions of these documents are attached to Plaintiff's Response to Tri Star's Motion for Summary Judgment ("Plaintiff's Response"). Tri Star requests that Doc. Nos. 71 – 1-10, as identified below, be sealed in the Court's record.

1. **Sealed Exhibit A (Doc. 71-1).** This document is a July 26, 2019 Email from Peggy Stephens, Exhibit 23 to Deposition of Heather Kinder, Aug. 25, 2022, bates numbered TRI STAR CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER 000161-162 and TRISTAR00131. Per Local Rule 5.03, a redacted version of this document was filed as

1

Exhibit 6 to Plaintiff's Response, which can be found in the Court's record at Doc. 48-1, Page ID # 559-561.[1]

2. **Sealed Exhibit B (Doc. 71-2).** This document is a March 17, 2020 Email from Yolanda Simpson, Exhibit 3 to the Deposition of Lou Taylor, Aug. 24, 2022, bates numbered TRI STAR CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER 000132-134. Per Local Rule 5.03, a redacted version of this document was filed as Exhibit 17 to Plaintiff's Response, which can be found in the Court's record at Doc. 48-2, Page ID ## 593-95.

3. **Sealed Exhibit C (Doc. 71-3).** This document is a March 17, 2020 Email from Lou Taylor, Exhibit 5 to the Deposition of Lou Taylor, Aug. 24, 2022, bates numbered TRI STAR CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER 000123-124. Per Local Rule 5.03, a redacted version of this document was filed as Exhibit 19 to Plaintiff's Response, which can be found in the Court's record at Doc. 48-2, Page ID ## 600-01.

4. **Sealed Exhibit D (Doc. 71-4).** This document is a March 18, 2020 Email from Bryan Luecke to Lou Taylor, Exhibit 4 to the Deposition of Lou Taylor, Aug. 24, 2022, bates numbered TRI STAR CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER 000135-136. Per Local Rule 5.03, a redacted version of this document was filed as Exhibit 20 to Plaintiff's Response, which can be found in the Court's record at Doc. 48-2, Page ID ## 603-04.

5. **Sealed Exhibit E (Doc. 71-5).** This document is a March 19, 2020 Email from Bryan Luecke to Lou Taylor, Aug. 24, 2022, bates numbered TRI STAR CONFIDENTIAL

---

[1] Page ID # refers to the page numbers in the Court record, which are added to the bottom right of each document after it has been filed, beginning with the first document filed in the case and continuing consecutively with each document that is filed thereafter. The Page ID #s listed refer to the redacted versions of the documents at issue, which were filed as exhibits to Plaintiff's Response to Tri Star's Motion for Summary Judgment pursuant to Local Rule 5.03, so that the Court can see which parts of the documents at issue have been redacted.

SUBJECT TO PROTECTIVE ORDER 000113-15. Per Local Rule 5.03, a redacted version of this document has been filed as Exhibit 23 to Plaintiff's Response, which can be found in the Court's record at Doc. 48-2, Page ID ## 610-12.

6. **Sealed Exhibit F (Doc. 71-6).** This document is Tri Star's Covid-19 Tri Star WFH List, Exhibit 1 to the Deposition of Lou Taylor, Aug. 24, 2022, bates numbered TRI STAR CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER 000099. Per Local Rule 5.03, a redacted version of this document has been filed as Exhibit 32 to Plaintiff's Response, which can be found in the Court's record at Doc. 48-3, Page ID # 638.

7. **Sealed Exhibit G (Doc. 71-7).** This document is Tri Star's Responses to Plaintiff's First Set of Interrogatories, Exhibit 10 to the Deposition of Lou Taylor, Aug. 24, 2022. Per Local Rule 5.03, a redacted version of this document has been filed as Exhibit 34 to Plaintiff's Response, which can be found in the Court's record at Doc. 48-3, Page ID ## 640-54.

8. **Sealed Exhibit H (Doc. 71-8).** This document is Tri Star's Supplemental Responses to Plaintiff's First Set of Interrogatories, Exhibit 15 to the Deposition of Lou Taylor, Aug. 24, 2022. Per Local Rule 5.03, a redacted version of this document was filed as Exhibit 40 to Plaintiff's Response, which can be found in the Court's record at Doc. 48-3, Page ID ## 685-88.

9. **Sealed Exhibit I (Doc. 71-9).** Deposition of Lou Taylor, Aug. 24, 2022, pp. 113 and 115. Per Local Rule 5.03, a redacted version of this document has been filed with Plaintiff's Response and can be found in the Court's record at Doc. 49-2, Page ID ## 846 and 848.

10. **Sealed Exhibit J (Doc. 71-10).** Deposition of Heather Kinder, Aug. 25, 2022, pp. 54, 66, and 126. Per Local Rule 5.03, a redacted version of this document has been filed with

Plaintiff's Response and can be found in the Court's record at Doc. 49-8, Page ID ## 913, 921 and 935.

## **LEGAL STANDARD**

This Court "has supervisory power over its own records and files[,]" and the decision as to whether a document should be sealed is left to the Court's discretion. *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473 (6th Cir. 1983) (string citation omitted). This discretion, however, is limited by "the presumptive right of the public to inspect and copy judicial documents and files." *Id.* at 473-74 (internal quotations and citations omitted). This right is not absolute and comes with important exceptions by which the public's access to judicial records may be limited. In this Circuit, those exceptions fall into two categories: "(1) exceptions 'based on the need to keep order and dignity in the courtroom'; and (2) 'content-based exemptions,' which 'include certain privacy rights of participants or third parties, trade secrets, and national security.'" *Columbia Gas Transmission, LLC v. 171.54 Acres of Land, slip op.*, 2021 WL 4260422, *1 (S.D. Ohio Sept. 20, 2021) (quoting *Brown & Williamson Tobacco Corp v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). "'[T]rial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know.'" *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d at 474 (quoting *Brown & Williamson,* 710 F.2d at 1179). This is especially important when the privacy rights of third parties are at issue. *Id.* at 477, 478.

A party seeking leave to seal a document "must show (1) a compelling interest in sealing the records; (2) that the interests in sealing outweigh the public's right of access; and (3) that the proposed seal is narrowly-tailored." *O'Connor v. Lampo Group*, 2022 WL 3569588, *1 (M.D. Tenn. Aug. 18, 2022) (citations and internal quotations omitted). In this Circuit, "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Id.* at *2

4

(citations and internal quotations omitted); *see also In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d at 477; *Columbia Gas Transmission*, 2021 WL 4260422 at *2 ("The Court finds that the strong policy and interest in protecting the non-disclosure of private health and medical information outweighs any public interest in disclosure of these materials in this case."); *Frohn v. Globe Life & Accident Ins. Co., slip op.*, 2022 WL 1555104, *1 (S.D. Ohio May 17, 2022).

## ARGUMENT

### 1. Documents Containing Private Health and Personnel Information of Third Parties Should Be Sealed.

Five documents – Sealed Exhibits B, C, D, E and F (Docs. 71- 2-6) – contain the names and private health and personnel information of current and former Tri Star employees who are not parties to this litigation. Sealed Exhibit F (Doc. 71-6) is a spreadsheet used by Tri Star to track employee requests to work from home. It includes employees' first and last names, the reason for the request to work from home, notes regarding the individual's request, and the expected return to work date. Sealed Exhibits B and C (Docs. 71-2 and 71-3) are internal emails containing the same type of information – first and last names of employees who requested to work from home and the private reason supporting that request. The same information is contained in the deposition testimony of Lou Taylor at 113:18, 21 and 115:9-10 (Sealed Exhibit I, Doc. 71-9).

These documents identify Tri Star employees who requested to work from home at the beginning of the Covid-19 pandemic for a variety of reasons, including their own health or the health of someone they lived with. They identify these employees by first and last name and list the private reason why he or she requested to work from home. These individuals expected that this information would remain confidential and private, have not chosen to be a part of this litigation, and are not involved with the facts giving rise to this lawsuit. Further, the type of medical information contained in these documents is protected from disclosure by statutory and

regulatory law. *See Johnson v. Evolent Health LLC, slip op.*, 2022 WL 71635, *2 (W.D. Ky. Jan. 6, 2022) ("This legal protection is typically enough to overcome the presumption of access." (internal quotations and citation omitted)). This is a compelling interest that justifies sealing the documents.

Further, the privacy rights of these nonparty individuals in the information contained in these documents outweigh the public's interest in these documents. This case stems from a single instance of alleged employment discrimination. It does not "involve issues crucial to the public[,]" such as allegations of systemic discrimination. *See Johnson*, 2022 WL 71635 at *2 (citation omitted). Thus, the public's interest in the subject matter of this litigation and the documents at issue is minimal. Finally, the proposed sealing is narrowly-tailored so that it protects the individual privacy interests at issue while preventing the public from viewing only minimal information contained in the judicial record.

**2. Heather Kinder's Deposition Testimony Contains Confidential Trade Secret Information and Should Be Sealed.**

Heather Kinder's deposition testimony (Sealed Exhibit J, Doc. 71-10) at 54:22, 24 contains billable rates Tri Star uses for its Team Coordinators, and the testimony at 66:4, 19 identifies a confidential client of Tri Star that was impacted by the Covid-19 pandemic. This is confidential trade secret information, a compelling interest justifying sealing these small portions of Ms. Kinder's testimony. As this information, like that above, has no bearing on the facts that gave rise to this litigation, the public's interest in viewing it is outweighed by Tri Star's interest in keeping it confidential. The request to seal is as narrow as possible, as only a few words are redacted in the publicly available version, leaving the substance of the deposition testimony available to the public intact. For these reasons, Tri Star requests that these pages be sealed.

6

Case 3:21-cv-00526   Document 73   Filed 05/18/23   Page 6 of 8 PageID #: 1171

**3. Private Personnel and Contact Information of Third Parties Should Be Sealed.**

Sealed Exhibits G and H (Docs. 71-7 and 71-8) contain personal email addresses and telephone numbers of former Tri Star employees who are not parties to this litigation. Sealed Exhibit A (Doc. 71-1) is an internal email regarding the salary of Plaintiff and another Tri Star employee who is not a party to this litigation. The document identifies this employee by first and last name and includes her salary. Heather Kinder's deposition testimony (Sealed Exhibit J, Doc. 71-10) at 126:12 contains the same information. As with the documents discussed above, these third parties have an interest in maintaining private contact and salary information as confidential. This is a compelling interest warranting sealing this record. Further, the public has little interest in this information as it has no bearing on the merits of this litigation or on the outcome of Tri Star's motion for summary judgment. Finally, the request to seal this document is narrowly tailored as the seal will result only in restricting the public's access to minimal, irrelevant information.

## CONCLUSION

For the reasons stated, Tri Star respectfully requests that the exhibits and testimony listed above be sealed. Tri Star further requests that the existing redactions remain in place on these publicly available documents. This second renewed motion did not change the substance of the originally filed motion. Undersigned counsel consulted with counsel for Plaintiff regarding this motion when it was originally filed, and Plaintiff had no opposition.

Respectfully Submitted,

/s/ Elizabeth G. Hart
THE SWAFFORD LAW FIRM, PLLC
Tara L. Swafford BPR # 17577
Thomas Anthony Swafford, BPR # 17578
Elizabeth G. Hart, BPR # 30070
321 Billingsly Court, Suite 19
Franklin, Tennessee 37067
Telephone: (615) 599-8406
Facsimile: (615) 807-2355
tara@swaffordlawfirm.com
tony@swaffordlawfirm.com
betsy@swaffordlawfirm.com

*Attorneys for Tri Star Sports & Entertainment Group, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served via the Court's Electronic Filing System on:

Daniel Eduardo Arciniegas
Arciniegas Law
1242 Old Hillsboro Road
The Atrium Building
Franklin Tennessee 37069
Daniel@attorneydaniel.com

on this 18th day of May 2023.

/s/   Elizabeth G. Hart
      Elizabeth G. Hart