IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTIE ANDREWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:21-cv-00526 |
| v. ) | |
| ) | |
| TRI STAR SPORTS AND ) | JUDGE RICHARDSON |
| ENTERTAINMENT GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

Pending before the Court is Defendant's unopposed motion (Doc. No. 73, "Motion") to seal portions of exhibits to Plaintiff's response in opposition to Defendant's motion for summary judgment. For the reasons stated herein, the Motion will be granted.

There is a strong presumption for court records to be open to the public, and thus there is a heavy burden to show why any records should be sealed. *See, e.g., Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176-79 (6th Cir. 1983). "To meet this burden, the party seeking a seal must show (1) a compelling interest in sealing the records; (2) that the interests in sealing outweigh the public's right of access; and (3) that the proposed seal is narrowly-tailored." *Durbin v. C&L Tiling Inc.*, No. 3:18-CV-334-RGJ, 2019 WL 4615409, at *14 (W.D. Ky. Sept. 23, 2019) (citing *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593-94 (6th Cir. 2016)).

The Sixth Circuit has noted that "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 308 (6th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044,

1050 (2d Cir. 1995)). However, "[t]he public has a strong interest in obtaining the information contained in the court record [and] ... in ascertaining what evidence and records the District Court [ ] relied upon in reaching [its] decisions." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983).

The Sixth Circuit has also recognized that trade secrets will generally satisfy a party's burden of showing a compelling reason for sealing documents. *See Kondash v. Kia Motors America, Inc.*, 767 F. App'x 635, 638 (6th Cir. 2019). Nonetheless, "even if a district court finds that a trade secret exists, it must still determine whether public interest outweighs the moving party's interests in protecting their trade secret." *See id.*

Defendant requests that the Court seal or redact exhibits or portions of exhibits that contain personal health information of third parties, the contact information of former employees of Defendant, and in some instances, the names of third parties. Defendant also requests that the Court redact information regarding particular employees' billing rates, the name of Defendant's client, and information pertaining to Defendant's business during the COVID-19 pandemic. (Doc. No. 73). The Court has reviewed the exhibits and the portions thereof which Defendant seeks to redact and agrees with Defendant that the information contained therein is either private information of third parties or information pertaining to trade secrets. The Court finds that the privacy interests of the third parties and the interests in protecting trade secrets outweighs the public's interest in accessing the information. The Court also finds that the requests to seal or redact are narrowly tailored.

As a result, each of the exhibits that Defendant filed under seal, and seeks via the Motion to keep under seal, shall remain under seal. The Court will separately enter a corresponding order which specifies (a) those exhibits as to which no redacted version needs to be publicly filed

(because the filing of a redacted version would be "impracticable," M.D. Tenn. LR 5.03, given that the portion not subject to redaction would be would negligible or immaterial); and (b) as to remaining exhibits, what redactions are permissible in the redacted version that must be publicly filed.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE